# EXHIBIT A
# PART 1 OF 12

Case:D-1-GN-12-003588 with (89) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 11/13/20... | PET-PL ... | ORIG PETITION W/JURY DEMAND | PLAINTIFFS' ORIGINAL PETITION AND VERIFIED APPLICATION FOR I NJUNCTIVE RELIEF |
| 11/27/20... | SRVPRO... | EXE SERVICE OF CITATION | AMERIPRISE FINANCIAL SERVICES, INC. |
| 12/11/20... | SRVPRO... | EXE SERVICE OF CITATION | AMERIPRISE FINANCIAL, INC. |
| 12/11/20... | SRVPRO... | EXE SERVICE OF CITATION | AMERICAN ENTEPRISE INVESTMENT SERVICES, INC. |
| 1/4/2013 | ANS-RES... | ORIGINAL ANSWER | DEFENDANTS' ORIGINAL ANSWER |
| 2/21/2013 | NOTICE ... | NTC:ATTORNEY/COUNSEL | NOTICE OF CHANGE OF ADDRESS |
| 2/21/2013 | MOTION ... | MTN:OTHER MOTION | MOTION TO QUASH ORAL DEPOSITION OF RANDY KUPPER |
| 2/21/2013 | MOTION ... | MTN:OTHER MOTION | MOTION TO QUASH ORAL DEPOSITION OF MICHAEL NEWMAN |
| 2/26/2013 | NOTICE ... | NTC:HEARING/SETTING | NOTICE OF TRIAL SETTING |
| 2/26/2013 | NOTICE ... | NTC:HEARING/SETTING | NOTICE OF TEMPORARY INJUNCTION HEARING |
| 3/21/2013 | NOTICE ... | NTC:HEARING/SETTING | AMENDED NOTICE OF TEMPORARY INJUNCTION HEARING |
| 3/27/2013 | MOTION ... | MTN:SUB & OR WITHDRAW COUNSEL | UNOPPOSED MOTION TO SUBSTITUTE COUNSEL |
| 3/28/2013 | ORD ... | ORD:SUB & OR WITHDRAW COUNSEL | AGREED ORDER GRANTING MOTION TO SUBSTITUTE COUNSEL |
| 4/16/2013 | PET-PL ... | COUNTERCLAIM | DEFENDANTS' ORIGINAL COUNTERCLAIM AND APPLICATION FOR    TEMPORARY AND PERMANENT INJUNCTIVE RELIEF |
| 4/26/2013 | MOTION ... | MTN:COMPEL/SANCTIONS | DEFENDANT'S MOTION TO OVERRULE OBJECTIONS AND TO COMPEL    DISCOVERY RESPONSES AND DEPOSITIONS |
| 4/29/2013 | MOTION ... | MTN:OTHER MOTION | PETER M LANCASTER'S UNOPPOSED MOTION FOR ADMISSION PRO HAC   VICE |
| 4/29/2013 | MOTION ... | MTN:OTHER MOTION | UNOPPOSED MOTION IN SUPPORT OF PETER M LANCASTER'S MOTION   FOR ADMISSION POR HAC VICE |
| 4/29/2013 | MOTION ... | MTN:OTHER MOTION | HEATHER D REDMOND'S UNOPPOSED MOTION FOR ADMISSION PRO HAC  VICE |
| 4/29/2013 | MOTION ... | MTN:OTHER MOTION | UNOPPOSED MOTION IN SUPPORT OF HEATHER D REDMOND'S MOTION   FOR ADMISSION PRO HAC VICE |
| 5/3/2013 | PET-PL ... | AMENDED PETITION | PLAINTIFF'S FIRST AMENDED COMPLAINT AND APPLICATIONS FOR    PRELIMINARY INJUNCTION |
| 5/3/2013 | ORD ... | ORD:OTHER ORDER | ORDER GRANTING HEATHER D. REDMOND PRO HAC VICE |
| 5/3/2013 | ORD ... | ORD:OTHER ORDER | ORDER GRANTING PETER M. LANCASTER PRO HAC VICE |
| | | Judges Notes/Comments | |
| 5/7/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO OVERRULE    OBJECTIONS AND TO COMPEL DISCOVERY RESPONSES AND    DEPOSITIONS |
| 5/8/2013 | ORD ... | ORD:OTHER ORDER | ORDER |
| 5/23/2013 | ANS-RES... | OTHER ANSWER/RESPONSE | PLAINTIFFS' ANSWER, SPECIFIC DENIALS AND AFFIRMATIVE DEFENSE S TO DEFENDANT'S COUNTERLAIM |
| 5/24/2013 | MOTION ... | MTN:SUMMARY JUDGMENT | PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNT ERCLAIM FOR BREACH OF WARRANTY |
| 5/24/2013 | NOTICE ... | NTC:HEARING/SETTING | NOTICE OF HEARING |
| 5/31/2013 | NOTICE ... | NTC:HEARING/SETTING | AMENDED NOTICE OF HEARING |
| 6/5/2013 | MOTION | MTN:OTHER MOTION | THIRD PARTY MCCAMISH SYSTEMS LLC'S MOTION TO QUASH    PLAINTIFF'S NOTICE OF INTENT TO TAKE CORPORATE       REPRESENTATIVE DEPOSITION AND SUBPOENA DUCES TECUM AND |
| 6/5/2013 | NOTICE ... | NTC:HEARING/SETTING | NOTICE OF HEARING |
| 6/7/2013 | NOTICE ... | NTC:HEARING/SETTING | SECOND AMENDED NOTICE OF TEMPORARY INJUNCTION HEARING |
| 6/10/2013 | ANS-RESP | RESPONSE TO MOTION/PLEADING | PLAINTIFF'S REPLY IN OPPOSITION TO MCCAMISH SYSTEMS MOTION   TO QUASH AND FOR A PROTECTIVE ORDER AND MOTION TO COMPEL   COMPLIANCE WITH SUBPOENA TO MCCAMISH SYSTEMS |
| 6/12/2013 | MOTION ... | MTN:OTHER MOTION | MOTION TO QUASH NOTICE OF DEPOSITION |
| 6/12/2013 | MOTION ... | MTN:ENTER JUDGMENT/SIGN ORDER | MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER |
| 6/13/2013 | ORD ... | ORD:OTHER ORDER | AGREED PROTECTIVE ORDER |
| 6/12/2013 | OTHER ... | LETTER | FROM JUDGE LIVINGSTON |
| 6/12/2013 | OTHER ... | LETTER | TRAVIS C. BARTON |
| 6/19/2013 | MOTION ... | MTN:MULTIPLE CIVIL MOTIONS | DEFENDANT'S FIRST AMENDED COUNTERCLAIM AND APPLICATION FOR  TEMPORARY AND PERMANENT INJUNCTION R... |
| 6/19/2013 | ANS-RESP | RESPONSE SUMMARY JUDGMENT MT... | AMERIPRISE'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY    JUDGMENT ON DEFENDANT'S COUNTERCLAIM FOR BREACH OF WARRANTY |
| 6/19/2013 | NOTICE ... | NTC:HEARING/SETTING | PUBLIC NOTICE OF HEARING ON MOTION TO SEAL COURT RECORDS |
| 6/19/2013 | ORD ... | ORD:OTHER ORDER | ORDER ON AGREED TEMPORARY MOTION TO SEAL COURT RECORDS |

Case:D-1-GN-12-003588 with (89) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 6/21/2013 | MOTION | MTN:COMPEL/SANCTIONS | PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF A CORPORATE    REPRESENTATIVE AND EXCLUDE EVIDENCE AT TEMPORARY INJUNCTION |
| 6/21/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF A CORPORATE REPRESENTATIVE AND EXCLUDE EVIDENCE AT   TEMPORARY INJUNCTION |
| 6/24/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFF'S MOTION TO QUASH THE ORAL AND VIDEOTAPED   DEPOSITION OF KENNETH BRIDGEMAN |
| 6/26/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPELL PRODUCTIO N OF NON-PRIVILEGED DOCUMENT |
| 6/26/2013 | MOTION | MTN:COMPEL/SANCTIONS | PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NON PRIVILEGED DO CUMENT |
| 6/26/2013 | NOTICE | NTC:HEARING/SETTING | AMENDED NOTICE OF HEARING ON PLAINTIFFS MOTION TO COMPEL DES POSTION OF A CORPORATE REPRESENTATIVE AND EXCLUDE EVIDENCE A T TEMPORARY INJUNCTION |
| 6/27/2013 | ORD | ORD:TEMPORARY INJUNCTION | STIPULATED TEMPORARY INJUNCTION ORDER |
| 7/2/2013 | MOTION | MTN:OTHER MOTION | PLAINTIFFS JOINDER IN SUPPORT OF AGREED TEMPORARY MOTION TO SEAL COURT RECORDS |
| 7/3/2013 | ORD | ORD:OTHER ORDER | ORDER PERMANENTLY SEALING DOCUMENTS |
| 7/24/2013 | MOTION | MTN:SUMMARY JUDGMENT | DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| 7/24/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING |
| 8/5/2013 | OTHER | RULE 203.2 CERTIFICATE | SCOTT BRIGHTON |
| 8/5/2013 | OTHER | RULE 203.2 CERTIFICATE | VERSATA SOFTWARE INC |
| 8/1/2013 | OTHER | RULE 203.2 CERTIFICATE | STEVEN MITCHELL STRAUSS (SIGNATURE PAGE) |
| 8/9/2013 | NOTICE | NTC:HEARING/SETTING | AMENDED NOTICE OF HEARING |
| 8/13/2013 | OTHER | RULE 203.2 CERTIFICATE | BRYAN P DOHERTY |
| 8/13/2013 | OTHER | RULE 203.2 CERTIFICATE | RICHARD RYAN MACOMB |
| 8/19/2013 | MOTION | MTN:SUMMARY JUDGMENT | DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| 8/22/2013 | ANS-RESP | AMENDED/SUPPLEMENTED ANSWER | PLAINTIFFS' FIRST AMENDED ANSWER, SPECIFIC DENIALS AND AFFIR MATIVE DEFENSES TO DEFENDANTS'S FIRST AMENDED COUNTERCLAIMS |
| 8/22/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING ON PLAINTIFFS' OBJECTIONS TO AMERIPRISE'S  SUMMARY JUDGMENT EVIDENCE |
| 8/22/2013 | ANS-RES... | RESPONSE SUMMARY JUDGMENT MT... | PLAINTIFFS' OBJECTIONS TO AMERIPRISE'S SUMMARY JUDGMENT EVID ENCE |
| 8/22/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING ON PLAINTIFFS' SPECIAL EXCEPTIONS TO DEFEN DANTS' MOTION FOR PARTIAL SUMMARY JUDG... |
| 8/22/2013 | ANS-RESP | RESPONSE SUMMARY JUDGMENT MT... | PLAINTIFFS' RESPONSE TO PLAINTIFFS' SPECIAL EXCEPTIONS TO PARTIAL SUMMA RY JUDGMENT AND SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR  PARTIAL SUMMARY JUDGMENT |
| 9/10/2013 | NOTICE | NTC:OTHER NOTICE | PLAINTIFFS' NOTICE OF FILING RULE 11 AGREEMENT |
| 9/19/2013 | MOTION | MTN:COMPEL/SANCTIONS | DEFENDANT'S MOTION TO COMPEL DOCUMENT PRODUCTION AND TO    QUASH DEPOSITION NOTICE |
| 9/25/2013 | OTHER | RULE 11 AGREEMENT | DEFENDANTS' NOTICE OF FILING RULE 11 AGREEMENT |
| 9/25/2013 | MOTION | MTN:CONTINUANCE | DEFENDANTS' FIRST MOTION FOR CONTINUANCE OF TRIAL SETTING |
| 10/4/2013 | NOTICE | NTC:OTHER NOTICE | PLAINTIFFS NOTICE OF FILING RULE 11 AGREEMENT (SIGNED RULE  11 AGREEMENT ATTACHED) |
| 10/31/20... | SRVPRO... | EXE SERVICE OF SUBPOENA | XIMPLEWARE CORP. |
| 10/31/20... | PET-PL | COUNTERCLAIM | DEFENDANTS FIRST AMENDED COUNTERCLAIM AND APPLICATION FOR TE MPORARY AND PERMANENT INJUNCTIVE RE... |
| 11/8/2013 | MOTION | MTN:COMPEL/SANCTIONS | PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO   TATA CONSULTANCY SERVICE LTD |
| 11/8/2013 | NOTICE | NTC:HEARING/SETTING | NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO TATA CONSULTANCY SER... |
| 11/14/20... | NOTICE | NTC:ATTORNEY/COUNSEL | NOTICE OF APPEARANCE |
| 11/14/20... | MOTION | MTN:CONTINUANCE | MOTION FOR CONTINUANCE |
| 11/12/20... | OTHER | OTHER FILING | ATTACHMENT TO DEPOSITION - SIGNATURES |
| 11/12/20... | OTHER | RULE 203.2 CERTIFICATE | DEPOSITION OF MCCAMISH SYSTEMS LLC. |
| 11/22/201 3 | ANS-RESP | OBJECTIONS | NON-PARTY CONSULTANCY SERVICES LTD'S OBJECTIONS AND MOTION   FOR PROTECTION REGARDING THE SUBPOENA DEPOSITION TO TESTIFY AND/OR PRODUCE DOCUMENTS OR THINGS |
| 11/15/20... | OTHER | OTHER FILING | DEPOSITION OF PRAVEN RAMACHANDRA |
| 12/3/2013 | ANS-RES... | OTHER ANSWER/RESPONSE | NON PARTY TATA CONSULTANCY SERVICES LTD'S OPPOSISTION TO PLA INTIFFS MOTION TO COMPEL COMPLIANCE WI... |
| 12/16/20... | OTHER | RULE 203.2 CERTIFICATE | RULE 203 CERTIFICATE |
| 12/20/20... | PET-PL | AMENDED PETITION | PLAINTIFFS' SECOND AMENDED PETITION AND APPLICATION FOR TEMP ORARY INJUNCTION |

Case:D-1-GN-12-003588 with (89) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 12/20/20… | ANS-RES… | AMENDED/SUPPLEMENTED ANSWER | PLAINTIFFS' SECOND AMENDED ANSWER, SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES |
| 12/20/20… | OTHER … | AFFIDAVIT | DECLARATION OF SCOTT BRIGHTON |
| 12/26/20… | SRVPRO… | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-IRON MOUNTAIN INCORPORATED |
| 12/23/20… | ANS-RES… | AMENDED/SUPPLEMENTED ANSWER | DEFENDANTS' FIRST SUPPLEMENTAL ANSWER |
| 12/26/20… | ANS-RES… | OBJECTIONS | DEFENDANTS' OBJECTIONS TO WRITTEN QUESTIONS TO COPORATE REPRESENTATIVE OF TATA CONSULTANCY SER… |
| 12/23/20… | OTHER … | RULE 203.2 CERTIFICATE | LEELA KAZA |



Filed
12 November 13 P10:55
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT OF |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
|       Plaintiffs, | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | |
|       Defendants. | § | 53RD  JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") respectfully file this Original Petition for breach of contract, misappropriation of trade secrets, and injunctive relief against Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise").

## DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.3, Versata intends to conduct discovery under Level 2.

## PARTIES

2.    Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3.      Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

4.      Defendant Ameriprise Financial, Inc. is a Delaware corporation with its principal place of business at 1099 Ameriprise Financial Center, Minneapolis, MN 55474.

5.      Defendant Ameriprise Financial, Inc. may be served with process through its President, William Frederick Truscott, 707 2nd Ave. South, Minneapolis, MN 55474.

6.      Defendant Ameriprise Financial Services, Inc. is a Delaware corporation with its principal place of business at 707 2nd Ave. South, Minneapolis, MN 55474.

7.      Defendant Ameriprise Financial Services, Inc. may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

8.      Defendant American Enterprise Investment Services, Inc. is a Minnesota corporation with its principal place of business at 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

9.      Defendant American Enterprise Investment Services, Inc. may be served with process through its President, John Iachello, 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

## JURISDICTION AND VENUE

10.     This Court has general jurisdiction over Defendants because they have continuous and systematic contacts with Texas. Among other things, Defendants have property and employees throughout Texas; Defendants handle millions of dollars in financial transactions each year in Texas; and Defendants regularly conduct business throughout the state.

2

11.     This Court has specific jurisdiction over Defendants because the contract at issue was wholly or partially negotiated in Texas; the software at issue was developed in Texas; the parties' relationship centers around Texas; and Defendants have used the software to process compensation paid to Texas.

12.     This Court has subject matter jurisdiction because the amount in controversy exceeds the jurisdictional requirements of this Court.

## VENUE

In accordance with Section 15.002 of the Texas Civil Pactice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal office is in Travis County.

## FACTS

**A.     Ameriprise's use of Versata's Enterprise Software**

13.     Ameriprise is one of the country's largest financial services companies and has $631 billion in assets under management.

14.     With a network of approximately 10,000 advisors throughout the United States, Ameriprise provides a wide variety of investment, annuity, insurance, banking and other financial products to customers.

15.     The compensation system for Ameriprise advisors is heavily commission-based and involves sophisticated calculations, many of which are updated on a daily basis.

16.     To perform these calculations, Ameriprise uses proprietary enterprise software developed by Versata in Austin, Texas.

17.     Versata owns all title and rights to this software.

**B.**     **The Master License Agreement**

18.     Versata entered into a Master License Agreement (MLA) dated October 4, 1999 to provide enterprise software to Ameriprise.

19.     Because the specific terms of the MLA are confidential, a copy is not attached to this pleading.

20.     Versata negotiated and signed the MLA in Austin, Texas.

21.     Under the MLA, Versata's software, product documentation, and related materials are strictly confidential (§ 10.2) and the property of Versata (§ 4.9).

22.     Under the MLA, Ameriprise agreed to limit access to the software, product documentation, and related materials to Ameriprise employees and "Permitted Contractors" – *i.e.*, contractors that do not compete with Versata in the development of enterprise compensation or configuration software and that have signed a non-disclosure agreement (§ 4.8).

23.     The MLA strictly prohibits any kind of copying, decompiling, or reverse engineering of Versata's software by Ameriprise or its agents (§ 10.1).

24.     A breach of these confidentiality requirements is sufficient grounds for Versata to terminate the MLA and revoke Ameriprise's license to the software (§ 12.2).

25.     If Versata terminates the MLA for any breach by Ameriprise, Ameriprise's rights in the software shall cease, Ameriprise must return the software to Versata, and Ameriprise must certify in writing that it has destroyed or returned all copies (§ 12.2).

**C.**     **Ameriprise's Use of Infosys**

26.     As early as 2007, Ameriprise began using Infosys – an outsourcing services provider based in Bangalore, India – to perform maintenance and customization work on Versata's proprietary software.

27.     Ameriprise gave Infosys's consultants in India access to Versata's confidential information, including Versata's software (both source code and object code), product documentation, and training materials.

28.     Infosys is a competitor of Versata in the field of enterprise compensation software and provides this kind of software to numerous customers in the United States and around the world.

29.     Infosys also recently acquired McCamish Systems, a company that develops and sells its own brand of enterprise software that directly competes with Versata.

**D.     Infosys's theft of Versata's proprietary source code at Ameriprise**

30.     Just two weeks ago, Versata learned that Infosys decompiled or copied more than 5,000 Versata source code files while working at Ameriprise, transported those files to India, and stored them on hard drives in Bangalore.

31.     Based on these revelations, it is becoming apparent to Versata that Infosys has incorporated these files into its own software that competes with Versata; used these files to train technical consultants to compete with Versata at rates that are significantly cheaper than Versata's rates; and developed its own enterprise software based on knowledge and understanding gained from these decompiled files.

32.     Furthermore, neither Ameriprise nor Infosys have fully explained to Versata the extent of these activities or their consequences for the security of Versata's software.  In 2010, Infosys claimed that it had decompiled two files and that this behavior was an isolated incident involving low-level employees.  In early 2012, Versata discovered evidence that Infosys may have decompiled up to 25 files.

33.     Then, following significant discovery against Infosys in litigation over these issues, Infosys admitted on October 25, 2012 that it had approximately 5,000 Versata software files on a hard drive in Bangalore, India.

34.     These files appear to be to constitute the key source code for Versata's enterprise software.

35.     Even when Versata believed the problem was relatively limited, Versata had numerous discussions with Ameriprise about the need to stop Infosys from having access to Versata's software.

36.     During these discussions, Ameriprise agreed to remove Infosys from projects that involve Versata software.

37.     However, at the present time, approximately 30 Infosys contractors are still performing customization and maintenance work on Versata's software.

38.     This creates a substantial risk that Infosys will steal additional trade secrets from Versata.

39.     In addition, in 2011, Ameriprise began using TCS, another India-based outsourced services provider, to perform maintenance and customization work on Versata's software.

40.     Like Infosys, TCS is a competitor of Versata and is not a "Permitted Contractor" under the MLA.

41.     To Versata's knowledge, none of TCS's contractors has signed a non-disclosure agreement that relates to Versata's software, as required by the MLA.

42.     Versata is concerned about the security risk of Ameriprise giving yet another offshore competitor unauthorized access to Versata's source code.

6

Pursuant to Texas Civil Practice and Remedies Code § 134.003, Ameriprise is liable for all damages resulting from these wrongful acts.

73.     Pursuant to Texas Civil Practice and Remedies Code § 134.003, Versata should be awarded all court costs and reasonable and necessary attorney's fees.

**F.     Constructive Trust**

74.     Versata incorporates the foregoing paragraphs as if fully set forth here.

75.     Because Ameriprise has wrongfully misappropriated and used Versata's trade secrets and confidential information, Versata is entitled to have a constructive trust imposed on all technologies and products developed by Ameriprise using Versata's trade secrets and confidential information, as well as all benefits and proceeds accruing to Ameriprise from Ameriprise's appropriation and use of Versata's trade secrets and confidential information.

**G.     Declaratory Judgment**

76.     Versata incorporates the foregoing paragraphs as if fully set forth here.

77.     For the reasons set forth above, Versata seeks a declaration that Ameriprise has misappropriated Versata's trade secrets, breached the MLA, converted Versata's property, and been unjustly enriched by its unauthorized use of Versata's enterprise software, related documentation, and other confidential information.

**H.     Punitive Damages**

78.     Versata incorporates the foregoing paragraphs as if fully set forth here.

79.     Ameriprise acted maliciously by misappropriating and wrongfully using Versata's trade secrets and confidential information and by converting Versata's proprietary software.

80.     Accordingly, Versata seeks exemplary damages under Texas common law and Chapter 41 of the Texas Civil Practice and Remedies Code.

**I.     Attorneys' Fees**

81.    Versata incorporates the foregoing paragraphs as if fully set forth here.

82.    As a result of Ameriprise's wrongful conduct, Versata has been required to retain counsel to prosecute this action.  Consequently, in accordance with Sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code, Versata is entitled to recover its costs and reasonable and necessary attorney's fees from Ameriprise.

**J.     Conditions**

83.    Versata incorporates the foregoing paragraphs as if fully set forth here.

84.    All conditions precedent have been met or have occurred.

**Application for Temporary Injunction**

85.    In accordance with Section 65.011 of the Texas Civil Practice and Remedies Code, Versata is entitled to injunctive relief and requests a temporary injunction from the Court ordering Ameriprise to cease (a) providing Infosys and TCS with access to Versata's confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) any and all disclosures of Versata's confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software, to unauthorized parties.

86.    Versata is likely to prevail on all of its claims after a trial on the merits.

87.    Because of the imminent threat posed to Versata's confidential information by Ameriprise's conduct, Versata will be irreparably harmed if this injunction request is not granted.  In addition, because of the difficulty of calculating the damages that have been caused and are being caused to Versata by Ameriprise's conduct, Versata has suffered and will suffer irreparable harm and has no adequate remedy at law.

11

88.     Versata is willing to provide security in the amount that this Court deems appropriate in accordance with Texas Rule of Civil Procedure 684.

### Application for Permanent Injunction

89.     Versata incorporates the foregoing paragraphs as if fully set forth here.

90.     Versata requests a permanent injunction ordering Ameriprise (a) to cease using Versata's Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software.

### Jury Demand

91.     Plaintiffs hereby demand a trial by jury and have tendered the appropriate fee.

### Requests for Disclosure to Defendants

92.     Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose within fifty (50) days of service of this request the information and material described in Rule 194.2(a) through (l).

### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that the Court:

a.     enter judgment in favor of Versata and against Ameriprise on all claims asserted by Versata;

b.     issue a judicial declaration that Ameriprise has misappropriated Versata's trade secrets, breached the MLA, converted Versata's property, and been unjustly enriched by its

unauthorized use of Versata's enterprise software, related documentation, and other confidential information;

      c.    issue a temporary injunction ordering Ameriprise to cease (a) providing Infosys and TCS with access to Versata's confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) any and all disclosures of Versata's confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software, to unauthorized parties;

      d.    issue a permanent injunction ordering Ameriprise (a) to cease using Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software;

      e.    award Versata its reasonable and necessary attorney's fees and expenses;

      f.    award Versata all costs of court;

      g.    award Versata all actual and punitive damages; and

      h.    grant all other relief to which Versata may show it is justly entitled.

## DECLARATION

STATE OF FLORIDA          §
                          §
COUNTY OF COLLIER         §

My name is Chris Smith.  My date of birth is 9/29/1966, and my address is 9149 The Lane, Naples, Fl 34109, USA.

I have read the above Original Petition and Verified Application for Injunctive Relief, and that the facts in it are within his personal knowledge and are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collier County, Florida, on the 13th day of November, 2012.

Christopher Smith,
Versata   Software,   Inc.,   and   Versata
Development Group, Inc.

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE ET AL V. AMERIPRISE FINANCIAL, INC., ET AL
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Travis C. Barton <br><br> **Address:** McGinnis, Lochridge & Kilgore <br> 600 Congress Ave., Suite 2100 <br> **City/State/Zip:** Austin, TX  78701 <br><br> **Signature:** *Tra C Barto* | **Email:** tcbarton@mcginnislaw.com <br><br> **Telephone:** 512-495-6041 <br><br> **Fax:** 512-495-6093 <br><br> **State Bar No:** 00790276 | **Plaintiff(s)/Petitioner(s):** <br><br> Versata Software, Inc., f/k/a Trilogy Software, Inc. & Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc. <br><br> **Defendant(s)/Respondent(s):** <br> Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., Ameriprise Enterprise Investment Services, Inc. <br><br> [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ <br><br> **Additional Parties in Child Support Case:** <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| | Civil | | | Family Law | |
|---|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* <br> ☒ Consumer/DTPA <br> ☒ Debt/Contract <br> ☒ Fraud/Misrepresentation <br> ☒ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☒ Assault/Battery <br> ☒ Construction <br> ☒ Defamation <br> *Malpractice* <br> ☒ Accounting <br> ☒ Legal <br> ☒ Medical <br> ☒ Other Professional <br>    Liability: <br> ☒ Motor Vehicle Accident <br> ☒ Premises <br> *Product Liability* <br> ☒ Asbestos/Silica <br> ☒ Other Product Liability <br>    List Product: <br><br> ☒ Other Injury or Damage: | ☒ Eminent Domain/ <br>    Condemnation <br> ☒ Partition <br> ☒ Quiet Title <br> ☒ Trespass to Try Title <br> ☒ Other Property: <br><br><br> **Related to Criminal Matters** <br> ☒ Expunction <br> ☒ Judgment Nisi <br> ☒ Non-Disclosure <br> ☒ Seizure/Forfeiture <br> ☒ Writ of Habeas Corpus— <br>    Pre-indictment <br> ☒ Other: _____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☒ With Children <br> ☒ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order |

| | | | **Other Family Law** | **Parent-Child Relationship** |
|---|---|---|---|---|
| | | | ☐ Enforce Foreign <br>    Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>    of Minority <br> ☐ Other: _____ | ☐ Adoption/Adoption with <br>    Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental <br>    Rights <br> ☐ Other Parent-Child: <br>    _____ |

| Employment | | Other Civil | |
|---|---|---|---|
| ☒ Discrimination <br> ☒ Retaliation <br> ☒ Termination <br> ☒ Workers' Compensation <br> ☒ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>    Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: _____ | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☒ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☒ Temporary Restraining Order/Injunction <br> ☐ Turnover |

# CITATION

## THE STATE OF TEXAS

### CAUSE NO. D-1-GN-12-003588

VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; AND VERSATA DEVELOPMENT
GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.                             , Plaintiff
                                    vs.
AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN
ENTERPRISE INVESTMENT SERVICES, INC.
                                                                              , Defendant

TO: AMERIPRISE FINANCIAL SERVICES, INC.
    BY DELIVERY TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM
    350 N. ST. PAUL STREET, SUITE 2900
    DALLAS, TEXAS 75201-4234

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF
of the PLAINTIFFS in the above styled and numbered cause, which was filed on NOVEMBER 13, 2012 in
the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 14, 2012.

REQUESTED BY:                                      AMALIA RODRIGUEZ-MENDOZA
TRAVIS CHARLES BARTON                              Travis County District Clerk
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.              Travis County Courthouse
600 CONGRESS AVENUE, SUITE 2100                    1000 Guadalupe, P.O. Box 679003 (78767)
AUSTIN, TX 78701                                   Austin, Texas 78701
BUSINESS PHONE: (512) 495-6000  FAX: (512) 495-6093
DEMETRIOS ANAIPAKOS
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSIN, P.C.
1221 MCKINNEY STREET, SUITE 3460
HOUSTON, TEXAS 77010
TELEPHONE: (713) 65-1101 FAX: (713) 655-0062       By_____
                                                   ALEJANDRA MEDRANO-CHAPA, Deputy

-- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in

person, a true copy of this citation together with the PLAINTIFFS' ORIGINAL PETITION AND VERIFIED APPLICATION
FOR INJUNCTIVE RELIEF; NOTICE OF ENTRY OF EFILE MANDATE ORDER AND THE LAWYER REFERRAL SERVICE FORM accompanying
pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.


Service Fee: $ _____                           **Affidavit**
                                                 **Attached**      _____
Sworn to and subscribed before me this the                        Sheriff / Constable / Authorized Person

_____ day of _____, _____.                             By:_____

                                                                  Printed Name of Server

_____                           _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-12-003588                      SERVICE FEE NOT PAID                        D01 - 65040
        Original      Service Copy

Filed in The District Court
of Travis County, Texas

**DEC 11 2012** BP

At _____ 2:55 P.M.
Amalia Rodriguez-Mendoza, Clerk

## C I T A T I O N
## T H E   S T A T E   O F   T E X A S
### CAUSE NO. D-1-GN-12-003588

VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; AND VERSATA DEVELOPMENT
GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.
                                                                      , Plaintiff
        vs.
AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN
ENTERPRISE INVESTMENT SERVICES, INC.
                                                                      Defendant

                                                    The District Court
                                                    ... County, Texas

TO:  AMERIPRISE FINANCIAL, INC.
     BY DELIVERY TO ITS PRESIDENT, WILLIAM FREDERICK TRUSCOTT     ... 11 2012  BP
     707 2ND AVENUE SOUTH
     MINNEAPOLIS, MINNESOTA 55474                                             M.
                                                    ... Rodriguez-Mendoza, Clerk

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the <u>ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF</u>
of the <u>PLAINTIFFS</u> in the above styled and numbered cause, which was filed on <u>NOVEMBER 13, 2012</u> in
the <u>53RD JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 14, 2012.</u>

REQUESTED BY:
TRAVIS CHARLES BARTON                          AMALIA RODRIGUEZ-MENDOZA
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.          Travis County District Clerk
600 CONGRESS AVENUE, SUITE 2100                Travis County Courthouse
AUSTIN, TX 78701                               1000 Guadalupe, P.O. Box 679003 (78767)
BUSINESS PHONE: (512) 495-6000  FAX: (512) 495-6093   Austin, Texas 78701
DEMETRIOS ANAIPAKOS
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSIN, P.C.     _Alejandra Medrano Chapa_
1221 MCKINNEY STREET, SUITE 3460
HOUSTON, TEXAS 77010                           ALEJANDRA MEDRANO-CHAPA    Deputy
TELEPHONE: (713) 65-1101 FAX: (713) 655-0062

- - - - - - - - - - - - - - - R E T U R N - - - - - - - - - - - - -
Came to hand on the 19th day of November , 2012 at 2:33 o'clock P. M., and executed at
Ameriprise Financial, Inc, 707 2nd Ave S, Mpls within the County of Hennepin on the
19th day of November , 2012, at 4:05 o'clock P. M., by delivering to the within named
Carol Ahrens, Legal Administrative Assistant, authorized to accept. , each in
person, a true copy of this citation together with the <u>PLAINTIFFS' ORIGINAL PETITION AND VERIFIED APPLICATION
FOR INJUNCTIVE RELIEF; NOTICE OF ENTRY OF EFILE MANDATE ORDER AND THE LAWYER REFERRAL SERVICE FORM</u> accompanying
pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

                                               Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the             By: _____

11th day of November , 2012 .                      Robert Rider
                                               Printed Name of Server

_Rio Ekman_                                                    _____ County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-12-003588

☑ Original      ☐ Service Copy         SERVICE FEE NOT PAID            D01 - 65039

PHILIP J. EKMAN
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2015

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-12-003588**

VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; AND VERSATA DEVELOPMENT
GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.                              , Plaintiff
    vs.
AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC.; AND AMERICAN
ENTERPRISE INVESTMENT SERVICES, INC.                                           , Defendant

*In the District Court
of Travis County, Texas*

DEC 1 1 2012 BP
7:36 P.M.
Amalia Rodriguez-Mendoza, Clerk

TO:  AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.
     BY DELIVERY TO ITS PRESIDENT, JOHN IACHELLO
     200 AMERIPRISE FINANCIAL CENTER
     MINNEAPOLIS, MINNESOTA 55474

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF
of the PLAINTIFFS in the above styled and numbered cause, which was filed on NOVEMBER 13, 2012 in
the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 14, 2012.

REQUESTED BY:
TRAVIS CHARLES BARTON
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
600 CONGRESS AVENUE, SUITE 2100
AUSTIN, TX 78701
BUSINESS PHONE:(512) 495-6000   FAX:(512) 495-6093
DEMETRIOS ANAIPAKOS
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSIN, P.C.
1221 MCKINNEY STREET, SUITE 3460
HOUSTON, TEXAS 77010
TELEPHONE: (713) 65-1101 FAX: (713) 655-0062

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

ALEJANDRA MEDRANO-CHAPA, Deputy

-- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- --

Came to hand on the 19th day of November , 2012 , at 2:33  o'clock P. M., and executed at
Ameriprise Enterprise Investment Services within the County of Hennepin   on the
19th day of November , 2012 , at 4:05 P.M. o'clock P. M., by delivering to the within named
Carol Ahrens, Legal Administrative Assistant, authorized to accept service , each in
person, a true copy of this citation together with the PLAINTIFFS' ORIGINAL PETITION AND VERIFIED APPLICATION
FOR INJUNCTIVE RELIEF; NOTICE OF ENTRY OF EFILE MANDATE ORDER AND THE LAWYER REFERRAL SERVICE FORM accompanying
pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

19th day of November , 2012 .

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____
Robert Rider
Printed Name of Server

_____, County, Texas

D-1-GN-12-003588

☐ Original  ☑ Service Copy

SERVICE FEE NOT PAID

D01 - 65041

PHILIP J. EKMAN
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2015



NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a<br>TRILOGY SOFTWARE, INC., and VERSATA<br>DEVELOPMENT GROUP, INC., f/k/a<br>TRILOGY DEVELOPMENT GROUP, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC.,<br>AMERIPRISE FINANCIAL SERVICES, INC.,<br>AMERICAN ENTERPRISE INVESTMENT<br>SERVICES, INC., | § | |
| | § | |
| *Defendants.* | § | 53rd JUDICIAL DISTRICT |


---

NO. D-1-GN-12-003588

|  |  |  |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § | |
| *Defendants.* | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively "Defendants") and file this Original Answer and state as follows.

### I. General Denial

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny all of the allegations contained in Plaintiffs' Original Petition and demand strict proof thereof. Defendants reserve the right to amend this Answer.

**Defendants' Original Answer - Page 1**

AUS:9900010/00000:493216v1

## II. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by their suit, Defendants be awarded their costs of court expended in defense of Plaintiffs' claims, and  Defendants have all other and further relief, at law or in equity, to which they be entitled.

Respectfully submitted,

LOCKE LORD LLP

By _____

G. Alan Waldrop
State Bar No. 20685700
John R. Nelson
State Bar No. 0159840
100 Congress Avenue, Suite 300
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
E-Mail: awaldrop@lockelord.com
E-Mail: jnelson@lockelord.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

*Attorneys for Defendants*

**Defendants' Original Answer**  - Page 2

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Answer was served on the following counsel of record by the methods stated below on the 4th day of January 2013:

**Via CaseFileExpress & E-Mail: tcbarton@mcginnislaw.com**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX 78701
*Attorneys for Plaintiffs*

**Via Facsimile:  713-655-0062 & E-Mail: smitby@azalaw.com, mbibb@azalaw.com**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010
*Attorneys for Plaintiffs*

G. Alan Waldrop

**Defendants' Original Answer** - Page 3

AUS:9900010/00000:493216v1

# AFFIDAVIT OF SERVICE

**State of Minnesota**

**County of Hennepin**

**4th Judicial District Court**

Case Number: 27-CV-13-211

Plaintiff:
**Ameriprise Financial, Inc.**
vs.
Defendant:
**Versata Software, Inc.**

For:
Locke Lord Bissell & Liddell (Austin)
100 Congress Ave
Ste 300
Austin, TX 78701

Received by Austin Process LLC on the 4th day of January, 2013 at 12:08 pm to be served on **Versata Software, Inc. by serving its registered agent, Capitol Corporate Services, 800 Brazos, Ste. 400, Austin, TX 78701.**

I, Dane R. Cuppett, being duly sworn, depose and say that on the **4th day of January, 2013 at 1:00 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **Summons and Complaint with Certificate of Representation and Parties** with the date of service endorsed thereon by me, to: **Beth Androuais, Capitol Corporate Services as Registered Agent** at the address of: **800 Brazos, Ste. 400, Austin, TX 78701** on behalf of **Versata Software, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 4th day of January, 2013 by the affiant who is personally known to me

NOTARY PUBLIC

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 09, 2016

Dane R. Cuppett
SCH-7114, Exp. 6/30/13

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2013000043
Ref: 0054308.00001

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4l

Filed
13 February 21 P2:06
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § § | |
| v. | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | |
| *Defendants.* | § § | 53rd JUDICIAL DISTRICT |

## NOTICE OF CHANGE OF ADDRESS

Please note that the new address of G. Alan Waldrop and John Nelson and the law firm of Locke Lord LLP, attorneys for Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc., is 600 Congress Ave., Suite 2200, Austin, Texas 78701. The telephone number and facsimile number remain the same.

Respectfully submitted,

LOCKE LORD LLP

By /s/ G. Alan Waldrop

G. Alan Waldrop
State Bar No. 20685700
John R. Nelson
State Bar No. 0159840
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
E-Mail: awaldrop@lockelord.com
E-Mail: jnelson@lockelord.com

1

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice was served on the following counsel of record by the methods stated below on the 21 day of February 2013:

**Via CaseFileExpress & Facsimile: 512-495-6093**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX 78701
*Attorneys for Plaintiffs*

**Via Facsimile: 713-655-0062**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010
*Attorneys for Plaintiffs*

G. Alan Waldrop

2

Filed
13 February 21 P4:09
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | |
| *Defendants.* | § § | 53rd JUDICIAL DISTRICT |

## MOTION TO QUASH ORAL DEPOSITION OF RANDY KUPPER

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. and file this Motion to Quash Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Randy Kupper and would show the Court as follows.

1.     Defendants received Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Randy Kupper on or about February 18, 2013 (the "Notice").

2.     The Notice schedules the deposition for Tuesday, March 5, 2013 at the offices of Locke Lord LLP, 600 Congress Avenue, Suite 2200, Austin, Texas 78701. The date and place set out in the Notice are not convenient for the witness or counsel for the Defendants. Plaintiffs did not confer with Defendants before setting the time and place of the deposition to assure there were no conflicts and that the time and place of the deposition were convenient.

AUS:0054308/00001:497005v1

3.     The proposed deponent, Randy Kupper, does not live in Texas and works primarily in Minnesota.

4.     The short time interval between the service of the Notice and the noticed deposition date is insufficient and unreasonable, and appear to be designed to influence proceedings taking place in Minnesota state court.

5.     Defendants object to the time and place set out in the Notice and move to quash the Notice pursuant to Texas Rule of Civil Procedure 199.4.

WHEREFORE, PREMISES CONSIDERED, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. respectfully request that the Court quash Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Randy Kupper which notices the deposition for March 5, 2013, in Austin, Texas, and for such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

By _____

G. Alan Waldrop
State Bar No. 20685700
John R. Nelson
State Bar No. 0159840
600 Congress Avenue, Suite 2200
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
E-Mail: awaldrop@lockelord.com
E-Mail: jnelson@lockelord.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice was served on the following
counsel of record by the methods stated below on the 21 day of February 2013:

**Via CaseFileExpress & Facsimile: 512-495-6093**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX 78701
*Attorneys for Plaintiffs*

**Via Facsimile: 713-655-0062**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010
*Attorneys for Plaintiffs*


G. Alan Waldrop

Filed
13 February 21 P4:11
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a<br>TRILOGY SOFTWARE, INC., and VERSATA<br>DEVELOPMENT GROUP, INC., f/k/a<br>TRILOGY DEVELOPMENT GROUP, INC., | § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § <br> § | |
| v. | § <br> § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC.,<br>AMERIPRISE FINANCIAL SERVICES, INC.,<br>AMERICAN ENTERPRISE INVESTMENT<br>SERVICES, INC., | § <br> § <br> § <br> § | |
| *Defendants.* | § <br> § | 53rd JUDICIAL DISTRICT |

## MOTION TO QUASH ORAL DEPOSITION
## OF MICHAEL NEWMAN

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. and file this Motion to Quash Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Michael Newman and would show the Court as follows.

1.     Defendants received Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Michael Newman on or about February 18, 2013 (the "Notice").

2.     The Notice schedules the deposition for Wednesday, March 6, 2013 at the offices of Locke Lord LLP, 600 Congress Avenue, Suite 2200, Austin, Texas 78701. The date and place set out in the Notice are not convenient for the witness or counsel for the Defendants. Plaintiffs did not confer with Defendants before setting the time and place of the deposition to assure there were no conflicts and that the time and place of the deposition were convenient.

AUS:0054308/00001:497054v1

3.    The proposed deponent, Michael Newman, lives and works in Minnesota.  He is inside counsel for Ameriprise, has been actively involved in the litigation between the parties, and possesses little unprivileged information.

4.    The short time interval between the service of the Notice and the noticed deposition date is insufficient and unreasonable, and appear to be designed to influence proceedings taking place in Minnesota state court.

5.    Defendants object to the time and place set out in the Notice and move to quash the Notice pursuant to Texas Rule of Civil Procedure 199.4.

WHEREFORE, PREMISES CONSIDERED, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. respectfully request that the Court quash Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of Michael Newman which notices the deposition for March 6, 2013, in Austin, Texas, and for such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

By _____

G. Alan Waldrop
State Bar No. 20685700
John R. Nelson
State Bar No. 0159840
600 Congress Avenue, Suite 2200
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
E-Mail: awaldrop@lockelord.com
E-Mail: jnelson@lockelord.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice was served on the following counsel of record by the methods stated below on the ___21___ day of February 2013:

**Via CaseFileExpress & Facsimile: 512-495-6093**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX  78701
*Attorneys for Plaintiffs*

**Via Facsimile:  713-655-0062**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX  77010
*Attorneys for Plaintiffs*

G. Alan Waldrop

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | OF TRAVIS COUNTY, TEXAS |
| v. | § § § | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § | |
| Defendants | § | 53RD JUDICIAL DISTRICT |

## NOTICE OF TRIAL SETTING

PLEASE TAKE NOTICE that Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. have set this case for trial on November 18, 2013, at 9:00 a.m. in the 53rd Judicial District Court of Travis County, Texas.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
State Bar No. 12458500
Travis C. Barton
State Bar No. 00790276
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512)495-6000
(512)495-6093 Fax

_Travis C. Barton_

Travis C. Barton

AHMAD ZAVITSANOS ANAIPAKOS ALAVI, MENSING ,
P.C.
Amir Alavi
State Bar No. 00793239
aalavi@azalaw.com
Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
 1221 McKinney Street, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on February 26, 2013, I served a true and correct copy of this instrument on the following counsel of record via electronic mail:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minneosta  55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Travis C. Barton

(14)

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | OF TRAVIS COUNTY, TEXAS |
| v. | § § | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § | |
| Defendants | § | 53RD JUDICIAL DISTRICT |

## NOTICE OF TEMPORARY INJUNCTION HEARING

PLEASE TAKE NOTICE that Plaintiffs Versata Software, Inc., f/k/a Trilogy Software,

Inc., and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. have set a

hearing for a temporary injunction on Monday, April 1, 2013, at 9:00 a.m. in the 53rd Judicial

District Court of Travis County, Texas.

Respectfully submitted,

McGinnis, Lochridge & Kilgore, L.L.P.
Patton G. Lochridge
State Bar No. 12458500
Travis C. Barton
State Bar No. 00790276
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512)495-6000
(512)495-6093 Fax

Docketed

21/20

Travis C. Barton

AHMAD ZAVITSANOS ANAIPAKOS ALAVI, MENSING, P.C.
Amir Alavi
State Bar No. 00793239
aalavi@azalaw.com
Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on February 26, 2013, I served a true and correct copy of this instrument on the following counsel of record via electronic mail:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minneosta 55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Travis C. Barton



CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | OF TRAVIS COUNTY, TEXAS |
| v. | § § | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § | |
| Defendants | § | 53RD JUDICIAL DISTRICT |

## AMENDED NOTICE OF TEMPORARY INJUNCTION HEARING

PLEASE TAKE NOTICE that Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. have set the hearing for a temporary injunction on Monday, May 20, 2013, at 9:00 a.m. in the 53rd Judicial District Court of Travis County, Texas.  The hearing scheduled for April 1, 2013 has been passed.

Respectfully submitted,

McGinnis, Lochridge & Kilgore, L.L.P.
Patton G. Lochridge
State Bar No. 12458500
Travis C. Barton
State Bar No. 00790276
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512)495-6000
(512)495-6093 Fax

Travis C. Barton


Ahmad Zavitsanos Anaipakos Alavi, Mensing, P.C.
Amir Alavi
State Bar No. 00793239
aalavi@azalaw.com
Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on March 21 , 2013, I served a true and correct copy of this instrument on the following counsel of record via electronic mail:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minneosta  55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Travis C. Barton

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., *Plaintiffs*, | § § § § § § § | IN THE DISTRICT COURT |
| v. | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., *Defendants*. | § § § § § § | 53rd JUDICIAL DISTRICT |

## UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. ("Defendants") and file this Unopposed Motion to Substitute Counsel and would show the Court as follows.

1.  Defendants' present attorneys of record are G. Alan Waldrop, John Nelson, and Ryan Greene of Locke Lord LLP, 600 Congress Avenue, Suite 2200, Austin, Texas 78701-4042.

2.  Defendants request that the Court allow G. Alan Waldrop, John R. Nelson and the law firm of Locke Lord LLP to withdraw as counsel and to substitute as its counsel Stephen E. McConnico of Scott, Douglass & McConnico, L.L.P.

3.  Stephen E. McConnico is admitted to practice in Texas and has consented to act as counsel for Defendants in this proceeding. His contact information is as follows:

Stephen E. McConnico
Scott, Douglass & McConnico, L.L.P.
600 Congress Ave., Suite 1500
Austin, Texas 78701

4.     Defendants have conferred with counsel for Plaintiffs and represent to the Court that Plaintiffs have indicated that they do not oppose this Motion to Substitute Counsel.

5.     This Motion is not sought for delay, but so that justice may be served.

WHEREFORE, PREMISES CONSIDERED, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. request that the Court grant this Motion and substitute Stephen E. McConnico and the law firm of Scott, Douglass & McConnico, L.L.P. as attorneys of record for Defendants in this cause.

Respectfully submitted,

LOCKE LORD LLP

By _____

G. Alan Waldrop
State Bar No. 20685700
John R. Nelson
State Bar No. 00797144
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
E-Mail: awaldrop@lockelord.com
E-Mail: jnelson@lockelord.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was served on the following counsel of record by the methods stated below on the 27 day of March 2013:

**Via CaseFileExpress**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX  78701
*Attorneys for Plaintiffs*

**Via Facsimile:  713-655-0062**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX  77010
*Attorneys for Plaintiffs*

**Via Facsimile: 512-474-0731**
Stephen E. McConnico
Scott, Douglass & McConnico, L.L.P.
600 Congress Ave., Suite 1500
Austin, Texas  78701

G. Alan Waldrop

Filed in The District Court
of Travis County, Texas

**LM** MAR 2 8 2013

At _____8·40_____ M.
Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GN-12-003588

VERSATA SOFTWARE, INC., f/k/a          §          IN THE DISTRICT COURT
TRILOGY SOFTWARE, INC., and VERSATA   §
DEVELOPMENT GROUP, INC., f/k/a         §
TRILOGY DEVELOPMENT GROUP, INC.,       §
    *Plaintiffs,*                       §
                                       §
v.                                     §          TRAVIS COUNTY, TEXAS
                                       §
AMERIPRISE FINANCIAL, INC.,            §
AMERIPRISE FINANCIAL SERVICES, INC.,   §
and AMERICAN ENTERPRISE                §
INVESTMENT SERVICES, INC.,             §
    *Defendants.*                      §          53rd JUDICIAL DISTRICT

## AGREED ORDER GRANTING
## MOTION TO SUBSTITUTE COUNSEL

On this day, the Court considered the Unopposed Motion to Substitute Counsel for Defendants.

The Court is of the opinion that the Motion to Substitute should be granted. Therefore,

IT IS ORDERED that the Unopposed Motion To Substitute Counsel for Defendants be and is hereby GRANTED. IT IS FURTHER ORDERED that Stephen E. McConnico and the law firm of Scott, Douglass & McConnico, L.L.P., 600 Congress Ave., Suite 1500, Austin, Texas 78701 are hereby substituted as counsel of record for Ameriprise Financial, Inc., Ameriprise Financial Services, Inc. and American Enterprise Investment Services, Inc., and that G. Alan Waldrop, John Nelson, and the law firm of Locke Lord LLP are hereby withdrawn as counsel of record for Ameriprise Financial, Inc., Ameriprise Financial Services, Inc. and American Enterprise Investment Services, Inc.

SIGNED this _28_ day of _MARCH_, 2013.

_____
TRAVIS COUNTY DISTRICT JUDGE

AUS:0054308/00001:499794v1

AGREED:

_____
Stephen E. McConnico *by permission G. Alan Waldrop*
Scott, Douglass & McConnico, L.L.P.
600 Congress Ave., Suite 1500
Austin, Texas  78701

**Attorneys for Defendants**


_____
G. Alan Waldrop
John R. Nelson
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, Texas  78701

**Attorneys for Defendants**


_____
Travis Barton *by permission G. Alan Waldrop*
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX  78701

**Attorneys for Plaintiffs**


_____
Steven J. Mitby *by permission G. Alan Waldrop*
Ahmad, Zavitsanos, Anaipakos,
   Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010

**Attorneys for Plaintiffs**

2

Filed
13 April 16 P3:42
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., and VERSATA | § | |
| DEVELOPMENT GROUP, INC., f/k/a | § | |
| TRILOGY DEVELOPMENT GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, INC., | § | |
| AMERICAN ENTERPRISE INVESTMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL COUNTERCLAIM AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Defendants Ameriprise Financial, Inc. ("Ameriprise"), Ameriprise

Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively

"Defendants") and file this Answer and Original Counterclaim and Application for Temporary

and Permanent Injunctive Relief and state as follows.

## COUNTERCLAIM

Counterclaimant Ameriprise, for its Counterclaim against all Plaintiffs (collectively,

"Versata"), states and alleges as follows:

## DISCOVERY

1.      Discovery should be conducted pursuant to Level 3, Texas Rule of Civil

Procedure 190.4, and Ameriprise moves that discovery be conducted in accordance with a

discovery control plan tailored to the specific circumstances of this suit.

## INTRODUCTION AND PARTIES

2.      Ameriprise is a Delaware corporation with its principal place of business located at 55 Ameriprise Financial Center in Minneapolis, Minnesota.  Ameriprise is a leading financial planning and services company.  Ameriprise subsidiaries serve individual investors' and institutions' financial needs through financial planning, wealth management, retirement planning, asset management, annuities, and insurance.  Ameriprise was formerly named American Express Financial Corporation.  Ameriprise's field force includes numerous personnel within Travis County and elsewhere in Texas.

3.      Versata is a Delaware corporation with its principal place of business in Austin, Texas.  On information and belief, Versata conducts business with fewer than five employees in Texas or anywhere else in the United States.  Versata provides software and other technology products and services to companies in the financial services industry, among other areas.  Versata was formerly named Trilogy Software, Inc.

4.      At the center of this action is a Master License Agreement ("Agreement") by which Versata granted to Ameriprise a "nonexclusive, nontransferable ... perpetual, worldwide license to use" and to "modify and otherwise create derivative works" from an enterprise compensation software product called "Distribution Channel Management" or "DCM."  The terms of the Agreement are binding upon Versata and Ameriprise.

5.      In breach of its contractual obligations, Versata has threatened to terminate, and has stated that it has already terminated, Ameriprise's perpetual and worldwide license to use DCM, software that is a necessary component of an Ameriprise system called "Distribution Management Utility," or "DMU."

## JURISDICTION AND VENUE

6.      This Court has general jurisdiction over Plaintiffs because their principal place of business is in Travis County, Texas, and because they subjected themselves to the jurisdiction of this Court by commencing this action.  This Court has specific jurisdiction in connection with these Counterclaims because these Counterclaims relate to issues presented in Plaintiffs' Petition.

7.      In accordance with § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal place of business in in Travis County.

## FACTS

**A.      The Master License Agreement**

8.      The predecessors of Ameriprise and Versata entered into the Agreement, effective October 4, 1999, by which Versata granted to Ameriprise a "nonexclusive, nontransferable … perpetual, worldwide license to use" and to "modify and otherwise create derivative works" from DCM.  The core software and documentation relating to the DCM software are referred to in the Agreement as the "Products."

9.      DCM is Java-based software.  It was designed by Versata to be extended (i.e., modified and enhanced), and at Ameriprise DCM has been extended and customized with as much as a million lines of additional computer code, added by Ameriprise over many years through the use of different contractors and with Versata's full knowledge.

10.     DCM is a key component of Ameriprise's DMU system, which is part of the compensation and recordkeeping operations for all Ameriprise personnel registered to perform

Page 3

securities work.  It manages such personnel's licenses and registrations, calculates compensation, and manages payments to the Ameriprise field force.

11.     The Agreement gives Ameriprise the right to engage third parties to perform work on DCM, so that, among other things, Ameriprise need not be dependent upon Versata's ability to perform such work, upon the quality of Versata's work, or upon the pricing of Versata's work. Furthermore, at the time of the license grant, Versata did not have sufficient personnel to provide the extensive customization services for the customizable software it was selling to entities like Ameriprise.  Accordingly, the Agreement contemplated from its inception that entities and people other than Versata would be working on DCM.  Specifically, section 4.4 of the Agreement grants Ameriprise the right to "maintain (directly or through a third party pursuant to the provisions of this Agreement) the Products."  The sole constraints on the right to use such third-party contractors, contained within section 4.8, are that such contractors subject themselves to confidentiality obligations and "do not, to the best of [Ameriprise's] knowledge, compete with [Versata] in the development of enterprise compensation or configuration software."

12.     Throughout the thus-far-thirteen year life of the Agreement, Ameriprise has relied upon such third-party contractors to host, customize, and extend DCM, as explicitly authorized by section 4.4 of the Agreement.  Throughout that period, Versata has been fully aware of Ameriprise's use of third-party contractors, including its use of Infosys Technologies, Ltd. ("Infosys").  Indeed, Versata has worked with such third-party contractors since 1999, including Infosys, to upgrade and customize Ameriprise's version of the DCM code, pursuant to Ameriprise's rights under the Agreement.  In addition, since at least 2008, Versata has been aware of, and participated in, occasional decompiling of DCM object code – that is, conversion of object code (0's and 1's readable only by a computer) into source code (readable by programmers) - through the use of readily-available software.

Page 4

13.     Despite this acquiescence, in 2010 Versata raised concerns about Infosys decompiling DCM code.  In response, Ameriprise, though it had no obligation to do so, began to phase Infosys out of its contractor role with respect to DCM-related work.  To date, more than 90% of previously-engaged Infosys personnel have been removed from such work, leaving fewer than ten Infosys employees with access to DCM.

**B.     Versata's Efforts to Force Ameriprise to Convert to A New, Risky, Unproven, Unsafe Software System Or Additional Payments**

14.     Beginning around May 2012, Versata sought to sell Ameriprise a new, unproven, and substantially more expensive replacement for DCM.  Versata called its sales proposal the "DCM Enterprise Cloud."  Versata's new DCM Enterprise Cloud proposal would require Ameriprise to drastically increase its payments to Versata and to entrust the operation, storage and security of Ameriprise's highly sensitive and confidential business functions and information to a third-party service provider's public cloud environment.  A "public cloud" is a shared storage and computing environment delivered over a network.  In this case, the network is the public Internet.

15.     Ameriprise expressed skepticism about and reluctance to accept Versata's DCM Enterprise Cloud proposal for sound business judgment reasons, including but not limited to: security concerns associated with Ameriprise's highly confidential information and dependence on a fully functioning DCM, dissatisfaction with Versata's personnel, and greatly increased costs.

16.     On September 17, 2012, two business days after receiving Ameriprise's initial reaction to Versata's sales pitch, Versata sent Ameriprise's outside counsel a letter claiming an alleged "material breach" of the Agreement and demanding that Ameriprise cure such alleged breach within thirty days.  Fully aware that Ameriprise depends upon DCM and the contractors who customize and maintain it and fully aware that the "breaches" it alleged were impossible to

Page 5

"cure" within 30 days, Versata nonetheless threatened to terminate the Agreement at the end of the 30-day period.  In that event, Versata threatened, by the October 17, 2012 deadline, "Ameriprise … must immediately stop using all Versata-developed software and immediately must return all of Versata's software and other confidential information."  Versata's letter culminated in a demand for an immediate mediation to discuss the issues Versata raised. Ameriprise agreed to Versata's mediation demand to continue negotiations regarding the resolution of Versata's concerns.

17.     On November 12, 2012, despite Ameriprise's acquiescence to Versata's request for a prompt mediation, and in the midst of the parties' discussions with a third-party mediator, Versata filed suit against Ameriprise in Texas state court.

18.     Versata's conduct in wrongfully threatening to terminate the Agreement constitutes wrongful termination and a breach of the Agreement.  The conduct is a willful and malicious act within the meaning of Article 11 of the Agreement.

19.     Ameriprise has provided Versata notice of its material breaches of the Agreement.

**C.     Ameriprise's Right to Relief**

20.     Because Versata has purported to terminate the Agreement and has not withdrawn its purported termination, and Ameriprise has previously provided notice of Versata's breaches, Ameriprise must conclude that granting Versata any additional cure period ordinarily available under the Agreement would be futile.  An effective cure by Versata would have required, among other actions to cure its breaches, (a) withdrawal of its purported termination and (b) withdrawal and dismissal of its pending lawsuit.

21.     Ameriprise has paid Versata all sums owed to it.

22.     Ameriprise is entitled to engage third-party contractors to provide software services for DCM who do not compete with Versata in the development of enterprise compensation or configuration software.

23.     Ameriprise is entitled to continue to use DCM.

24.     The harm that Versata's actions have caused and threaten to cause to Ameriprise is irreparable, with no adequate remedy at law.

## CAUSES OF ACTION

## I.     BREACH OF CONTRACT THROUGH WRONGFUL TERMINATION

25.     Ameriprise realleges and reincorporates paragraphs 1-24 as if set forth herein.

26.     New York law governs the interpretation of the parties' Agreement.

27.     Pursuant to New York law, Versata is subject to an implied covenant of good faith and fair dealing in fulfilling the parties' Agreement.

28.     Versata's purported termination of the Agreement is a material breach of its own contractual obligations, which include these specific obligations:  upon notice and payment by Ameriprise, to provide maintenance services for the software (section 6.1); to provide "[u]pdates to each Product and" relevant Documentation (section 6.6); to make available to Ameriprise "any and all modifications to the Products" without additional cost to Ameriprise (section 6.7); and to warrant that Ameriprise's "use and possession of the Product Materials and Services and the license granted hereunder, shall not be adversely affected, interrupted or disturbed by Licensor (except as provided in the Agreement)" (section 8.1).  Versata's purported termination also is a breach of the covenant of good faith and fair dealing implied in the Agreement.

29.     In addition, Versata's purported termination of the Agreement is a material breach of the Agreement because Versata demanded a forfeiture of Ameriprise's rights and Versata failed to comply with the Agreement's termination requirements.

30.     Nothing in the Agreement or Ameriprise's actions justifies Versata's precipitous attempts to terminate the Agreement.

31.     Versata knew when it sent its September 17, 2012, letter that its demands could not be satisfied, and it knew or should have known that its letter failed to comply with the Agreement's termination requirements.

32.     Without the ability to use DCM as contemplated in the Agreement, Ameriprise and its advisors, franchisees and their employees will suffer irreparable injury.

33.     As a result of Versata's breach, pursuant to section 12.2 of the Agreement, Ameriprise is entitled to the identified contractual remedies immediately.

34.     As a result of Versata's material breach of the Agreement through its legally deficient attempt at termination and forfeiture demand, Ameriprise is entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

35.     As a result of Versata's material breach of the Agreement through its legally deficient termination letter and forfeiture demand, Ameriprise is entitled to obtain and use all escrowed versions of DCM and all related documentation.

36.     As a result of Versata's material breach of the Agreement through its legally deficient termination letter and forfeiture demand, Ameriprise is entitled to an injunction prohibiting Versata from taking any actions interfering with Ameriprise's use of DCM.

37.     Ameriprise is also entitled to damages as a result of Versata's material and uncured and incurable breaches.

## II.     BREACH OF CONTRACTUAL WARRANTIES

38.     Ameriprise realleges and reincorporates paragraphs 1-37 as if set forth herein.

Page 8

39.     In Section 8.1 of the Agreement, Versata warranted that (i) Licensor has the right to furnish [DCM] … free of all liens, claims, encumbrances and other restrictions; [and] (ii) to the best of its knowledge, the Product Materials and Services furnished by [Versata] and/or [Ameriprise's] use of the same hereunder do not violate or infringe the rights of any third party …"

40.     Versata's DCM software incorporates software subject to claims, encumbrances, restrictions and/or claims of violation or infringement of rights of third parties.

41.     On information and belief, Versata knew that its DCM software violated and/or infringed the rights of third parties.

42.     Versata failed to inform Ameriprise of all the third parties with rights to subject DCM to claims, encumbrances, restrictions, and/or claims of violation or infringement of rights of third parties.

43.     As a result of Versata's breach, pursuant to section 12.2 of the Agreement, Ameriprise is entitled to the identified contractual remedies immediately or following a thirty-day notice period.

44.     As a result of Versata's material breach of the Agreement, Ameriprise is or will be entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

45.     As a result of Versata's material breach of the Agreement, Ameriprise is or will be entitled to obtain and use all escrowed versions of DCM and all related documentation.

46.     Ameriprise also is or will be entitled to damages as a result of Versata's material and uncured and incurable breaches.

## III.    BREACH OF ESCROW OBLIGATIONS

47.     Ameriprise realleges and reincorporates paragraphs 1-46 as if set forth herein.

48.     The parties' Agreement requires Versata to "deposit the ["source code and all the generally available Documentation thereto, for a Product or Updates"] with Data Securities International Inc. ("DSI") no later than forty five (45) days after the execution of any Schedule issued hereunder, if such Deposit Materials are not already in escrow with DSI." Versata is obligated to "employ reasonable efforts to ensure that [Ameriprise] has received notice of any deposit pursuant to" stated terms. Versata is obligated to "update the escrow at least every six months" and "upon delivery of an Update" (sections 5.1 and 5.2).

49.     The parties' Escrow Agreement, an exhibit to the Agreement, acknowledges that "the availability of or access to certain proprietary data related to the proprietary technology and other materials is critical to [Ameriprise] in the conduct of its business."

50.     Section 5.1 of the Escrow Agreement similarly requires Versata to deposit "source code and all the generally available Documentation thereto for a Product or Updates" with Data Securities International, Inc. or a successor escrow agent.

51.     On information and belief, Versata failed to establish an accessible escrow account with Data Securities International, Inc. for the benefit of Ameriprise and failed to deposit source code or documentation into escrow as required by the Agreement and/or the Escrow Agreement.

52.     Ameriprise provided written notice to Versata of its breach of its escrow obligations over thirty days ago.

53.     Versata has materially breached its contractual obligations relating to the deposit and updating of source code on deposit from time to time, including these obligations:  to "deposit the ["source code and related documentation] ... no later than forty five (45) days after the execution of any Schedule" and to "employ reasonable efforts to ensure that [Ameriprise] has received notice of any deposit pursuant to" stated terms (Agreement sections 5.1 and 5.2); to

deposit the "source code and all the generally available Documentation thereto, for a Product or Updates" with the escrow agreement (section 5.1 of the Escrow Agreement); to update the escrow at least every six months and also use commercially reasonable efforts to update the escrow upon delivery of a software update to Ameriprise (section 5.2 of the Escrow Agreement); to update the deposited software code and related documentation within thirty days after distribution of a technology release, with such deposits occurring at least every twelve months, or, alternatively, to "certify to [Ameriprise] that the Deposit contains the latest technology release" (section 3 of the Escrow Agreement).

54.     Ameriprise is damaged by not having available to it current and/or updated software as contemplated by the Escrow Agreement.

55.     Ameriprise is entitled to remedies following termination of the Agreement as a result of Versata's breach pursuant to section 12.2 of the Agreement.

56.     In section 5.3, the Agreement provides for the release to Ameriprise of the source code held in escrow if Versata commits an "uncured, material breach of its maintenance or support obligations."  Such uncured, material breaches have occurred.

57.     Versata's breaches entitle Ameriprise to obtain from the escrow agent and/or Versata, all "source code . . ., all necessary and available information, proprietary information, and technical documentation which will enable [Ameriprise] to create, maintain and/or enhance the licensed material without the aid of [Versata] or any other person …"

58.     Pursuant to section 14 of the Escrow Agreement, Ameriprise will be entitled to decompile, disassemble, or reverse engineer the escrowed code and documentation.

59.     As a result of Versata's material breach of the Agreement and the Escrow Agreement, Ameriprise is entitled to obtain from the escrow agent and/or Versata, and to use

without constraint, all versions of DCM and all related documentation that have been escrowed or that Versata had a duty to place in escrow.

## IV.    IMPOSITION OF CONSTRUCTIVE TRUST

60.    Ameriprise realleges and reincorporates paragraphs 1-59 as if set forth herein.

61.    The Agreement governs the scope of the business relationship between Ameriprise and Versata and obligates Versata to act for the benefit of Ameriprise. Both parties have confidentiality obligations under the Agreement, and the nature of the services provided by Versata requires Ameriprise to trust Versata with significant amounts of proprietary information and trust in Versata's ability and willingness to maintain a fully and continuously functioning DCM. The existence of such duties in turn gives rise to fiduciary obligations by Versata to Ameriprise. Specifically, the Agreement encompasses promises made by Versata with respect to DCM.

62.    Over thirteen years of operations, Ameriprise has contributed financially, operationally, and creatively to the development of DCM.

63.    The current version of DCM is as much the work product of Ameriprise as of Versata.

64.    Versata would be unjustly enriched if it were allowed to keep DCM for its own use and profit, and to prohibit Ameriprise from accessing the software.

65.    Ameriprise is entitled to a constructive trust preserving its access to DCM, prohibiting any interference with its use of DCM, and sharing in any revenue gained by Versata through exploitation of DCM, or variants or derivatives of DCM to which Ameriprise has contributed and which Versata has subsequently sold, licensed, or otherwise made available to any other party.

## V.   **DECLARATION OF AMERIPRISE'S RIGHTS**

66.   Ameriprise realleges and reincorporates paragraphs 1-65 as if set forth herein.

67.   Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Ameriprise requests, and the interests of the parties to this action require, a judicial determination of Ameriprise's rights and Versata's obligations under the Agreement.

68.   As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise possesses a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

69.   As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise is entitled to obtain and use all escrowed versions of the DCM and all related documentation without constraint.

70.   As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise is entitled to employ as contractors, to help enhance and maintain DCM, at least the following companies:  Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services.

71.   A declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and future obligations of the parties to this action.  Ameriprise requests that the Court grant relief by declaring the rights of the parties pursuant to New York law, as provided by the parties' Agreement.

72.     Accordingly, Ameriprise requests judicial declaration that: (1) Ameriprise possesses a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement; (2) Ameriprise is entitled to obtain and use, enhance, modify, and customize, all versions of DCM, including source code and all related documentation that were, or should have been, escrowed; and (3) Ameriprise is entitled to employ as contractors, to help enhance and maintain the DCM, at least the following companies:  Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services.

## APPLICATION FOR PERMANENT INJUNCTION

73.     Ameriprise realleges and reincorporates paragraphs 1-72 as if set forth herein.

74.     As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, Ameriprise is entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

75.     As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, Ameriprise is entitled to obtain and use, enhance, modify, and customize, all escrowed versions of DCM, or versions that should have been escrowed, and all related documentation without constraint.

76.     Ameriprise requests an injunction barring Versata from taking any action in furtherance of its purported termination of the Agreement.

77.     Ameriprise requests a permanent injunction compelling Versata to make delivery to Ameriprise of a current copy of all "source code …, all necessary and available information, proprietary information, and technical documentation which will enable [Ameriprise] to create,

maintain and/or enhance the licensed material without the aid of [Versata] or any other person ...."

## APPLICATION FOR TEMPORARY INJUNCTION

78.     Ameriprise realleges and reincorporates paragraphs 1-77 as if set forth herein.

79.     Ameriprise has established that it is likely to prevail on its first Cause of Action, which alleges that Versata breached the Agreement when it wrongfully and improperly purported to terminate the Agreement.

80.     Ameriprise has established that it is likely to prevail on its second Cause of Action, which alleges that Versata breached the Agreement when it incorporated software to which third parties own rights into DCM.

81.     Ameriprise has established that it is likely to prevail on its third Cause of Action, which alleges that Defendant breached the Agreement when it failed to comply with its escrow obligations.

82.     The requested temporary injunction is necessary to prevent irreparable harm to Ameriprise and will cause no harm to Versata.

83.     Because the requested temporary injunction is consistent with the parties' contract, and because the public interest favors enforcement of valid contracts, the temporary injunction is consistent with public policy considerations.

84.     The requested temporary injunction is unlikely to impose burdens on the Court.

85.     Ameriprise accordingly requests that Versata be temporarily enjoined from acting on, or taking any action in furtherance of, its letter purporting to terminate the Agreement, including but not limited to (a) taking any action to disable DCM; (b) taking any action to force Ameriprise to prohibit contractors from Infosys Technologies, Ltd. or TCS from having access to the licensed Products in order to provide services in support of the operation of Ameriprise's

business; and (c) refusing to fulfill its contractual maintenance and support obligations so long as Ameriprise makes its contractually required payments for such services.

86.    Ameriprise further requests that Versata be ordered, within ten (10) days after the date of the Court's Order, to deposit with a third party escrow agent, identifying Ameriprise as a beneficiary of such deposit, the original source code for DCM (along with all updates to the source code) and available Documentation; and to provide Ameriprise written confirmation that it has done so, such written confirmation to include the name and contact information for the escrow agent, the account number of the escrow account, and the date and content of all deposits into the escrow account.  Until otherwise ordered by the Court, Versata shall thereafter continue to meet its escrow obligations under the Agreement by making timely escrow deposits of updates and upgrades to DCM and provide the required confirmation to Ameriprise.

### PRAYER FOR RELIEF

WHEREFORE, Ameriprise requests that this Court enter a judgment and decree against Versata as follows:

(a)    Temporarily and permanently enjoining Versata from taking any actions adverse to Ameriprise with respect to its purported termination of the Agreement as more specifically set forth above;

(b)    Declaring that as a result of Versata's breaches of contract, Ameriprise is entitled to a perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement and is entitled to obtain and use, enhance, modify, and customize, all versions of DCM, including source code and all related documentation that were, or should have been, escrowed;

Page 16

(c)     Declaring that Ameriprise is entitled to employ as contractors, to help enhance and maintain the DCM, at least the following companies: Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services;

(d)     Imposing a constructive trust protecting Ameriprise's investment in DCM;

(e)     Awarding damages in an amount to be proven at trial, which damages sought are within the jurisdictional limits of the court;

(f)     Attorney fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.09 and § 38.01, *et seq.*, and other applicable law;

(g)     Awarding Ameriprise its costs of court;

(h)     Awarding Ameriprise pre and post judgment interest; and

(i)     Awarding Ameriprise such other and further general relief, at law or in equity, to which Ameriprise may be entitled.

SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
Phone: (512) 495-6300
Fax: (512) 474-0731


By      /s/ Christopher D. Sileo
        Steve McConnico
        Texas Bar No. 13450300
        E-Mail: smcconnico@scottdoug.com
        Christopher D. Sileo
        Texas Bar No. 24027977
        E-Mail: csileo@scottdoug.com

Page 17

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
T: (612) 340-2600
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

***ATTORNEYS FOR DEFENDANTS***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on April 16, 2013.

Travis Barton                                    *VIA FACSIMILE* 512.495.6093
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                                     *VIA FACSIMILE* 713.655.0062
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010

/s/ Christopher D. Sileo
Christopher D. Sileo

Filed
13 April 26 P4:05
Amalia Rodriguez-Mendoza
District Clerk
Travis District
12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY | § | |
| DEVELOPMENT GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL | § | |
| SERVICES, INC., AMERICAN | § | |
| ENTERPRISE INVESTMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

## DEFENDANTS' MOTION TO OVERRULE OBJECTIONS AND TO COMPEL DISCOVERY RESPONSES AND DEPOSITIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (together "Ameriprise") move to overrule objections and to compel Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc. (together "Versata") to produce documents, answer interrogatories, and produce witnesses for deposition concerning matters relevant to Versata's claims and Ameriprise's defenses and counterclaims, as follows:

**I.   SUMMARY**

Ameriprise is a financial planning and services company.  Ameriprise subsidiaries serve individual investors' and institutions' needs through financial planning, wealth management, retirement planning, asset management, annuities, and insurance.  This case arises from a 1999

987512

Master License Agreement ("MLA") between Ameriprise and Versata. The MLA granted Ameriprise a perpetual license to Versata's Distribution Channel Management software, or "DCM", that forms the core of Ameriprise's enterprise compensation and license-tracking system, referred to as Distribution Management Utility, or "DMU." The DMU system is central to Amerprise's business, because it manages Ameriprise personnel's licenses and registrations, calculates compensation, and manages payments to the Ameriprise field force throughout the country. Although Ameriprise paid a substantial fee for the license in 1999, and continues to pay Versata for services relating to maintenance and upgrades to DMU, Versata filed this action claiming that Ameriprise breached the MLA, misappropriated Versata's trade secrets, and wrongfully converted Versata's confidential information, among other acts. Ameriprise brought counterclaims against Versata, alleging that Versata's wrongful purported termination of the MLA is a material breach of its own contractual obligations that Versata breached contractual warranties contained in the MLA, and that Versata breached its escrow obligations under the MLA.

Versata has moved for temporary injunctive relief, and the hearing is currently set to begin in less than one month, on May 20, 2013. At that hearing, Versata will ask the Court to remove from Ameriprise's premises a key contractor working on DCM code. Through this lawsuit, Versata has threatened to cut off Ameriprise's access to DCM entirely. These issues are being litigated in multiple cases, one of them being a Texas federal court case that Versata is currently litigating against a third party. Ameriprise has already produced more than 25,000 documents to Versata in response to a subpoena in that federal court action. Although Versata initiated this action and the temporary injunction proceedings, Versata has so far refused to

answer most of Ameriprise's discovery requests and has not yet provided deposition dates, first requested in early February, for witnesses who need to be deposed in advance of the hearing. Given the pendency of the upcoming injunction hearing and the fast-approaching November 2013 trial date, Ameriprise cannot reasonably continue to wait and confer. Ameriprise needed to bring this hearing so that it can receive documents and discovery responses and depose witnesses a reasonable amount of time prior to the temporary injunction hearing, at which Versata will seek extraordinary injunctive relief.

## II.   ARGUMENT

### A.   Discovery Standard

Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admission evidence." *Id.* Further, it is not the requesting party's burden to show that its requests seek relevant information. Instead, all information requested is initially presumed both discoverable and admissible and the burden rests on Versata to prove otherwise. *Peoples v. Fourth Court of Appeals*, 701 S.W.2d 635, 637 (Tex. 1985).

To object that a request is overly broad, vague, or burdensome, Versata has the burden to plead and prove the work necessary to comply with the discovery. *In re Amaya*, 34 S.W.3d 354, 357 (Tex. App. – Waco 2001, no pet.); *Independent Insulating Gears v. Street*, 722 S.W.2d 798, 802 (Tex. App. – Fort Worth 1987, no writ). Similarly, Versata must plead or prove why the requested documents are irrelevant or beyond the scope of discovery as permitted under Texas law. *Caraway & Associates v. Moye*, 724 S.W.2d 892, 893 (Tex. App. – Texarkana 1987, no writ).

3

**B.** **Versata's Objections to Written Discovery Should Be Overruled, and Versata Should Be Compelled to Respond to Ameriprise's Interrogatories and Document Requests**

The parties agreed that Versata's responses to the interrogatories and document requests at issue would be due on March 15, 2013. Versata's responses and objections are attached as Exhibits 1 and 2. On April 17, Ameriprise sent a letter explaining in detail the deficiencies in Versata's responses, attached as Exhibit 3. Versata has not responded to Ameriprise's attempts to resolve this dispute.

**1.** **Burden Objections –Req. Nos. 12-14, 16-21, 23; Int Nos. 7-8, 10-12**

Versata objected to Document Request Nos. 12-14, 16-21, and 23, and to Interrogatories 7-8 and 10-12, on the basis that the requests are "overly broad and unduly burdensome," but failed to describe or substantiate any actual burden. *See In re Amaya*, 34 S.W.3d 354, 357 (Tex. App. – Waco 2001, no pet.); *Independent Insulating Gears v. Street*, 722 S.W.2d 798, 802 (Tex. App. – Fort Worth 1987, no writ). Versata provided no substantive responses to the interrogatories and made no commitment to produce responsive documents. Versata's objections should be overruled, and Versata should be compelled to respond to the requests.

**2.** **Confidentiality Objections –Req. Nos. 12-13, 16-17, and 19-21**

The parties have been negotiating the terms of a stipulated protective order for several months and, for that reason, the parties agreed that they would hold off on any actual exchange of documents until the order was finalized. Accordingly, in response to several requests, Versata asserted the confidential nature of the information or documents sought and stated that documents would be produced upon entry of the protective order. However, in response to Document Request Nos. 12-13, 16-17, and 19-21, Versata objected on the basis that the request

4

sought "sensitive, confidential and/or proprietary business information" and made no commitment to produce responsive documents even after a protective order is entered. Versata's confidentiality objections should be overruled, and Versata should be compelled to produce all confidential documents and information once a protective order is in place.

### 3.    Relevance Objections

In response to the document requests and interrogatories identified below, Versata objected on the basis that the request "seeks information which is not relevant, and is not reasonably calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery," but failed to explain why the requested documents or information are irrelevant or beyond the scope of discovery permitted under Texas law. *See Caraway & Associates v. Moye*, 724 S.W.2d 892, 893 (Tex. App. – Texarkana 1987, no writ). Although it is not Ameriprise's burden to do so, Ameriprise has described the relevance of each request or interrogatory at issue below. Versata's objections should be overruled, and Versata should be compelled to respond to the requests.

- Doc. Req. 12: The request asks for documents "constituting or relating to complaints to Versata about software or service issues (other than standard problem logs) by other customers of DCM software . . . ." Complaints lodged by other customers are relevant to, among other things, establish Versata's intent – that Versata's pattern of tactics with customers was part of intentional efforts to sell unwanted services while ignoring the contractual rights of its customers. In addition, Ameriprise understands that Versata does not have a large number of licensees of DCM; therefore, the potential relevance outweighs any burden in producing such documents.

- Doc. Req. 13: The request asks for "licenses covering or relating to DCM code or

5

components of DCM code effective at any time after October 1999." DCM code is the focus of this case. Versata's licensing of DCM code or components is likely to lead to discoverable information regarding, among other issues, the adequacy of Versata's efforts to maintain the alleged confidentiality of DCM, Versata's claimed damages, and Versata's breach of warranty.

- Doc. Req. 14: The request asks for "internal reviews, evaluations, reports, or other analyses of work performed by Versata at Ameriprise." If Versata has conducted its own internal evaluations of its work with Ameriprise, such documents are likely to lead to admissible evidence regarding Ameriprise's problems with Versata and its software, Versata's breach of its agreements with Ameriprise, Versata's claimed damages, and Versata's breaches of its warranties.

- Doc. Req. 16: The request asks for a "copy of the source code for the version of DCM currently licensed to Ameriprise." Again, DCM source code is the focus of this case. Versata has alleged that DCM contains proprietary and confidential information that Ameriprise did not adequately protect, and that Ameriprise caused the "partial or total destruction" of the value of DCM. It is hard to imagine how litigation over the alleged confidentiality of any information, including software, can be conducted without the parties having access to the claimed confidential information. Both parties agree that the source code can be protected pursuant to the protective order.

- Doc. Req. 17-18: The requests ask for "documents constituting or relating to business plans, strategies, or projections referencing or relating to Ameriprise" and "documents relating to Versata's efforts to sell to Ameriprise Versata's DCM Enterprise Cloud." Such documents are likely to lead to admissible evidence regarding at least Versata's wrongful attempt at termination of the MLA, including its tactics in using threats to expand its business. That information is also relevant to any claim of damage to Versata.

6

- Doc. Req. 19-20:  The requests ask for "annual financial statements, audited if available, for Versata since January 1, 2007" and "documents sufficient to demonstrate Versata's revenues, costs, and margins on DCM licenses since January 1, 2007."  Versata's financial information is relevant at least to Versata's claimed damages, including Versata's claim that Ameriprise caused the "partial or total destruction" of the value of DCM and that Versata lost profits as a result of Ameriprise's actions.

- Doc. Req. 21:   The request asks for documents "sufficient to identify all employees of Versata at all times since January 1, 2007."  Versata is not a large company; Ameriprise believes it currently conducts business with fewer than ten employees.  Therefore, the identity of all of Versata's employees is likely to lead to admissible evidence regarding, among other issues, Versata's efforts to maintain the alleged confidentiality of DCM, and to identify individuals who may have information relevant to the parties' claims.

- Doc. Req. 23:  The request asks for documents "constituting or relating to DCM code supplied to the escrow agent prescribed for Ameriprise by the [MLA]."  In its counterclaims, Ameriprise alleges that Versata breached the MLA by failing to escrow source code and documentation for Ameriprise's protection, as required by the agreement.  Although Versata has made a general assertion that it complied with its escrow obligations, it has thus far refused every attempt by Ameriprise secure written confirmation of such compliance.   In addition, the escrow information is relevant to Ameriprise's constructive trust claim and in determining appropriate remedies for Versata's breaches of the MLA.

- Int. 7-8:  The interrogatories request that Versata identify "all third-party licensors of any components of DCM" and "all licensees of DCM."  Versata's licensing of DCM code or components is likely to lead to discoverable information regarding at least the adequacy of Versata's efforts to maintain the alleged confidentiality of

7

DCM, Versata's claimed damages, and Versata's breach of warranty.

- <u>Int. 10-11</u>:   The interrogatories request that Versata identify "all Versata employees since January 1, 2007" and "all persons with access to DCM source code since January 1, 2007." The identity of Versata's employees and others with access to DCM source code is likely to lead to admissible evidence regarding, among other issues, Versata's efforts to maintain the alleged confidentiality of DCM, and to identify individuals who may have information relevant to the parties' claims.

- <u>Int. 12</u>:   The interrogatory asks Versata to identify "all patents [Versata] own[s] relating in whole or in part to DCM." Patents covering DCM or referencing DCM, in whole or in part, are relevant at least to the alleged value of DCM and the confidentiality of DCM.[1]

### 4.   <u>Other Deficient Responses</u>

Versata provided insufficient or otherwise deficient responses to several additional document requests and interrogatories, as set forth below.   Versata should be compelled to provide complete responses.

- <u>Doc. Req. 15</u>:   The request asks for documents "relating to security measures taken to protect the confidentiality of DCM code." Versata stated its intention to produce documents relating only to DCM object code, but not to DCM source code. The term "code," however, encompasses both object code and source code, and such documents are likely to lead to admissible evidence regarding, among

---

[1] Versata also objected to Interrogatory 12 on the ground that the reference to patents "relating to" DCM was vague.  Ameriprise believes the meaning of the interrogatory was clear and seeks the identification of patents containing claims covering any feature or function in DCM or referencing DCM (whether or not by name) in whole or in part. If Versata cannot identify any such patent claims, it can so state.

8

other issues, the adequacy of Versata's efforts to protect the alleged
confidentiality of DCM.

- <u>Doc. Req. 25</u>: The request asks for documents "relating to Ameriprise's alleged
material breach of the [MLA]," and Versata objected on the basis that the request
was a request for all documents relevant to the lawsuit and was therefore
improper pursuant to Tex. R. Civ. P. 193 cmt. 2. However, the request did not
ask for all documents "relevant to the lawsuit," but instead, documents directly
relating to Ameriprise's alleged material breach of the MLA, a specific allegation
made against Ameriprise in Versata's Original Petition.

- <u>Int. 6</u>: The interrogatory requests that Versata substantiate (state facts and
identify documents in support of) "any damage claims in connection with any
decompilation." In response, Versata identified several categories of alleged
damages,[2] among them the "[p]artial or total destruction of the value of the [sic]
Versata's DCM software, trade secrets, and confidential information," but
provided no facts and identified no documents supporting the alleged damage.
Ameriprise is entitled to the facts supporting Versata's alleged damages,
including at least specific identification of the trade secrets and confidential
information Ameriprise allegedly destroyed; the amount of damage caused to
Versata by such alleged destruction; evidence supporting a causal relationship
between some action by Ameriprise and such alleged destruction; and the
identification of any other facts or documents that support Versata's alleged
damages.

---

[2] Versata also qualified its response to Interrogatory 6 (and Interrogatory 5), by stating that its responses
were "by way of example and not limitation." In its April 17, 2013 letter, Ameriprise informed Versata
that, unless the responses were promptly supplemented, Ameriprise would assume that the efforts
identified in response to Interrogatory 5 are the <u>only</u> efforts Versata has taken to protect the
confidentiality of DCM code, and that the damages identified in response to Interrogatory 6 are the <u>only</u>
damages Versata alleges it suffered as a result of Ameriprise's actions. Ameriprise intends to ask the
Court to exclude any additional information not included in a timely supplemental response.

9

### C.   Versata Should Be Compelled to Designate Witnesses and to Appear for Depositions Before the May 20 Hearing Date

Though Versata seeks the extraordinary relief of a temporary injunction, and intends to present the issue to the Court on May 20th, Versata has not yet cooperated in scheduling depositions in advance of the hearing. Ameriprise first served Versata with formal notice of its intent to take a corporate deposition of Versata back in January 2013, identifying just six specific topics on which testimony would be taken. Versata requested depositions of Ameriprise representatives. At one point in March, the parties agreed to exchange available dates for their respective witnesses, but Ameriprise identified dates, and Versata did not, and no depositions occurred. Ameriprise continued its efforts to schedule depositions, both pursuant to its corporate deposition notice, *see* Exhibit 4, and of any witnesses Versata intended to call at the May 20th temporary injunction hearing. The parties again agreed to exchange available deposition dates in early April. Although Ameriprise informed Versata that it had secured available dates for its own witnesses, Versata has not done the same. As of the date of this motion, Versata has not designated any witness or witnesses to testify on its behalf, as required by Tex. R. Civ. P. 199.2(b)(1), and has not provided any dates on which its witnesses will be available. Given the upcoming May 20th hearing, Ameriprise requests that the Court compel Versata to (1) designate its witness for each of the six topics in Ameriprise's notice, (2) identify any witnesses who will testify on Versata's behalf at the temporary injunction hearing, and (3) provide several dates on which the witnesses will be available for deposition well in advance of May 20th.

## V.   CONCLUSION AND PRAYER

Ameriprise respectfully requests that the Court enter an Order:

1.     overruling Versata's objections based on confidentiality, burden, and relevance;

10

987512

2.     producing all documents responsive to Document Request Nos. 12-21, 23, and 25;

3.     providing complete responses to Interrogatories 6-8 and 10-12;

4.     compelling Versata to designate its witness for each topic in Ameriprise's deposition notice, identify any witnesses who will testify on Versata's behalf at the temporary injunction hearing, and provide several dates on which the witnesses will be available for deposition well in advance of May 20;

5.     complying with the order on this motion within three (3) business days after the Court's Order; and

6.     Any additional relief to which Ameriprise may show itself justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: /s/ Christopher D. Sileo
　　　Stephen E. McConnico
　　　State Bar No. 13450300
　　　Christopher D. Sileo
　　　State Bar No. 24027977
　　　600 Congress Avenue, Suite 1500
　　　Austin, Texas  78701-2589
　　　Phone | (512) 495-6300
　　　Fax | (512) 474-0731

**Of Counsel:**

Peter M. Lancaster (SBN 0159840)
Heather D. Redmond (SBN 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone: (612) 340-2600
E-Mail: Lancaster.peter@dorsey.com
E-Mail: Redmond.heather@dorsey.com

**ATTORNEYS FOR DEFENDANTS**

11

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 17th day of April, 2013, Ameriprise conferred with Benjamin Foster, one of Versata's attorneys, as evidenced by Exhibit 3 attached hereto, regarding Versata's deficient responses to interrogatories and document requests. Ameriprise counsel also attempted to reach Mr. Foster by telephone. We have received no response from Versata's attorneys. In addition, on several occasions prior to bring this motion, I requested from Travis Barton, one of Versata's attorneys, the identity of Versata's corporate designees and deposition dates relating to each of them. A copy of the undated deposition notice submitted to Mr. Barton is attached as Exhibit 4. Although Mr. Barton has informed me that he is seeking this information from Versata, and although I have informed Mr. Barton that Ameriprise has identified dates for its own witnesses, Mr. Barton has not yet provided me with this information. I also proposed that both sides agree to identify and make available for deposition any witnesses they may call at the temporary injunction hearing. Although Mr. Barton and I discussed this topic, we have not yet been able to reach agreement on this issue.


/s/ Christopher D. Sileo
Christopher D. Sileo

12

987512

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record, as listed below on April 26, 2013.

Travis Barton, Esq.
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas  77010

Steven Mitby, Esq.
Ahmad, Zavitsanos, Anaipakos, Alvi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, Texas  77010


/s/ Christopher D. Sileo
Christopher D. Sileo

13

987512

# EXHIBIT 1

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| DEFENDANTS | § | 53RD JUDICIAL DISTRICT |

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO
## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiff, Ameriprise Financial, Inc., by and through its attorneys of record, Peter M. Lancaster, Heather D. Redmond, Andrea Caron Wiltrout, and Kristin K. Zinsmaster; Dorsey & Whitney LLP; 50 South Sixth Street, Suite 1500; Minneapolis, Minnesota 55402-1498.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Versata Software, Inc. and

Versata Development Group, Inc., respond to Defendants' First Set of Requests for Production

of Documents.

Respectfully Submitted,

AHMAD ZAVITSANOS ANAIPAKOS,
ALAVI, MENSING , P.C.

Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing document upon the following counsel by U.S. mail on March 15, 2013:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Benjamin F. Foster

2

## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents identified in Defendant's responses to Plaintiff's interrogatories.

**RESPONSE:**

Plaintiff will produce non-privileged responsive documents and supplement as needed.

2.     All documents relating to decompilation of Ameriprise DCM code by anyone other than You.

**RESPONSE:**

Plaintiff objects to the phrase "Ameriprise DCM code" as vague and ambiguous.

Subject to and without waiving the forgoing, and construing "Ameriprise DCM code" to mean the object code for DCM residing on Ameriprise's servers. Plaintiff will produce non-privileged documents once a valid protective order is in place in this case and once Infosys, Amerirprise and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order. Plaintiff reserves the right to supplement as needed.

3.     All documents constituting or relating to Versata instructions not to decompile DCM code.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence and is therefore outside the scope of discovery.

Subject to and without waiving the forgoing plaintiff answers as follows:  Plaintiff will produce non-privileged documents relating to Versata's instruction not to decompile directed at Ameriprise or contractors working at or for Ameriprise. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order. Plaintiff reserves the right to supplement as needed.

3

4.      All documents constituting or relating to any Versata communication that refers or

relates to any entity being a competitor to Versata in the development of enterprise compensation

or configuration software.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence and is therefore outside the scope of discovery.

Subject to and without waiving the forgoing plaintiff answers as follows:  Plaintiff will produce communications to Ameriprise identifying competitors and will produce internal non-privileged Versata communications, if any, identifying competitors. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order. Plaintiff reserves the right to supplement as needed.

5.      All documents, including but not limited to calendar entries, agenda, presentations,

or other materials, relating to or used in any training of Infosys personnel or consultants to conduct

work on DCM for Versata licensees, including but not limited to Ameriprise.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence and is therefore outside the scope of discovery. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order.

Subject to and without waiving the forgoing plaintiff answers as follows:  Plaintiff will produce non-privileged responsive documents and supplement as needed.

6.      Copies of all screen shots taken by Versata of the Ameriprise CVS.

**RESPONSE:**

Plaintiff will produce non-privileged responsive documents and supplement as needed.

7.      All documents designated as exhibits in depositions in the Infosys Litigation.

**RESPONSE:**

Plaintiff will produce these documents once a valid protective order is in place in this case and once Infosys, Amerirprise and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise.

8.   All discovery responses served in the Infosys Litigation.

**RESPONSE:**

Plaintiff will produce these documents once a valid protective order is in place in this case and once Infosys, Amerirprise and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order.

9.   All documents relating to Ameriprise produced by Infosys in the Infosys

Litigation.

**RESPONSE:**

Plaintiff will produce these documents once a valid protective order is in place in this case and once Infosys, Amerirprise and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise.

10.   All documents relating to Ameriprise produced by Versata in the Infosys

Litigation.

**RESPONSE:**

Plaintiff will produce these documents once a valid protective order is in place in this case and once Infosys, Amerirprise and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order.

11.   All documents filed with the Court by any party in the Infosys Litigation.

**RESPONSE:**

Plaintiff object that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. The only exception to the forgoing objections is for documents filed under seal in the Infosys Litigation. Plaintiff will produce these documents once a valid protective order is in place in this case and once Infosys, Amerirprise

and Versata have come to terms on a mechanism for producing documents governed by the Infosys Versata protective order to Ameriprise. In fact, Plaintiff has responsive documents ready for immediate production once Ameriprise agrees to a protective order.

12.     All documents constituting or relating to complaints to Versata about software or

service issues (other than standard problem logs) by other customers of DCM software, including

without limitation, to the extent applicable, Waddell & Reed, Mass Mutual Life Insurance

Company, MetLife, Pacific Life, and Penn Mutual.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence and is therefore outside the scope of discovery. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

13.     All licenses covering or relating to DCM code or components of DCM code

effective at any time after October 1999.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

14.     All internal reviews, evaluations, reports, or other analyses of work performed by

Versata at Ameriprise.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

15.     All documents relating to security measures taken to protect the confidentiality of

DCM code.

6

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the phrase "DCM code" as vague and ambiguous since it is not clear if Ameriprise means DCM object code or DCM source code. Plaintiff has construed this phrase to mean object code for DCM residing on Ameriprise's servers

Subject to and without waiving the forgoing plaintiff answers as follows: Plaintiff will produce non-privileged responsive documents and supplement as needed.

16.     A copy of the source code for the version of DCM currently licensed to

Ameriprise.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, proprietary and/or trade secret information.

17.     All documents constituting or relating to business plans, strategies, or projections

referencing or relating to Ameriprise.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

18.     All documents relating to Versata's efforts to sell to Ameriprise Versata's DCM

Enterprise Cloud.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

19.   Copies of all annual financial statements, audited if available, for Versata since January 1, 2007.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

20.   Documents sufficient to demonstrate Versata's revenues, costs, and margins on DCM licenses since January 1, 2007.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

21.   Documents sufficient to identify all employees of Versata at all times since January 1, 2007.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it would require the disclosure of sensitive, confidential, and/or proprietary business information.

22.   Documents sufficient to identify all persons with access to DCM source code since January 1, 2007.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing plaintiff answers as follows: Plaintiff will produce non-privileged responsive documents and supplement as needed.

23.     All Documents constituting or relating to DCM code supplied to the escrow agent

prescribed for Ameriprise by the Agreement.

**RESPONSE:**

Plaintiff objects to this request as overly broad and unduly burdensome. Furthermore Plaintiff objects that this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

24.     All statements taken from any person concerning the subject matter of this

litigation.

**RESPONSE:**

Plaintiff will produce non-privileged responsive documents and supplement as needed.

25.     All documents relating to Ameriprise's alleged material breach of the Agreement.

**RESPONSE:**

Plaintiff objects to this request for production as overly broad. This is a request for all documents relevant to the lawsuit and is therefore improper pursuant to Tex. R. of Civ. P. 193 *cmt 2*. Therefore no response to this request is required.

4835-2255-9762, v. 1

# EXHIBIT 2

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| DEFENDANTS | § | 53RD JUDICIAL DISTRICT |

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

TO:   Plaintiff, Ameriprise Financial, Inc., by and through its attorneys of record, Peter M. Lancaster, Heather D. Redmond, Andrea Caron Wiltrout, and Kristin K. Zinsmaster; Dorsey & Whitney LLP; 50 South Sixth Street, Suite 1500; Minneapolis, Minnesota 55402-1498.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Versata Software, Inc. and Versata Development Group, Inc., respond to Defendants' First Set of Interrogatories.

Respectfully Submitted,

AHMAD ZAVITSANOS ANAIPAKOS,
ALAVI, MENSING , P.C.

Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing document upon the following counsel by U.S. mail on March 15, 2013:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas  78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

2

## OBJECTIONS AND ANSWERS TO FIRST SET OF INTERROGATORIES

1.      Substantiate all occasions on which Versata instructed Ameriprise or Infosys not to

decompile files.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome; impermissibly requires Versata to marshal its evidence through the use of the word "all"; and is not reasonably calculated to lead to the discovery of admissible evidence in that Versata had no obligation to "instruct" Ameriprise regarding obligations that were explicitly stated in the 1999 Master License Agreement that Ameriprise executed with Versata.

Subject to and without waiving the forgoing objections, Versata responds as follows: Versata has repeatedly instructed both Ameriprise and Infosys that de-compilation is not permitted. By way of example, and without limitation, Section 10.1 of the 1999 Master License Agreement between Versata and Ameriprise specifically prohibits decompilation, copying, or reverse-engineering.   Other parts of the MLA also prohibit Ameriprise from misusing of Versata's confidential information (e.g., Section 10.1) and from using competitors like Infosys as contractors on Versata software (e.g., Section 4.8).  In addition, the MLA contains strict anti-waiver provisions (e.g., Section 12.9).

Versata reiterated its instruction that decompilation is impermissible in correspondence, including, for example, an August 2, 2010 email and August 19, 2010 letter from Hemant Shah to Ryan Macomb and subsequent correspondence between Versata and Ameriprise.  Versata also had multiple discussions with Ameriprise in 2010, 2011, and 2012 in which Versata representatives continued to reiterate this instruction.   In addition, Versata also sued Infosys in 2010 for decompiling software files and has reiterated its objections to decompilation in multiple public court filings.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

2.      Substantiate any alleged occasions that DCM files at Ameriprise have been

decompiled, including without limitation the dates, circumstances, and identities of persons

involved.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome; and impermissibly requires Versata to marshal its evidence through the use of the word "any." Plaintiff further objects on the grounds that the information responsive to this request for production is governed by the protective order in place in *Versata Software et al v. Infosys Technologies LTD.*,

Case No. 1:10-cv-00792 pending in the Western District of Texas Austin Division, which restricts Versata's ability to produce information to Ameriprise in this litigation.

Subject to and without waiving the foregoing, Versata responds as follows: Through its ligation with Infosys Versata has uncovered significant evidence of DCM decompilation. Specifically, on October 25, 2012, in response to discovery, Infosys identified approximately 99 discrete instances of decompilation in a spreadsheet. This spreadsheet will be produced once Ameriprise, Infosys and Versata reach terms on a protective order permitting the production of Infosys Attorney's Eyes Only materials to Ameriprise in this litigation. On that same date, Infosys also separately identified the 5,000 decompiled Versata DCM files that, at the time, Infosys claimed were stored on a laptop in Bangalore. Versata recently learned that these files are actually on an Infosys server in India to which Versata believes that multiple Infosys personnel have had access.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

3.      Identify all competitors of Versata with respect to the development of enterprise compensation or configuration software since January 1, 2007, including without limitation identification of the specific software product that makes such entity a competitor.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information regarding entities not utilized by Ameriprise such information is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

Subject to and without waiving the foregoing, Versata answers as follows: Infosys which owns MacCamish Systems is a competitor of Versata in the development of compensation and configuration software because MacCamish develops and sells enterprise compensation and configuration software (including its PMACS product) that competes directly with Versata. TCS is also a competitor of Versata because TCS develops and sells enterprise compensation and configuration software (including its BANCS product) that competes directly with Versata. Versata has many other competitors in the enterprise compensation and configuration software space, but has limited its answer to the two competitors that Ameriprise has admitted to giving access to Versata's software in violation of the Master License Agreement.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

4.      Substantiate any claim that Infosys, TCS, or any other third party providing services relating to Ameriprise's DCM is a competitor of Versata with respect to the development

4

of enterprise compensation or configuration software, including without limitation identification of

the specific competing software product or service and any occasion on which Versata has lost

revenues as a result of such alleged competitor.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, relevant information is provided in response to Interrogatory No. 3 above.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

5.      Substantiate all efforts you have made since January 1, 2007 to maintain

confidentiality of DCM code.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. These objections specifically include, but are not limited to, defendants use of the word "all" as unduly burdensome, requires plaintiff to marshal all its evidence and is beyond the scope of discovery.

Subject to and without waiving the foregoing Versata answers as follows: The efforts Versata has undertaken to protect the confidentiality of DCM source code include, by way of example and not limitation, the following: (1) requiring confidentiality agreements with customers that contain similar requirements to the ones in the MLA, including prohibitions on decompilation, copying, reverse-engineering, or disclosure to competitors; (2) requiring confidentiality agreements with employees and contractors; (3) limiting access to DCM source code to employees and contractors who work on source code; (4) storing source code on secure servers; (5) denying customers and competitors access to source code; (6) requiring customers to grant Versata audit rights; (7) engaging in litigation against Infosys to enforce Versata's policy against decompilation.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

6.      Substantiate any damage caused by Ameriprise's alleged breach of the Agreement,

including without limitation any damage claimed in connection with any decompilation.

**ANSWER:**

5

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Furthermore as discovery in this case is just beginning and Plaintiff reserves the right to supplement this response.

Subject to and without waiving the foregoing objections Versata answers as follows: Ameriprise's breach of the MLA has caused multiple categories of damages to Versata, including, by way of example and without limitation, the following: (1) Unjust enrichment from Ameriprise's wrongful use of the DCM software after Versata terminated the MLA, including all of the economic gain to Ameriprise by such use; (2) Partial or total destruction of the value of the Versata's DCM software, trade secrets, and confidential information; (3) lost profits based on Versata's loss of consulting and other DCM-related work to Infosys; and (4) in the alternative, licensing fees and reasonable royalties for Ameriprise's continued use of DCM after termination.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

      7.      Identify all third-party licensors of any components of DCM.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information which is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

      8.      Identify all licensees of DCM.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information which is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

      9.      Identify all legal proceedings, pending at any time since January 1, 2005, involving intellectual property claims or claims relating to DCM in which you have been a party.

**ANSWER:**

Plaintiff answers as follows:

- This lawsuit.

- Ameriprise Financial, Inc., V. Versata Software, Inc., Court File No. 27-cv-13-211 Filed by Ameriprise Financial in Minnesota. Stayed by the Minnesota Court.

- Versata Software et al v. Infosys Technologies LTD., Case No. 1:10-cv-00792 pending in the Western District of Texas Austin Division.

10.    Identify all Versata employees since January 1, 2007.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information which is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

11.    Identify all persons with access to DCM source code since January 1, 2007.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information which is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

12.    Identify all patents you own relating in whole or in part to DCM.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information which is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery. Finally Plaintiff objects that this interrogatory is impermissibly vague. It is not clear what Amerirpise means by patents "relating to" DCM.

13.    Identify the dates and circumstances relating to (a) the occasion on which You first learned that decompilation of DCM code had occurred with respect to Ameriprise's DCM and (b) the occasion on which you first objected to decompilation of DCM code with respect to Ameriprise's DCM.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome.

Subject to and without waiving the forgoing defendant answers as follows:

Versata management first learned of decompilation on or around July 30, 2010. Versata objected immediately thereafter, including in an August 2, 2010 email and August 19, 2010 letter from Hemant Shah to Ryan Macomb.

4828-4370-0755, v. 2

8

# EXHIBIT 3





HEATHER D. REDMOND
(612) 340-6343
FAX (612) 340-8856
redmond.heather@dorsey.com

April 17, 2013

**VIA ELECTRONIC MAIL**

Benjamin Foster, Esq.
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing
3460 One Houston Center
1221 McKinney Street
Houston, TX 77010-2009

      **Re:**   **Versata Software v. Ameriprise Financial**

Dear Ben:

      We have reviewed Versata's responses to Plaintiffs' discovery requests. We understand that confidential documents have been withheld until a protective order is in place, and that the parties agreed it was more efficient to avoid segregating the confidential and non-confidential documents into staggered productions for now. Versata's responses are deficient in numerous other respects, however, and in light of the temporary injunction schedule, those deficiencies need to be cured promptly.

      <u>Document Requests</u>

      **1.**    **Confidentiality Objections:** For many requests involving confidential information, you noted the confidential nature of responsive information and stated that the documents would be produced upon entry of a protective order. For others, however, including Request Nos. 12-13, 16-17, and 19-21, you objected that the request seeks "sensitive, confidential and/or proprietary business information" and made no commitment to produce responsive documents. Once entered, the stipulated protective order should remove any basis for such an objection, and we assume that responsive documents will not be withheld on this basis. Please tell us promptly if that is not the case.

      **2.**    **Burden Objections:** You objected to Request Nos. 12-14, 16-21, and 23 on the basis that the requests are "overly broad and unduly burdensome" and made no commitment to produce responsive documents. Because Versata made no effort to describe or substantiate the burden, and did not agree to produce a more narrow or less burdensome subset of responsive documents, we cannot identify any actual basis for the objection. We assume that responsive documents have not been withheld on the basis of this objection. Please tell us promptly if we are wrong.



Benjamin Foster
April 17, 2013
Page 2

    **3.**    **Relevance Objections:** You objected to the following requests on the basis that the request seeks irrelevant information and made no commitment to produce responsive documents. As set forth below, each request was reasonably calculated to lead to the discovery of admissible evidence. Please confirm in writing that responsive documents will be produced.

    No. 12: Complaints lodged by other customers are relevant to establish Versata's pattern of treating customers as it treated Ameriprise and to help establish that its tactics with Ameriprise were intentional efforts to expand its business while ignoring the contractual rights of its customers.

    No. 13: Versata's licensing of DCM code or components is likely to lead to discoverable information regarding, among other issues, the adequacy of Versata's efforts to maintain the alleged confidentiality of DCM, Versata's claimed damages, and Versata's breach of warranty.

    No. 14: If Versata has conducted its own internal reviews, evaluations, reports, or other analyses of its work with Ameriprise, such documents are likely to lead to admissible evidence regarding Ameriprise's problems with Versata and its software, Versata's breach of its agreements with Ameriprise, Versata's claimed damages, and Versata's breach of warranty.

    No. 16: DCM source code is the focus of this case. Versata has alleged that DCM contains proprietary and confidential information that Ameriprise did not adequately protect, and that Ameriprise caused the "partial or total destruction" of the value of DCM. We do not see how litigation over the alleged confidentiality of any information, including software, can be conducted without the parties having access to the claimed confidential information.

    Nos. 17-18: Versata's business plans, strategies, and projections relating to Ameriprise, and Versata's efforts to sell to Ameriprise Versata's DCM Enterprise Cloud, are likely to lead to admissible evidence regarding at least Versata's wrongful attempt at termination, including its tactics in using threats to expand its business. That information is also relevant to any claim of damage to Versata.

    Nos. 19-20: Versata's financial statements, revenues, costs, and margins are relevant at least to Versata's claimed damages, including Versata's claim that Ameriprise caused the "partial or total destruction" of the value of DCM and that Versata lost profits as a result of Ameriprise's actions.



No. 21:  The identity of Versata's employees is likely to lead to admissible evidence regarding at least Versata's efforts to maintain the alleged confidentiality of DCM, and to identify individuals who may have information relevant to the parties' claims.

No. 23:  Documents relating to DCM code supplied to the escrow agent prescribed for Ameriprise by the MLA are relevant to Ameriprise's breach of contract claims, to its constructive trust claim, and to determine appropriate remedies.

**4.    Request No. 15:**  You objected to the request for documents relating to Versata's security measures taken to protect the confidentiality of DCM code, on the basis that "DCM code" was vague, and you committed to produce documents relating only to DCM object code. The term "code," however, encompasses both object code and source code, and such documents are likely to lead to admissible evidence regarding the adequacy of Versata's efforts to protect the alleged confidentiality of DCM.  Please produce responsive documents.

**5.    Request No. 25:**  The request does not ask for all documents relevant to the lawsuit, as stated in your objection and as prohibited by Tex. R. of Civ. P. 193 cmt. 2.  The request seeks documents relating to Ameriprise's alleged material breach of the MLA, a specific allegation made against Ameriprise in Versata's Original Petition.  Please confirm that responsive documents will be produced.

<u>Interrogatories</u>

**6.    Qualification of Responses:**  You qualified that Versata's responses to Interrogatories 5 and 6 were "by way of example and not limitation."  Subject to Versata's obligation to supplement its response with information learned after its original response, Ameriprise is entitled to complete responses to its interrogatories.  Unless promptly supplemented, Ameriprise has to assume that the efforts identified in response to Interrogatory 5 are the <u>only</u> efforts Versata has taken to protect the confidentiality of DCM code, and that the damages identified in response to Interrogatory 6 are the <u>only</u> damages Versata alleges it suffered as a result of Ameriprise's actions.

**7.    Interrogatory No. 6:**  Among the damages Versata alleges it suffered, Versata states in general terms that it suffered the "[p]artial or total destruction of the value of the [sic] Versata's DCM software, trade secrets, and confidential information."  The response is deficient. Ameriprise is entitled to the facts supporting Versata's alleged damages, including at least specific identification of the trade secrets and confidential information Ameriprise allegedly destroyed, the amount of damage caused to Versata by such alleged destruction, evidence supporting a causal relationship between some action by Ameriprise and such alleged destruction; and the identification of any other facts or documents that support Versata's alleged damages.



Benjamin Foster
April 17, 2013
Page 4

**8.    Burden Objections:** You objected to Interrogatories 7-8, and 10-12 on the basis that the interrogatories are "overly broad and unduly burdensome" and provided no responsive information. Because Versata made no effort to describe or substantiate the burden, and did not answer a more narrow or less burdensome subset of the question, we cannot identify any actual basis for the objection. We assume that responsive information has not been withheld on the basis of this objection. Please tell us promptly if we are wrong.

**9.    Relevance Objections:** You objected to the following interrogatories on the basis that they seek irrelevant information and provided no responsive information. As set forth below, each interrogatory was reasonably calculated to lead to the discovery of admissible evidence. Please promptly supplement your responses to provide responsive information.

Interrogatories 7-8: Versata's licensing of DCM code or components is likely to lead to discoverable information regarding at least the adequacy of Versata's efforts to maintain the alleged confidentiality of DCM, Versata's claimed damages, and Versata's breach of warranty.

Interrogatories 10-11: The identity of Versata's employees and others with access to DCM source code is likely to lead to admissible evidence regarding at least Versata's efforts to maintain the alleged confidentiality of DCM, and to identify individuals who may have information relevant to the parties' claims.

Interrogatory 12: Patents covering DCM or referencing DCM, in whole or in part, are relevant at least to the alleged value of DCM and the confidentiality of DCM.

**10.    Interrogatory No. 12:** You objected that Interrogatory 12's reference to patents "relating to" DCM was vague. Although we believe the meaning of the interrogatory was clear as stated, the interrogatory seeks the identification of patents containing claims covering DCM or referencing DCM (whether or not by name), in whole or in part. Please supplement your response to provide responsive information, or state plainly that Versata is unaware of any such patents.



Benjamin Foster
April 17, 2013
Page 5

    In light of the upcoming temporary injunction hearing, the parties' efforts to schedule depositions, and the limited dates on which the Court could hear a discovery motion in advance of the hearing, we see no alternative but to request that you remedy these deficiencies by Monday, April 22, or promptly inform us if Versata intends to maintain its objections.

Sincerely,

Heather D. Redmond

HDR:dbr

# EXHIBIT 4

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., *Plaintiffs*, | § § § § § § § | IN THE DISTRICT COURT |
| v. | § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., *Defendants*. | § § § § § § | 53rd JUDICIAL DISTRICT |

**DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFFS
VERSATA SOFTWARE, INC. AND VERSATA DEVELOPMENT GROUP, INC.**

To:   Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc., by and through their attorneys of record, Travis Barton, McGinnis, Lochridge & Kilgore, LLP, 600 Congress Ave., Suite 2100, Austin, TX 78701 and Steven J. Mitby & Megan Bibb, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC, 1221 McKinney Street, Suite 3460, Houston, TX 77010.

PLEASE TAKE NOTICE that, pursuant to TEX. R. CIV. P. 199, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise") through their undersigned counsel, will take the deposition upon oral examination of the corporate representative(s) of Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc., (collectively, "Versata") on _____, _____, 2013 at _____ a.m., at the offices of McGinnis, Lochridge & Kilgore, LLP, 600 Congress Ave., Suite 2100, Austin, TX 78701, on the particular matters described in Exhibit A hereto and incorporated herein ("Designated Matters").

Pursuant to Rule 199.2(b)(1), Versata is directed, with respect to each of the Designated Matters, to designate reasonably in advance of the foregoing date, but not later than three (3) business days prior to the foregoing date, the person or persons to testify on its behalf to matters that are known or reasonably available to Versata.

The deposition will continue from day to day until completed.  You are invited to attend and cross-examine.  The deposition will be videotaped.

This deposition will be taken for the purposes of discovery, for use at trial of this cause, and for all other purposes authorized by the Texas Rules of Civil Procedure.

Respectfully submitted,

SCOTT, DOUGLASS & MCCONNICO, LLP

By: _____
        Steve McConnico
        Texas Bar No. 13450300
        Christopher D. Sileo
        Texas Bar No. 24027977
        600 Congress Avenue, Suite 1500
        Austin, Texas  78701
        (512) 495-6300 (Telephone)
        (512) 474-0731 (Facsimile)
        smcconnico@scottdoug.com
        csileo@scottdoug.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

2

983080

*ATTORNEYS FOR DEFENDANTS*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Deposition was served on the following counsel of record by the methods stated below on the ___ day of _____, 2013:

**Via Facsimile: 512-495-6093**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX 78701
*Attorneys for Plaintiffs*

**Via Facsimile: 713-655-0062**
Steven J. Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010
*Attorneys for Plaintiffs*


_____
Christopher D. Sileo

4

983080

## DEFINITIONS

This notice is to be responded to with reference to the following definitions:

1.      "Agreement" means the October 4, 1999 Master License Agreement between Ameriprise and Versata.

2.      Ameriprise" means Plaintiff, Ameriprise Financial, Inc. and its predecessors and its and their current and former affiliates and subsidiaries.

3.      "DCM" means the software product known as Distribution Channel Management and licensed at any time to Ameriprise.

4.      "License" means any written, oral or other agreement or arrangement, formal or informal, between Versata Software, Inc. and another entity or individual.

5.      "Versata" means Defendant, Versata Software, Inc., and any current and former parent, subsidiary or affiliate of Versata Software, Inc., including, without limitation, Trilogy Software, Inc., Versata Development Group, Inc., and Trilogy Development Group, Inc. Defendant shall designate a representative knowledgeable on the following topics

5

## EXHIBIT "A"

1.      A description of all code and documentation that Versata has escrowed pursuant to the Agreement for the benefit of Ameriprise.

2.      All licenses covering, or relating to, DCM code or components of DCM.

3.      The genesis of the code included in DCM.

4.      Versata's DCM development, maintenance, and support staffing models and processes, including, without limitation, any efforts to maintain quality and confidentiality of code in DCM.

5.      The structure, features, and functions of DCM, including the relationships of class files to other class files and the relationship of stock DCM code to custom code.

6.      Key class files, including those class files essential to operate DCM

6

Filed
13 April 29 P2:26
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

**PETER M. LANCASTER'S UNOPPOSED MOTION
FOR ADMISSION PRO HAC VICE**

TO THE HONORABLE COURT:

Peter M. Lancaster ("Lancaster") files this Unopposed Motion for Admission Pro Hac

Vice and shows the Court as follows:

Lancaster seeks permission to appear *pro hac vice* as counsel for Defendants Ameriprise

Financial, Inc., Ameriprise Financial Services, Inc., American Enterprise Investment Services,

Inc. (collectively, the "Defendants").

Lancaster's contact information is as follows:

Peter M. Lancaster
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone | 612.340.7811
Fax | 612.340.2868

Lancaster will be associated in this proceeding with attorney Stephen E. McConnico, State Bar No. 13450300.  Steve McConnico is a licensed attorney with the law firm of Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas, 78701; Phone: 512.495.6300; Fax: 512.474.0731.

Lancaster has appeared or sought leave to appear or participate in the following Texas cases within the past two years:  none.

Lancaster is an active member in good standing of the Bar of the State of Minnesota. Further, Lancaster is admitted to practice in the following federal courts:  U.S.D.C. – District of Wisconsin, U.S. Courts of Appeals for the Federal, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits.

Lancaster has not been the subject of disciplinary actions by the Bars or the courts of any jurisdiction in which Peter Lancaster is licensed in the past five years.  Peter Lancaster has not been denied admission to the courts of any state or to any federal court during the past five years.

Lancaster attests that he is familiar with the State Bar Act, the State Bar Rules, the Texas Disciplinary Rules of Professional Conduct governing the conduct of members of the State Bar of Texas, and Travis County Local Rules.  Lancaster attests that he will at all times abide by and comply with these rules as long as the Texas proceeding is pending and he has not withdrawn as counsel in the proceeding.

Attached hereto is the acknowledgment letter from the Texas Board of Law Examiners demonstrating proof of payment of the fee required by Texas Government Code § 82.0361.

WHEREFORE, Peter M. Lancaster respectfully requests that the Court grant his Unopposed Motion for Admission Pro Hac Vice and enter an order allowing him to participate

2

as an attorney for the Defendants in this action and grant him such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

Peter M. Lancaster
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone | 612.340.7811
Fax | 612.340.2868

## CERTIFICATE OF CONFERENCE

I hereby certify that Travis Barton, with McGinnis, Lochridge & Kilgore, LLP, confirmed that the Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., do not oppose this motion for pro hac vice admission.

Peter M. Lancaster

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on April 29, 2013.

Travis Barton                                    *VIA FACSIMILE* 512.495.6093
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                                     *VIA FACSIMILE* 713.655.0062
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010

_____
Stephen E. McConnico

4

## VERIFICATION

STATE OF MINNESOTA                    §
                                      §
COUNTY OF HENNEPIN                    §


BEFORE ME, the undersigned authority, on this day personally appeared Peter Lancaster, a person known to me who, after being by me duly sworn, upon his oath deposes and says that he has read the foregoing motion and that the facts stated within it are within his personal knowledge and are true and correct.

By: _____

Peter M. Lancaster


SUBSCRIBED AND SWORN TO before me by Peter Lancaster on this the 24th day of April 2013, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Minnesota

DEANNA L. BIANCHI-ROSSI
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

5

Filed
13 April 29 P2:28
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

## UNOPPOSED MOTION IN SUPPORT OF PETER M. LANCASTER'S MOTION FOR ADMISSION PRO HAC VICE

TO THE HONORABLE COURT:

Texas attorney Stephen E. McConnico files this Motion in Support of the motion by non-resident attorney Peter M. Lancaster for admission *pro hac vice*, and shows the Court as follows:

Steve McConnico is an active member in good standing of the State Bar of Texas. Steve McConnico's Texas State Bar Number is 13450300. Steve McConnico is an attorney with the law firm of Scott, Douglass & McConnico, L.L.P., 600 Congress Avenue, Suite 1500, Austin, Texas, 78701; Phone: 512.495.6300; Fax: 512.474.0731.

Peter M. Lancaster has sought permission to appear as counsel for Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc. (collectively, the "Defendants") in this action. Peter M. Lancaster will be associated with Steve McConnico with the law firm of Scott, Douglass & McConnico, L.L.P. in this proceeding.

Steve McConnico finds Peter M. Lancaster to be a reputable attorney and recommends that Peter M. Lancaster be granted permission to participate in this proceeding before the Court. Peter M. Lancaster is an active member in good standing of the Bar of the State of Minnesota.

WHEREFORE, Steve McConnico respectfully requests that the Court grant Peter M. Lancaster's motion, enter an order allowing attorney Peter M. Lancaster to participate as one of the attorneys for the Defendants in this proceeding, and for such other relief to which he may show himself justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
Phone | (512) 495-6300
Fax | (512) 474-0731

By: _____
        Stephen E. McConnico
        State Bar No. 13450300
        Christopher D. Sileo
        State Bar No. 24027977

ATTORNEY FOR DEFENDANTS

2

VERIFICATION

STATE OF TEXAS                                    §
                                                 §
COUNTY OF TRAVIS                                  §

BEFORE ME, the undersigned authority, on this day personally appeared Stephen E. McConnico, a person known to me who, after being by me duly sworn, upon his oath deposes and says, that he has read the foregoing motion and that the facts stated within it are within his personal knowledge and are true and correct.

By: _____
Stephen E. McConnico

SUBSCRIBED AND SWORN TO before me by Stephen E. McConnico on this the 29th day of April 2013, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas

3

979224

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on April 24th, 2013.

Travis Barton                           *VIA FACSIMILE* 512.495.6093
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                            *VIA FACSIMILE* 713.655.0062
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010


                                        _____
                                        Stephen E. McConnico

4

979224

Filed
13 April 29 P2:30
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

## HEATHER D. REDMOND'S UNOPPOSED MOTION
## FOR ADMISSION PRO HAC VICE

TO THE HONORABLE COURT:

Heather D. Redmond ("Redmond") files this Unopposed Motion for Admission Pro Hac

Vice and shows as follows:

Redmond seeks permission to appear *pro hac vice* as counsel for Defendants Ameriprise

Financial, Inc., Ameriprise Financial Services, Inc., American Enterprise Investment Services,

Inc. (collectively, the "Defendants").

Redmond's contact information is as follows:

Heather D. Redmond
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone | 612.340.6343
Fax | 612.340.2868

Redmond will be associated in this proceeding with attorney Stephen E. McConnico, State Bar No. 13450300. Steve McConnico is a licensed attorney with the law firm of Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas, 78701; Phone: 512.495.6300; Fax: 512.474.0731.

Redmond has appeared or sought leave to appear or participate in the following Texas cases within the past two years: none.

Redmond is an active member in good standing of the Bar of the State of Minnesota. Further, Redmond is admitted to practice in the following federal courts: U.S.D.C. - District of Wisconsin, U.S.D.C. - District of Colorado, U.S. Courts of Appeals for the Federal, Eleventh, and Eighth Circuits.

Redmond has not been the subject of disciplinary actions by the Bars or the courts of any jurisdiction in which Heather Redmond is licensed in the past five years. Redmond has not been denied admission to the courts of any state or to any federal court during the past five years.

Redmond attests that she is familiar with the State Bar Act, the State Bar Rules, the Texas Disciplinary Rules of Professional Conduct governing the conduct of members of the State Bar of Texas, and the Travis County Local Rules. Redmond attests that she will at all times abide by and comply with these rules as long as the Texas proceeding is pending and she has not withdrawn as counsel in the proceeding.

Attached hereto is the acknowledgment letter from the Texas Board of Law Examiners demonstrating proof of payment of the fee required by Texas Government Code § 82.0361.

WHEREFORE, Heather D. Redmond respectfully requests that the Court grant her Unopposed Motion for Admission Pro Hac Vice and enter an order allowing her to participate as

2

an attorney for the Defendants in this action and grant her such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

*Heather D. Redmond*

Heather D. Redmond
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone | 612.340.6343
Fax | 612.340.2868

## CERTIFICATE OF CONFERENCE

I hereby certify that Travis Barton, with McGinnis, Lochridge & Kilgore, LLP confirmed that the Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., do not oppose this motion for pro hac vice admission.

*Heather D. Redmond*

Heather D. Redmond

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on April 29, 2013.

Travis Barton                                          *VIA FACSIMILE* 512.495.6093
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                                           *VIA FACSIMILE* 713.655.0062
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010

_____
Stephen E. McConnico

4

## VERIFICATION

STATE OF MINNESOTA          §
                           §
COUNTY OF HENNEPIN          §


BEFORE ME, the undersigned authority, on this day personally appeared Heather Redmond, a person known to me who, after being by me duly sworn, upon her oath deposes and says that she has read the foregoing motion and that the facts stated within it are within her personal knowledge and are true and correct.


By: _Heather D. Redmond_____

        Heather D. Redmond


SUBSCRIBED AND SWORN TO before me by Heather Redmond on this the 24th day of April, to certify which witness my hand and official seal.

DEANNA L. BIANCHI-ROSSI
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

_Deanna J. Bianchi Rossi_____
Notary Public in and for the
State of Minnesota


5

Filed
13 April 29 P2:33
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

**UNOPPOSED MOTION IN SUPPORT OF HEATHER D. REDMOND'S
MOTION FOR ADMISSION PRO HAC VICE**

TO THE HONORABLE COURT:

Texas attorney Stephen E. McConnico files this Motion in Support of the motion by non-resident attorney Heather D. Redmond for admission *pro hac vice*, and shows the Court as follows:

Steve McConnico is an active member in good standing of the State Bar of Texas. Steve McConnico's Texas State Bar Number is 13450300. Steve McConnico is an attorney with the law firm of Scott, Douglass & McConnico, L.L.P., 600 Congress Avenue, Suite 1500, Austin, Texas, 78701; Phone: 512.495.6300; Fax: 512.474.0731.

Heather D. Redmond has sought permission to appear as counsel for Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc. (collectively, the "Defendants") in this action. Heather D. Redmond will be

associated with Steve McConnico with the law firm of Scott, Douglass & McConnico, L.L.P. in this proceeding.

Steve McConnico finds Heather D. Redmond to be a reputable attorney and recommends that Heather D. Redmond be granted permission to participate in this proceeding before the Court. Heather D. Redmond is an active member in good standing of the Bar of the State of Minnesota.

WHEREFORE, Steve McConnico respectfully requests that the Court grant Heather D. Redmond's motion, enter an order allowing attorney Heather Redmond to participate as one of the attorneys for the Defendants in this proceeding, and for such other relief to which he may show himself justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
Phone | (512) 495-6300
Fax | (512) 474-0731

By: _____
Stephen E. McConnico
State Bar No. 13450300
Christopher D. Sileo
State Bar No. 24027977

ATTORNEY FOR DEFENDANTS

2

979609

VERIFICATION

STATE OF TEXAS                           §
                                         §
COUNTY OF TRAVIS                         §


    BEFORE ME, the undersigned authority, on this day personally appeared Steve
McConnico, a person known to me who, after being by me duly sworn, upon his oath deposes
and says, that he has read the foregoing motion and that the facts stated within it are within his
personal knowledge and are true and correct.


                              By: _____
                                        Stephen E. McConnico


    SUBSCRIBED AND SWORN TO before me by Steve McConnico on this the 29th day of
April 2013, to certify which witness my hand and official seal.

                              _____
                              Notary Public in and for the
                              State of Texas

3

979609

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on April 29, 2013.

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

*VIA FACSIMILE* 512.495.6093

Steven Mitby
Megan Bibb
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010

*VIA FACSIMILE* 713.655.0062

_____
Stephen E. McConnico

4

979609