# EXHIBIT A
# PART 10 OF 12

## NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., and VERSATA | § | |
| DEVELOPMENT GROUP, INC., f/k/a | § | |
| TRILOGY DEVELOPMENT GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, INC., | § | |
| AMERICAN ENTERPRISE INVESTMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED COUNTERCLAIM AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Defendants Ameriprise Financial, Inc. ("Ameriprise"), Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively "Defendants") and file this First Amended Counterclaim and Application for Temporary and Permanent Injunctive Relief and state as follows:

## COUNTERCLAIM

Counterclaimant Ameriprise, for its Counterclaim against all Plaintiffs (collectively, "Versata"), states and alleges as follows:

1002507

## DISCOVERY

1.      Discovery should be conducted pursuant to Level 3, Texas Rule of Civil Procedure 190.4, and Ameriprise moves that discovery be conducted in accordance with a discovery control plan tailored to the specific circumstances of this suit.

## INTRODUCTION AND PARTIES

2.      Ameriprise is a Delaware corporation with its principal place of business located at 55 Ameriprise Financial Center in Minneapolis, Minnesota. Ameriprise is a leading financial planning and services company. Ameriprise subsidiaries serve individual investors' and institutions' financial needs through financial planning, wealth management, retirement planning, asset management, annuities, and insurance. Ameriprise was formerly named American Express Financial Corporation. Ameriprise's field force includes numerous personnel within Travis County and elsewhere in Texas.

3.      Versata is a Delaware corporation with its principal place of business in Austin, Texas. On information and belief, Versata conducts business with fewer than five employees in Texas or anywhere else in the United States. Versata provides software and other technology products and services to companies in the financial services industry, among other areas. Versata was formerly named Trilogy Software, Inc.

4.      At the center of this action is a Master License Agreement ("Agreement") by which Versata granted to Ameriprise a "nonexclusive, nontransferable ... perpetual, worldwide license to use" and to "modify and otherwise create derivative works" from an enterprise compensation software product currently called "Distribution Channel Management" or "DCM." The terms of the Agreement are binding upon Versata and Ameriprise.

2

5.      In breach of its contractual obligations, Versata has threatened to terminate, and has stated that it has already terminated, Ameriprise's perpetual and worldwide license to use DCM, software that is a necessary component of an Ameriprise system called "Distribution Management Utility," or "DMU."

## JURISDICTION AND VENUE

6.      This Court has general jurisdiction over Plaintiffs because their principal place of business is in Travis County, Texas, and because they subjected themselves to the jurisdiction of this Court by commencing this action. This Court has specific jurisdiction in connection with these Counterclaims because these Counterclaims relate to issues presented in Plaintiffs' Petition.

7.      In accordance with § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal place of business in in Travis County.

## FACTS

**A.      The Master License Agreement**

8.      The predecessors of Ameriprise and Versata entered into the Agreement, effective October 4, 1999, by which Versata granted to Ameriprise a "nonexclusive, nontransferable ... perpetual, worldwide license to use" and to "modify and otherwise create derivative works" from DCM. The core software and documentation relating to the DCM software are referred to in the Agreement as the "Products."

3

9.     DCM is Java-based software. It was designed by Versata to be extended (*i.e.*, modified and enhanced), and at Ameriprise DCM has been extended and customized with as much as a million lines of additional computer code, added by Ameriprise over many years through the use of different contractors and with Versata's full knowledge.

10.     DCM is a key component of Ameriprise's DMU system, which is part of the compensation and recordkeeping operations for all Ameriprise personnel registered to perform securities work. It manages such personnel's licenses and registrations, calculates compensation, and manages payments to the Ameriprise field force.

11.     The Agreement gives Ameriprise the right to engage third parties to perform work on DCM, so that, among other things, Ameriprise need not be dependent upon Versata's ability to perform such work, upon the quality of Versata's work, or upon the pricing of Versata's work. Furthermore, at the time of the license grant, Versata did not have sufficient personnel to provide the extensive customization services for the customizable software it was selling to entities like Ameriprise. Accordingly, the Agreement contemplated from its inception that entities and people other than Versata would be working on DCM. Specifically, section 4.4 of the Agreement grants Ameriprise the right to "maintain (directly or through a third party pursuant to the provisions of this Agreement) the Products." The sole constraints on the right to use such third-party contractors, contained within section 4.8, are that such contractors subject themselves to confidentiality obligations and "do not, to the best of [Ameriprise's] knowledge, compete with [Versata] in the development of enterprise compensation or configuration software."

12.     Throughout the thus-far-thirteen year life of the Agreement, Ameriprise has relied upon such third-party contractors to host, customize, and extend DCM, and the predecessor

4

versions of DCM called first SC Commission and then DMS, as explicitly authorized by section 4.4 of the Agreement. Throughout that period, Versata has been fully aware of Ameriprise's use of third-party contractors, including its use of Infosys Technologies, Ltd. ("Infosys"). Indeed, Versata has worked with such third-party contractors since 1999, including Infosys, to upgrade and customize Ameriprise's various versions of what is now called DCM code, pursuant to Ameriprise's rights under the Agreement. In addition, since at least 2008, Versata has been aware of, and participated in, occasional decompiling of DCM object code – that is, conversion of object code (0's and 1's readable only by a computer) into source code (readable by programmers) - through the use of readily-available software.

13.      Despite this acquiescence, in 2010 Versata raised concerns about Infosys decompiling DCM code. In response, Ameriprise, though it had no obligation to do so, began to phase Infosys out of its contractor role with respect to DCM-related work. To date, more than 90% of previously-engaged Infosys personnel have been removed from such work, leaving fewer than ten Infosys employees with access to DCM.

**B.      Versata's Efforts to Force Ameriprise to Convert to A New, Risky, Unproven, Unsafe Software System Or Additional Payments**

14.      Beginning around May 2012, Versata sought to sell Ameriprise a new, unproven, and substantially more expensive replacement for DCM. Versata called its sales proposal the "DCM Enterprise Cloud." Versata's new DCM Enterprise Cloud proposal would require Ameriprise to drastically increase its payments to Versata and to entrust the operation, storage and security of Ameriprise's highly sensitive and confidential business functions and information to a third-party service provider's public cloud environment. A "public cloud" is a shared

5

storage and computing environment delivered over a network. In this case, the network is the public Internet.

15. Ameriprise expressed skepticism about and reluctance to accept Versata's DCM Enterprise Cloud proposal for sound business judgment reasons, including but not limited to: security concerns associated with Ameriprise's highly confidential information and dependence on a fully functioning DCM, dissatisfaction with Versata's personnel, and greatly increased costs.

16. On September 17, 2012, two business days after receiving Ameriprise's initial reaction to Versata's sales pitch, Versata sent Ameriprise's outside counsel a letter claiming an alleged "material breach" of the Agreement and demanding that Ameriprise cure such alleged breach within thirty days. Fully aware that Ameriprise depends upon DCM and the contractors who customize and maintain it and fully aware that the "breaches" it alleged were impossible to "cure" within 30 days, Versata nonetheless threatened to terminate the Agreement at the end of the 30-day period. In that event, Versata threatened, by the October 17, 2012 deadline, "Ameriprise ... must immediately stop using all Versata-developed software and immediately must return all of Versata's software and other confidential information." Versata's letter culminated in a demand for an immediate mediation to discuss the issues Versata raised. Ameriprise agreed to Versata's mediation demand to continue negotiations regarding the resolution of Versata's concerns.

17. On November 12, 2012, despite Ameriprise's acquiescence to Versata's request for a prompt mediation, and in the midst of the parties' discussions with a third-party mediator, Versata filed suit against Ameriprise in Texas state court.

18.     Versata's conduct in wrongfully threatening to terminate the Agreement constitutes wrongful termination and a breach of the Agreement. The conduct is a willful and malicious act within the meaning of Article 11 of the Agreement.

19.     Ameriprise has provided Versata notice of its material breaches of the Agreement.

## C.     **Ameriprise's Right to Relief**

20.     Because Versata has purported to terminate the Agreement and has not withdrawn its purported termination, and Ameriprise has previously provided notice of Versata's breaches, Ameriprise must conclude that granting Versata any additional cure period ordinarily available under the Agreement would be futile. An effective cure by Versata would have required, among other actions to cure its breaches, (a) withdrawal of its purported termination and (b) withdrawal and dismissal of its pending lawsuit.

21.     Ameriprise has paid Versata all sums owed to it.

22.     Ameriprise is entitled to engage third-party contractors to provide software services for DCM who do not compete with Versata in the development of enterprise compensation or configuration software.

23.     Ameriprise is entitled to continue to use DCM.

24.     The harm that Versata's actions have caused and threaten to cause to Ameriprise is irreparable, with no adequate remedy at law.

## CAUSES OF ACTION

## I.     BREACH OF CONTRACT THROUGH WRONGFUL TERMINATION

25.     Ameriprise realleges and reincorporates paragraphs 1-24 as if set forth herein.

26.     New York law governs the interpretation of the parties' Agreement.

7

27.     Pursuant to New York law, Versata is subject to an implied covenant of good faith and fair dealing in fulfilling the parties' Agreement.

28.     Versata's purported termination of the Agreement is a material breach of its own contractual obligations, which include these specific obligations: upon notice and payment by Ameriprise, to provide maintenance services for the software (section 6.1); to provide "[u]pdates to each Product and" relevant Documentation (section 6.6); to make available to Ameriprise "any and all modifications to the Products" without additional cost to Ameriprise (section 6.7); and to warrant that Ameriprise's "use and possession of the Product Materials and Services and the license granted hereunder, shall not be adversely affected, interrupted or disturbed by Licensor (except as provided in the Agreement)" (section 8.1). Versata's purported termination also is a breach of the covenant of good faith and fair dealing implied in the Agreement.

29.     In addition, Versata's purported termination of the Agreement is a material breach of the Agreement because Versata demanded a forfeiture of Ameriprise's rights and Versata failed to comply with the Agreement's termination requirements.

30.     Nothing in the Agreement or Ameriprise's actions justifies Versata's precipitous attempts to terminate the Agreement.

31.     Versata knew when it sent its September 17, 2012, letter that its demands could not be satisfied, and it knew or should have known that its letter failed to comply with the Agreement's termination requirements.

32.     Without the ability to use DCM as contemplated in the Agreement, Ameriprise and its advisors, franchisees and their employees will suffer irreparable injury.

8

33.     As a result of Versata's breach, pursuant to section 12.2 of the Agreement, Ameriprise is entitled to the identified contractual remedies immediately.

34.     As a result of Versata's material breach of the Agreement through its legally deficient attempt at termination and forfeiture demand, Ameriprise is entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

35.     As a result of Versata's material breach of the Agreement through its legally deficient termination letter and forfeiture demand, Ameriprise is entitled to obtain and use all escrowed versions of DCM and all related documentation.

36.     As a result of Versata's material breach of the Agreement through its legally deficient termination letter and forfeiture demand, Ameriprise is entitled to an injunction prohibiting Versata from taking any actions interfering with Ameriprise's use of DCM.

37.     Ameriprise is also entitled to damages as a result of Versata's material and uncured and incurable breaches.

## II.    BREACH OF CONTRACTUAL WARRANTIES

38.     Ameriprise realleges and reincorporates paragraphs 1-37 as if set forth herein.

39.     In Section 8.1 of the Agreement, Versata warranted that (i) Licensor has the right to furnish [DCM] ... free of all liens, claims, encumbrances and other restrictions; [and] (ii) to the best of its knowledge, the Product Materials and Services furnished by [Versata] and/or [Ameriprise's] use of the same hereunder do not violate or infringe the rights of any third party ..."

40.     The Agreement also required Versata to provide Ameriprise with "updates" of the

9

Product. Updates were explicitly covered by (section 8.1) and "subject to the Warranty provisions" of the Agreement (section 4.1).

41.    In 2011, Versata provided Ameriprise with a very substantial update to DCM ("DCM 3.9"). The DCM 3.9 update effectively replaced, in its entirety, the immediately preceding version of DCM that had been in use at Ameriprise, which was version 3.3.

42.    In fact the DCM 3.9 update was so substantial that Ameriprise was required to pay and did pay to Versata millions of dollars to assist Ameriprise with the installation of DCM 3.9 into Ameriprise's DMU program.

43.    Versata's DCM 3.9 software incorporates software subject to claims, encumbrances, restrictions and/or claims of violation or infringement of rights of third parties.

44.    On information and belief, Versata knew that its DCM 3.9 software violated and/or infringed the rights of third parties.

45.    Versata failed to inform Ameriprise of all the third parties with rights to subject DCM 3.9 to claims, encumbrances, restrictions, and/or claims of violation or infringement of rights of third parties.

46.    As a result of Versata's breach, pursuant to section 12.2 of the Agreement, Ameriprise is entitled to the identified contractual remedies immediately or following a thirty-day notice period.

47.    As a result of Versata's material breach of the Agreement, Ameriprise is or will be entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee." including the DCM 3.9 software pursuant to section 12.2 of the Agreement.

10

48.     As a result of Versata's material breach of the Agreement, Ameriprise is or will be entitled to obtain and use all escrowed versions of DCM, including DCM 3.9 and all related documentation.

49.     Ameriprise also is or will be entitled to damages as a result of Versata's material and uncured and incurable breaches whether by way of counterclaim or recoupment.

## III.     BREACH OF ESCROW OBLIGATIONS

50.     Ameriprise realleges and reincorporates paragraphs 1-49 as if set forth herein.

51.     The parties' Agreement requires Versata to "deposit the ["source code and all the generally available Documentation thereto, for a Product or Updates"] with Data Securities International Inc. ("DSI") no later than forty five (45) days after the execution of any Schedule issued hereunder, if such Deposit Materials are not already in escrow with DSI." Versata is obligated to "employ reasonable efforts to ensure that [Ameriprise] has received notice of any deposit pursuant to" stated terms. Versata is obligated to "update the escrow at least every six months" and "upon delivery of an Update" (sections 5.1 and 5.2).

52.     The parties' Escrow Agreement, an exhibit to the Agreement, acknowledges that "the availability of or access to certain proprietary data related to the proprietary technology and other materials is critical to [Ameriprise] in the conduct of its business."

53.     Section 5.1 of the Escrow Agreement similarly requires Versata to deposit "source code and all the generally available Documentation thereto for a Product or Updates" with Data Securities International, Inc. or a successor escrow agent.

54.     On information and belief, Versata failed to establish an accessible escrow account with Data Securities International, Inc. for the benefit of Ameriprise and failed to deposit

11

source code or documentation into escrow as required by the Agreement and/or the Escrow Agreement.

55. Ameriprise provided written notice to Versata of its breach of its escrow obligations over thirty days ago.

56. Versata has materially breached its contractual obligations relating to the deposit and updating of source code on deposit from time to time, including these obligations: to "deposit the ["source code and related documentation] ... no later than forty five (45) days after the execution of any Schedule" and to "employ reasonable efforts to ensure that [Ameriprise] has received notice of any deposit pursuant to" stated terms (Agreement sections 5.1 and 5.2); to deposit the "source code and all the generally available Documentation thereto, for a Product or Updates" with the escrow agreement (section 5.1 of the Escrow Agreement); to update the escrow at least every six months and also use commercially reasonable efforts to update the escrow upon delivery of a software update to Ameriprise (section 5.2 of the Escrow Agreement); to update the deposited software code and related documentation within thirty days after distribution of a technology release, with such deposits occurring at least every twelve months, or, alternatively, to "certify to [Ameriprise] that the Deposit contains the latest technology release" (section 3 of the Escrow Agreement).

57. Ameriprise is damaged by not having available to it current and/or updated software as contemplated by the Escrow Agreement.

58. Ameriprise is entitled to remedies following termination of the Agreement as a result of Versata's breach pursuant to section 12.2 of the Agreement.

12

59.     In section 5.3, the Agreement provides for the release to Ameriprise of the source code held in escrow if Versata commits an "uncured, material breach of its maintenance or support obligations." Such uncured, material breaches have occurred.

60.     Versata's breaches entitle Ameriprise to obtain from the escrow agent and/or Versata, all "source code . . ., all necessary and available information, proprietary information, and technical documentation which will enable [Ameriprise] to create, maintain and/or enhance the licensed material without the aid of [Versata] or any other person ..."

61.     Pursuant to section 14 of the Escrow Agreement, Ameriprise will be entitled to decompile, disassemble, or reverse engineer the escrowed code and documentation.

62.     As a result of Versata's material breach of the Agreement and the Escrow Agreement, Ameriprise is entitled to obtain from the escrow agent and/or Versata, and to use without constraint, all versions of DCM and all related documentation that have been escrowed or that Versata had a duty to place in escrow.

## IV.     IMPOSITION OF CONSTRUCTIVE TRUST

63.     Ameriprise realleges and reincorporates paragraphs 1-62 as if set forth herein.

64.     The Agreement governs the scope of the business relationship between Ameriprise and Versata and obligates Versata to act for the benefit of Ameriprise. Both parties have confidentiality obligations under the Agreement, and the nature of the services provided by Versata requires Ameriprise to trust Versata with significant amounts of proprietary information and trust in Versata's ability and willingness to maintain a fully and continuously functioning DCM. The existence of such duties in turn gives rise to fiduciary obligations by Versata to

13

Ameriprise. Specifically, the Agreement encompasses promises made by Versata with respect to DCM.

65.     Over thirteen years of operations, Ameriprise has contributed financially, operationally, and creatively to the development of DCM.

66.     The current version of DCM is as much the work product of Ameriprise as of Versata.

67.     Versata would be unjustly enriched if it were allowed to keep DCM for its own use and profit, and to prohibit Ameriprise from accessing the software.

68.     Ameriprise is entitled to a constructive trust preserving its access to DCM, prohibiting any interference with its use of DCM, and sharing in any revenue gained by Versata through exploitation of DCM, or variants or derivatives of DCM to which Ameriprise has contributed and which Versata has subsequently sold, licensed, or otherwise made available to any other party.

## V.    DECLARATION OF AMERIPRISE'S RIGHTS

69.     Ameriprise realleges and reincorporates paragraphs 1-68 as if set forth herein.

70.     Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Ameriprise requests, and the interests of the parties to this action require, a judicial determination of Ameriprise's rights and Versata's obligations under the Agreement.

71.     As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise possesses a "perpetual license to use the Product,

14

Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

72. As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise is entitled to obtain and use all escrowed versions of the DCM and all related documentation without constraint.

73. As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, there is an actual controversy between Versata and Ameriprise as to whether Ameriprise is entitled to employ as contractors, to help enhance and maintain DCM, at least the following companies: Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services.

74. A declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and future obligations of the parties to this action. Ameriprise requests that the Court grant relief by declaring the rights of the parties pursuant to New York law, as provided by the parties' Agreement.

75. Accordingly, Ameriprise requests judicial declaration that: (1) Ameriprise possesses a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement; (2) Ameriprise is entitled to obtain and use, enhance, modify, and customize, all versions of DCM, including source code and all related documentation that were, or should have been, escrowed; and (3) Ameriprise is entitled to employ as contractors, to help enhance and maintain the DCM,

1002507

at least the following companies: Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services.

## APPLICATION FOR PERMANENT INJUNCTION

76.    Ameriprise realleges and reincorporates paragraphs 1-75 as if set forth herein.

77.    As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, Ameriprise is entitled to a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement.

78.    As a result of Versata's material breaches of the Agreement and the irreparable harm resulting from such breaches, Ameriprise is entitled to obtain and use, enhance, modify, and customize, all escrowed versions of DCM, or versions that should have been escrowed, and all related documentation without constraint.

79.    Ameriprise requests an injunction barring Versata from taking any action in furtherance of its purported termination of the Agreement.

80.    Ameriprise requests a permanent injunction compelling Versata to make delivery to Ameriprise of a current copy of all "source code ..., all necessary and available information, proprietary information, and technical documentation which will enable [Ameriprise] to create, maintain and/or enhance the licensed material without the aid of [Versata] or any other person ..."

## APPLICATION FOR TEMPORARY INJUNCTION

81.    Ameriprise realleges and reincorporates paragraphs 1-80 as if set forth herein.

82.     Ameriprise has established that it is likely to prevail on its first Cause of Action, which alleges that Versata breached the Agreement when it wrongfully and improperly purported to terminate the Agreement.

83.     Ameriprise has established that it is likely to prevail on its second Cause of Action, which alleges that Versata breached the Agreement when it incorporated software to which third parties own rights into DCM.

84.     Ameriprise has established that it is likely to prevail on its third Cause of Action, which alleges that Defendant breached the Agreement when it failed to comply with its escrow obligations.

85.     The requested temporary injunction is necessary to prevent irreparable harm to Ameriprise and will cause no harm to Versata.

86.     Because the requested temporary injunction is consistent with the parties' contract, and because the public interest favors enforcement of valid contracts, the temporary injunction is consistent with public policy considerations.

87.     The requested temporary injunction is unlikely to impose burdens on the Court.

88.     Ameriprise accordingly requests that Versata be temporarily enjoined from acting on, or taking any action in furtherance of, its letter purporting to terminate the Agreement, including but not limited to (a) taking any action to disable DCM; (b) taking any action to force Ameriprise to prohibit contractors from Infosys Technologies, Ltd. or TCS from having access to the licensed Products in order to provide services in support of the operation of Ameriprise's business; and (c) refusing to fulfill its contractual maintenance and support obligations so long as Ameriprise makes its contractually required payments for such services.

17

89.     Ameriprise further requests that Versata be ordered, within ten (10) days after the date of the Court's Order, to deposit with a third party escrow agent, identifying Ameriprise as a beneficiary of such deposit, the original source code for DCM (along with all updates to the source code) and available Documentation; and to provide Ameriprise written confirmation that it has done so, such written confirmation to include the name and contact information for the escrow agent, the account number of the escrow account, and the date and content of all deposits into the escrow account. Until otherwise ordered by the Court, Versata shall thereafter continue to meet its escrow obligations under the Agreement by making timely escrow deposits of updates and upgrades to DCM and provide the required confirmation to Ameriprise.

## PRAYER FOR RELIEF

WHEREFORE, Ameriprise requests that this Court enter a judgment and decree against Versata as follows:

(a)     Temporarily and permanently enjoining Versata from taking any actions adverse to Ameriprise with respect to its purported termination of the Agreement as more specifically set forth above;

(b)     Declaring that as a result of Versata's breaches of contract, Ameriprise is entitled to a perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement and is entitled to obtain and use, enhance, modify, and customize, all versions of DCM, including source code and all related documentation that were, or should have been, escrowed;

18

     (c)     Declaring that Ameriprise is entitled to employ as contractors, to help enhance and maintain the DCM, at least the following companies: Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services;

     (d)     Imposing a constructive trust protecting Ameriprise's investment in DCM;

     (e)     Awarding damages in an amount to be proven at trial, which damages sought are within the jurisdictional limits of the court;

     (f)     Attorney fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.09 and § 38.01, *et seq.*, and other applicable law;

     (g)     Awarding Ameriprise its costs of court;

     (h)     Awarding Ameriprise pre and post judgment interest; and

     (i)     Awarding Ameriprise such other and further general relief, at law or in equity, to which Ameriprise may be entitled.

1002507

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
Phone: (512) 495-6300
Fax: (512) 474-0731


By      /s/ Christopher D. Sileo
        Steve McConnico
        Texas Bar No. 13450300
        E-Mail: smcconnico@scottdoug.com
        Christopher D. Sileo
        Texas Bar No. 24027977
        E-Mail: csileo@scottdoug.com

**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
T: (612) 340-2600
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

*ATTORNEYS FOR DEFENDANTS*

20

Case 1:14-cv-00012-BS Document 1-16 Filed 04/07/14 Page 22 of 122

Received: AZACLaw Fax: 7136558062 Jun 19 2013 11:44am P003/003
JUN-19-2013 11:46 From:SCOTT DOUGLASS     5124740731          To:159104*2#91713655006 Page:23/23

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on June 19, 2013.

Travis Barton                *VIA FACSIMILE* 512.495.6093
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                *VIA FACSIMILE* 713.655.0062
Ben Foster
Amir Alavi
Ahmad, Zavitsanos, Anaipakos, Alavi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010


            /s/ Christopher D. Sileo
            Christopher D. Sileo

1002307

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
|      Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
|     Defendants. | § | |

## EXHIBIT 5 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., and VERSATA | § | |
| DEVELOPMENT GROUP, INC., f/k/a | § | |
| TRILOGY DEVELOPMENT GROUP, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, INC., | § | |
| AMERICAN ENTERPRISE INVESTMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |
| | § | |

## THIRD PARTY MCCAMISH SYSTEMS, L.L.C.'S MOTION TO QUASH PLAINTIFFS' NOTICE OF INTENT TO TAKE CORPORATE REPRESENTATIVE DEPOSITION AND *SUBPOENA DUCES TECUM* AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

Third Party McCamish Systems, L.L.C. ("McCamish") hereby submits this Motion to Quash Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. ("Plaintiffs" or "Versata")'s Notice of Intent to Take the Oral and Videotaped Deposition of the Corporate Representative of McCamish Systems and *Subpoena Duces Tecum*, and Motion for Protective Order, and respectfully show the Court as follows:

## SUMMARY

Versata seeks to depose a McCamish corporate representative on June 26, 2013, and to obtain documents in order to support its bid for a temporary injunction against Ameriprise. McCamish, which is not a party to this lawsuit, asks this Court to quash the deposition notice and subpoena, or alternatively to postpone the deposition to the week of July 8, 2013 or a mutually

convenient time thereafter.  McCamish also seeks an order narrowing the scope of Versata's deposition topics and document requests, as specified below.

## BACKGROUND

Plaintiff Versata offers a software program called Distribution Channel Management ("DCM"), which it markets to large companies in the financial services and insurance industries for the purpose of tracking and managing licenses, credentials, commissions, and compensation for financial advisors and sales agents.    Defendants Ameriprise Financial, Inc. *et al.* ("Ameriprise") provide a wide variety of investment services and financial products through a network of over 10,000 financial advisors.  Since 1999, Ameriprise has licensed the DCM software from Versata, and has gone to considerable effort and expense to improve and customize DCM to its own business needs and integrate it into the larger framework of Ameriprise's own Distribution Management Utility ("DMU"), an immense and complex system of in-house software applications supporting its nationwide operations.  At issue in this lawsuit is the 1999 Master License Agreement ("MLA") between Versata and Ameriprise, which governs Ameriprise's use of the DCM software.[1]  Section 4.8 of the MLA allows Ameriprise to use third-party contractors to perform maintenance and customization work on the DCM software so long as those contractors do not "compete with Versata in the development of enterprise compensation or configuration software."  Section 10.1 ambiguously prohibits the decompiling[2]

---

[1]  In 1999, Ameriprise was known as American Express Financial Services or Amexco, and Versata was known as Trilogy.  For convenience, the parties are referred to by their current names.

[2]  The "source code" for software programs such as Versata's DCM is composed by human programmers in languages such as Java.  The original source code must be "compiled" into a machine-readable form , incomprehensible to humans, before a computer can execute its instructions.  This machine code is called "object code."  A "decompiler" is a program, readily available on the internet, that converts object code back into source code so that a programmer can analyze it.  Versata provided its DCM software to Ameriprise in object code form.

of Versata's software code, except "to the extent any such activity may be permitted," without explaining when or under what circumstances decompiling is or is not permitted.

Ameriprise has preferred to use third-party contractors for the maintenance and customization work, rather than engaging Versata itself, because Versata was and is considerably more expensive than such contractors. From 2006 until very recently, Ameriprise engaged Infosys Technologies Limited (now Infosys Limited) ("Infosys") to provide DCM maintenance and customization. Versata was fully aware of Infosys's role from the beginning, and contracted with Ameriprise to provide training and support for Infosys's work. Versata made no objection to Infosys's presence prior to the middle of 2010. Versata's software was plagued by numerous bugs and defects, and Versata personnel were often slow to respond to requests for help. Infosys programmers sometimes found it necessary to decompile DCM files and examine their source code in order to solve problems and keep Ameriprise's systems running. Versata was aware of this decompiling since 2008, if not earlier, but made no objection or complaint prior to late 2010. In October 2010, Versata filed a lawsuit against Infosys alleging breach of contract and trade secret misappropriation based on the decompiling at Ameriprise. That action (the "federal lawsuit") is currently being litigated in the U.S. District Court for the Western District of Texas.

McCamish offers specialized software services and solutions for the insurance industry. McCamish's Producer Management and Compensation Services platform (PMACS) manages licenses and compensation for insurance sales agents. In November 2009, McCamish was acquired by Infosys BPO Limited, a subsidiary of Infosys Limited. Although McCamish developed the PMACS software long before its acquisition by Infosys BPO, Versata apparently believes that Infosys Limited has somehow used the decompiled DCM code to create PMACS as a means to compete against DCM. Despite this unsupported and incorrect belief, Versata has

made no move to compel discovery from McCamish or to seek any injunctive relief against Infosys in the more than two and a half years that the federal lawsuit has been underway.

Throughout 2011 and 2012, Versata repeatedly used the threat of litigation to pressure Ameriprise into removing Infosys and other third-party contractors from its DCM customization and maintenance work and signing up for vastly more expensive and inferior Versata services. In October 2012—more than two years after it complained about decompiling by Infosys, and at least two and a half years after it learned that an Infosys subsidiary had acquired McCamish, Versata filed this lawsuit against Ameriprise.  Versata's allegations, in essence, are that the McCamish acquisition made Infosys a "competitor" of Versata, thus putting Ameriprise in breach of § 4.8 of the Master License Agreement; and that the decompiling by Infosys in 2010 and earlier (which Versata condoned at the time) put Ameriprise in breach of § 10.1 of the Agreement. Versata's application for injunctive relief is premised on a spectre of irreparable and immediate harm if Infosys is not barred from access to DCM. But Ameriprise has already phased out Infosys from the DCM customization work, and Infosys personnel no longer have any access to Versata DCM code at Ameriprise. Given this fact, given the lack of any evidence that any Versata confidential information passed to McCamish, and given Versata's lengthy delay in seeking discovery or injunctive relief in the federal lawsuit, there is no justification for forcing McCamish—which is not a party to either lawsuit—to provide overbroad and intrusive discovery on the accelerated schedule now demanded by Versata.

## ARGUMENT

### I.  VERSATA'S SUBPOENA ISSUED FROM THE WRONG COURT

McCamish Systems is a limited liability company organized under the laws of Georgia and headquartered at 6425 Powers Ferry Road, Atlanta, Georgia 30339.  See Affidavit of Tommy Jacks at ¶ 4.  McCamish has no facilities in Texas.  *Id.*  Because McCamish is a non-

party, its deposition must take place in the county where it resides and can only be ordered by a court with jurisdiction over that place.   In this case, the subpoena should have issued from a Georgia court.   *Latham v. Thornton*, 806 S.W.2d 347, 349–50 (Tex. App.—Fort Worth 1991, orig. proceeding); *see* Tex. R. Civ. P. 176.3; 201.   Furthermore, under Rule 201.1 a party seeking to obtain deposition testimony from an out-of-state non-party witness must first ask the Texas court to issue letters rogatory, after notice and a hearing, requesting and authorizing the foreign court to subpoena the witness.   Versata did not set a hearing, and did not ask this Court to issue letters rogatory to the Georgia court.   Accordingly, Versata's deposition notice and subpoena are defective on their face and should be quashed.[3]

## II.   THE TIME AND PLACE NOTICED FOR THE DEPOSITION IS INCONVENIENT AND OVERLY BURDENSOME

McCamish objects to the time and place of the deposition as inconvenient and overly burdensome.   Tex. R. Civ. P. 192.6(a), 193.2(b).   Versata is demanding that McCamish conduct a broad-ranging internal investigation, gather documents, designate and prepare a corporate representative witness, and produce that witness for deposition in Austin, Texas on June 26, 2013.   As explained above, McCamish is headquartered in Atlanta, Georgia and any deposition should take place there rather than in Texas.

Furthermore, the limited notice given by Versata offers insufficient time for McCamish to prepare and respond.   McCamish is not a party to this litigation, and is not a party to the federal lawsuit between Versata and Infosys.   McCamish is two steps removed from the Infosys entity that worked with Versata's software at Ameriprise—a subsidiary of its subsidiary. Because McCamish's key personnel have had no involvement with Ameriprise or with the

---

[3] The undersigned attorney, Tommy Jacks, agreed to accept service for McCamish but reserved all objections to service except to agree that no objection would be based on the fact that the subpoena was delivered to him rather than directly to McCamish.

Versata lawsuits, and are unfamiliar with the relevant facts and issues, more time will be needed to prepare a knowledgeable corporate representative witness than would be the case for a typical deposition. Jacks Aff. ¶ 5. McCamish is currently attempting to identify a knowledgeable representative, but it does not yet know who that person will be, or whether that person could be available on June 26th. *Id.*

The deposition subject matter includes highly technical topics such as the features and functions of McCamish's software, and the similarities, if any, between that software and Versata's DCM software. Accordingly, the McCamish representative needs to be prepared for deposition and defended by an attorney who has both a strong technical background in software and computer science, and a thorough familiarity with the facts and issues of the Versata-Infosys and Versata-Ameriprise disputes. Jacks Aff. ¶ 6. The only attorneys who possess those qualifications are Roger Borovoy and David Barkan, who represent Infosys in the federal lawsuit. *Id.* ¶ 7. Both have decades of experience litigating software-related issues. *Id.* In addition, Mr. Barkan has already deposed Versata's chief technical witness and is thoroughly familiar with issues relating to Versata's DCM software. *Id.* However, both Mr. Borovoy and Mr. Barkan are out of the country during June, and cannot prepare or present a witness on June 26th. *Id.* They will return at the beginning of July, and McCamish will be able to present its witness no later than the week of July 8th, 2013. *Id.*

If the Court allows the deposition to go forward, McCamish respectfully asks the Court to delay it by only two weeks so that it can adequately prepare and present a knowledgeable witness. McCamish is willing to offer its corporate representative in Atlanta, Georgia during the week of July 8th, 2013, or at a later date to be mutually agreed.

**III.   VERSATA HAS HAD MORE THAN TWO YEARS TO OBTAIN THE DISCOVERY IT SEEKS**

Versata insists that it cannot allow McCamish any extension of time to let it adequately prepare its witness—not even two weeks—simply because Versata does not wish to postpone the hearing, currently set for July 1, 2013, on its motion for a temporary injunction against Ameriprise.  Versata has not offered any compelling reason why the injunction hearing cannot be reset, or indeed why it needs discovery from McCamish, who is not a party to this lawsuit and has no relationship with Ameriprise, in advance of that hearing.   Versata's sudden sense of urgency is hard to understand.  Versata's federal lawsuit against Infosys has been underway for more than two and a half years, and during that time Versata has had every opportunity to obtain the discovery it now seeks from McCamish, but it has made no serious effort to do so.  Versata has never asked for a McCamish deposition or moved to compel any discovery or set a hearing on any of Infosys's objections concerning discovery related to McCamish in the federal lawsuit. Jacks Aff. ¶ 8.

Versata's allegations regarding McCamish are twofold:   that the acquisition of McCamish made Infosys a "competitor" of Versata, thus purportedly violating a provision in Versata's contract with Ameriprise; and that Infosys supposedly misappropriated Versata DCM code from Ameriprise and then used it to develop a competing product at McCamish.  Since Versata has been making both these allegations for years, there is no excuse for its long delay in seeking discovery to test the truth of those allegations.  Infosys's subsidiary Infosys BPO acquired McCamish in November 2009, and Versata knew about the acquisition and began expressing concern in internal discussions about Infosys as a possible "competitor" at least as early as March 2010.  Jacks Aff. ¶ 7.  However, not until *September 2012* did Versata formally notify Ameriprise that it considered Ameriprise's employment of Infosys to be a breach of its contract.  *Id.*

Versata's allegation that its DCM code somehow ended up at McCamish is founded on nothing more than the impression of Versata's CEO Chris Smith, upon browsing McCamish's public website, that some of the advertised features of McCamish's PMACS software seemed similar to features of Versata's DCM software. Ex. "B", corporate representative deposition testimony of Chris Smith, Aug. 31, 2011, at 94:11–97:4. In July 2011, Smith verified Versata's First Amended Complaint, which stated that McCamish did not begin offering these features until after Infosys allegedly misappropriated Versata DCM code at Ameriprise. Ex. "B" at 57:21–58:11; *see* Ex. "C", First Amended Complaint § 18. In fact, however, archived versions of the same McCamish web pages that Versata investigated show that as far back as 2006, years before Infosys's subsidiary acquired it, McCamish was advertising exactly the same features of PMACS in exactly identical language.[4] In November 2012, more than a year after his first deposition, Smith gave a second deposition in which he admitted that he had conducted no further investigation of McCamish and was not aware if anyone else at Versata had done so. *See* Ex. "D", deposition testimony of Chris Smith, Nov. 2, 2012, at 277:16–279:8. Had Versata made any further effort to substantiate its allegations, it would have learned that they were without foundation. *No* Infosys employees who previously worked on DCM at Ameriprise have gone on to work at McCamish, and both Infosys and McCamish have taken measures to ensure that no such movement of employees will take place in future. Jacks Aff. ¶¶ 15, 16. Thus, there is no plausible pathway by which Versata DCM code could have found its way from Ameriprise to McCamish.

---

[4] *See* Ex. "E", showing the current version of the PMACS web page as retrieved on June 4, 2013, and also the archived version of same page dated October 15, 2006, which is readily available from the Internet Archive (or "Wayback Machine") at http://archive.org/web/web.php. Given that the current and archived pages are plainly identical, it is difficult to credit Smith's testimony that he used the "Wayback Machine" to determine that McCamish did *not* offer these features before Infosys acquired it. Ex. "B", Smith Depo. 58:22–59:8.

Given Versata's inexplicable lack of diligence in pursuing discovery from McCamish in the federal lawsuit—where it would be somewhat more relevant than it is in this suit, since McCamish has no connection to either Versata or Ameriprise other than indirectly through Infosys—this Court should not allow Versata to make McCamish jump at its command.

## IV.   THE DISCOVERY SOUGHT BY VERSATA IS OVERLY BROAD AND UNDULY BURDENSOME

McCamish objects to both the deposition topics and document requests as overly broad and unduly burdensome. *See* Tex. R. Civ. P. 192.4. Versata's allegations to date have focused on McCamish's PMACS software platform, which manages licenses and compensation for insurance sales agents and offers some features similar to Versata's DCM product. But Versata's discovery requests are far more sweeping, seeking information about all "enterprise software," a vague and unclear category (Topic 2); or "configuration software," which refers to a different line of Versata software products entirely unrelated to DCM,[5] and never in use at Ameriprise (Topic 4, RFP 3); or all "McCamish systems products" (RFP 1). For the first time, Versata seeks information about a separate McCamish product, VPAS Life, which is used not for compensating insurance agents but for designing and selling insurance policies, and as such has nothing in common with Versata's DCM software. *See* Ex. "F".[6]  Such sweeping discovery is overly broad and goes far beyond the limits of relevance. Furthermore, Versata's demand that McCamish produce documents identifying "every individual who has contributed to the development" of *any* McCamish products since the Infosys BPO acquisition in late 2009 (RFP 1)

---

[5] Versata's Configuration Modeling Language (CML) software is used to configure physical components and options when ordering the manufacture or purchase of complex products such as aircraft, automobiles or computer systems. *See* U.S. Pat. No. 5,515,524 (May 7, 1996). McCamish, which specializes in serving the insurance industry, has no remotely similar products.

[6] As with PMACS, the McCamish public web page describing the features of VPAS Life has not changed since long before McCamish's acquisition by Infosys BPO in late 2009. Exhibit "F" shows the current VPAS Life page, as retrieved on June 4, 2013, and also an archived version obtained from http://archive.org/web/web.php showing the same page as it appeared on February 6, 2007.

is grossly excessive and unduly burdensome, given that such a list is likely to contain many hundreds if not thousands of names.

If the Court allows Versata to obtain any discovery from McCamish, it should limit the scope of that discovery to what can be rationally related to the facts at issue. Versata's discovery should be limited to the relationship between Infosys and McCamish; the PMACS software; and the possible movement of personnel between the Infosys Ameriprise team and McCamish. Specifically, Versata's corporate deposition topics should be limited to the following:

(a) The corporate relationship between Infosys and McCamish;

(b) The role of Infosys personnel, if any, in the development of the PMACS software;

(c) The features, functionality, and markets for the PMACS software; and

(d) Knowledge of the documents produced in response to the subpoena.

Likewise, Versata's document requests should be limited to the following:

(a) Document(s) sufficient to identify Infosys personnel, if any, who have worked on McCamish's PMACS software after previously working on Versata's DCM software;

(b) Any Versata code including but not limited to DCM code;

(c) Document(s) sufficient to show McCamish's efforts to sell its PMACS software, including the customers or markets targeted for sales;

(d) Document(s) sufficient to show the features and functionalities of the PMACS software.

## V.  THE DISCOVERY SOUGHT BY VERSATA IS IRRELEVANT AND UNNECESSARY FOR PURPOSES OF THE TEMPORARY INJUNCTION HEARING

McCamish also objects to both the deposition topics and document requests as irrelevant and unnecessary, particularly for purposes of the upcoming temporary injunction hearing. McCamish has no connection to the dispute between Versata and Ameriprise except through Infosys, its corporate grandparent.  In response to unrelenting threats and pressure from Versata, Ameriprise has now removed all Infosys personnel from its DCM customization and maintenance work, and has revoked their login credentials so that Infosys employees no longer have access to the DCM software code.  Jacks Aff. ¶¶ 17, 18.  After more than two years of discovery in the federal lawsuit, there is no evidence that Infosys personnel decompiled any Versata code at Ameriprise more recently than July 2010, and there is no evidence that Infosys personnel *ever* decompiled any Versata code outside of Ameriprise, or used decompiled code from Ameriprise anywhere other than at Ameriprise.  Jacks Aff. ¶ 14.  Whatever Infosys may or may not have done at Ameriprise is now a matter of history, relevant to liability and damages in a trial on the merits, but not a basis for a temporary injunction whose purpose is simply to preserve the status quo.  *See Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589, 589 (Tex. 1962).

Discovery into McCamish's markets and customers is unlikely to produce evidence on issues of significance to this litigation.  Even if McCamish could be characterized as a "competitor" of Versata within the meaning of Section 4.8 of the Versata-Ameriprise agreement, that does not establish Infosys—the entity Ameriprise actually hired—as such.  Nothing in the language of § 4.8 suggests an intent to apply a doctrine of corporate veil piercing that would extend its reach to subsidiaries of subsidiaries.  In any event, Ameriprise's removal of Infosys from DCM work renders this issue moot for purposes of injunctive relief.

If Versata is truly concerned about the decompiling of its software—and is not just using decompiling as a pretext to coerce Ameriprise to sign up for its overpriced services—then Versata should be seeking an injunction against Infosys, not against Ameriprise. But in its federal lawsuit, which Versata filed against Infosys more than two and a half years ago, Versata has never moved for injunctive relief. Versata clearly feels no sense of urgency in the federal action, since it recently agreed to postpone trial of that action to May 2014. Jacks Aff. ¶ 13. Versata's long delay in seeking relief is fatal to its case for a preliminary injunction, because it puts the lie to any argument that it will suffer immediate or irreparable harm without it. *See Landry's Seafood Inn & Oyster Bar – Kemah, Inc. v. Wiggins*, 919 S.W.2d 924, 928 (Tex. App.—Houston [14th Dist.] 1996, no writ) (temporary injunction denied where movant waited eight months to seek relief). Likewise, Versata's long delay in pursuing its allegations against McCamish should prevent it from compelling accelerated discovery in service of its bid for an injunction to which it is not entitled.

## CONCLUSION

For the reasons stated above, McCamish respectfully requests that the Court quash Versata's deposition notice and subpoena, or alternatively that the Court enter a protective order limiting the scope of discovery as follows:

(1)     McCamish will produce a corporate representative witness in Atlanta, Georgia during the week of July 8th, 2013, or at a time and place mutually agreed;

(2)     The scope of corporate representative testimony is narrowed as follows:

(a) The corporate relationship between Infosys and McCamish;

(b) The role of Infosys personnel, if any, in the development of the PMACS software;

(c) The features, functionality, and markets for the PMACS software; and

(d) Knowledge of the documents produced in response to the subpoena.

(3)   The scope of the document requests is narrowed as follows:

(a) Document(s) sufficient to identify Infosys personnel, if any, who have worked on McCamish's PMACS software at McCamish after previously working on Versata's DCM software;

(b) Any Versata code including but not limited to DCM code;

(c) Document(s) sufficient to show McCamish's efforts to sell its PMACS software, including the customers or markets targeted for sales;

(d) Document(s) sufficient to show the features and functionalities of the PMACS software.

Respectfully submitted this 5th day of June, 2013.

FISH & RICHARDSON P.C.

By:    /s/ William Tommy Jacks
William Tommy Jacks
Texas Bar No. 10452000
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
(512) 472-5070 (Telephone)
(512) 320-8935 (Facsimile)
jacks@fr.com

John Michael Gaddis
Texas Bar No. 24069747
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
gaddis@fr.com

David M. Barkan
Roger S. Borovoy
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070 (Telephone)
(650) 839-5071 (Facsimile)
barkan@fr.com
borovoy@fr.com

***Attorneys for Third Party Witness***
MCCAMISH SYSTEMS, L.L.C.

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted counsel for Plaintiffs to discuss the merits of this motion and that they are in opposition to the relief sought in this motion.

/s/ William Tommy Jacks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 5, 2013, to all counsel of record in the manner indicated below, pursuant to Rule 21a of the Texas Rules of Civil Procedure.

### VIA ELECTRONIC MAIL
### AND U.S. MAIL

Patton G. Lochridge
Travis C. Barton
McGinnis Lochridge & Kilgore, L.L.P.
600 Congress Avenue, Suite 2100
Austin, Texas  78701
(512) 495-6000
(512) 495-6093 fax
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com

Demetrios Anaipakos
Steven Mitby
Ahmad, Zavitsanos & Anaipakos, P.C.
3460 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 fax

*Attorneys for Plaintiffs*
Versata Software, Inc.,
f/k/a Trilogy Software, Inc., and
Versata Development Group, Inc.,
f/k/a Trilogy Development Group, Inc.

Steve McConnico
smcconnico@scottdoug.com
Christopher D. Sileo
csileo@scottdoug.com
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas  78701
(512) 495-6300
(512) 474-0731 fax

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

*Attorneys for Defendants*
Ameriprise Financial, Inc., Ameriprise
Financial Services, Inc., and American
Enterprise Investment Services, Inc.

*/s/ William Tommy Jacks*

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | |
| Defendants. | § § | 53rd JUDICIAL DISTRICT |

## AFFIDAVIT OF TOMMY JACKS

TOMMY JACKS, being first duly sworn by me, the undersigned Notary Public in and for the State of Texas, declared upon his oath and under penalty of perjury as follows:

1.      My name is Tommy Jacks. I am over the age of 18 years, am of sound mind, have never been convicted of a felony or crime of moral turpitude, have personal knowledge of the facts stated herein, and am in all respects competent to make this affidavit.

2.      I represent third party McCamish Systems, L.L.C. ("McCamish") in its response to the Notice of Deposition and Subpoena Duces Tecum served by Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. ("Versata") in the above-captioned matter.

3.      I am also counsel for Infosys Limited ("Infosys"), formerly known as Infosys Technologies Limited, in the related lawsuit filed by Versata against Infosys in the U.S. District Court for the Western District of Texas, Case No. 10-cv-00792-SS.

4.      McCamish Systems is a limited liability company organized under the laws of Georgia and headquartered at 6425 Powers Ferry Road, Atlanta, Georgia 30339. McCamish has no facilities in Texas.

5.     The limited notice given by Versata offers insufficient time for McCamish to prepare a witness on the requested topics and gather the requested documents. McCamish is not a party to this litigation or to the federal lawsuit between Versata and Infosys, and its key personnel have had no involvement with Ameriprise or with the Versata lawsuits and are unfamiliar with the relevant facts and issues. Accordingly, more time will be needed to prepare a knowledgeable corporate representative witness than would be the case for a typical deposition. McCamish is currently attempting to identify a knowledgeable representative, but it does not yet know who that person will be, or whether that person could be available on June 26th.

6.     The deposition subject matter includes highly technical topics such as the features and functions of McCamish's software, and the similarities, if any, between that software and Versata's DCM software. Accordingly, the McCamish representative needs to be prepared for deposition and defended by counsel who has both a strong technical background in software and computer science, and a thorough familiarity with the facts and issues of the Versata-Infosys and Versata-Ameriprise disputes.

7.     The only attorneys who are involved in working with Infosys and/or McCamish in connection with either this case or the federal court case filed against Infosys by Versata and who possess those qualifications are my colleagues Roger Borovoy and David Barkan, both of whom have represented Infosys throughout the federal lawsuit. Both have decades of experience litigating software-related issues. In addition, Mr. Barkan has already deposed Versata's chief technical witness and is thoroughly familiar with issues relating to Versata's DCM software. However, both Mr. Borovoy and Mr. Barkan are out of the country during the month of June, and cannot prepare or present a witness on the noticed date of June 26th. They will return in early July, and McCamish will be able to present its witness during the week of July 8th, 2013 or at a later date that is mutually convenient.

8.     Since 2006, Infosys has been engaged by Ameriprise to provide maintenance and customization services around Ameriprise's installation of the Versata Distribution Channel Management (DCM) software.

9.     McCamish Systems, L.L.C. is a subsidiary of Infosys BPO Limited, which acquired McCamish in November 2009. McCamish has had no involvement with the DCM work performed by Infosys Limited at Ameriprise.

10.     Infosys BPO Limited is a subsidiary of Infosys Limited. Infosys BPO has had no involvement with the DCM work performed by Infosys Limited at Ameriprise.

11.     It is my understanding, based on discovery in the federal lawsuit, that Versata was aware of the acquisition of McCamish by a subsidiary of Infosys as early as March 2010, and internally discussed its concerns about Infosys as a possible "competitor" at that time. However, Versata did not formally notify Ameriprise until September 2012 that it considered Ameriprise's employment of Infosys to be a breach of Section 4.8 of the Versata-Ameriprise agreement.

12.     For more than two years, Versata has alleged and insinuated in its federal lawsuit that Infosys misappropriated Versata DCM code from Ameriprise and somehow conveyed that code to McCamish so that McCamish's Producer Management and Compensation System (PMACS) software platform could compete with Versata's DCM product. During that time, however, Versata has never asked to depose a McCamish witness and has never moved to compel any discovery or to set a hearing on objections lodged by Infosys relating to discovery concerning McCamish.

13.     In the two and a half years since Versata filed its federal lawsuit, it has not sought to add McCamish as a party, and has never moved for any injunctive relief against Infosys or McCamish. Several months ago, Versata agreed to postpone trial of the federal lawsuit until May 2014.

AFFIDAVIT OF TOMMY JACKS                                                    Page 3

14.    At my direction, counsel for Infosys in the federal lawsuit have collected, reviewed, and produced well over a million pages of documents, interviewed dozens of Infosys personnel, and presented four witnesses for deposition.  This exhaustive discovery has turned up no evidence that Infosys personnel decompiled any Versata code at Ameriprise more recently than July 2010, no evidence that any decompiling of Versata code took place anywhere other than at Ameriprise, and no evidence that any decompiled code from Ameriprise was used outside of Ameriprise, whether at McCamish or anywhere else.

15.    At my direction, and in an abundance of caution, Infosys and McCamish have investigated whether any personnel from the Ameriprise Infosys team had gone on to work on software code development or maintenance at McCamish.  The investigation revealed that there are no employees who have worked both on the Infosys Ameriprise delivery team and on McCamish's developer team.

16.    At my direction, and in an abundance of caution, Infosys and McCamish management have been instructed to make sure that no employee who worked with DCM at Ameriprise will be allowed to work at McCamish in future.

17.    Over the last two years, as a result of legal threats and pressure from Versata, Ameriprise has gradually reduced and then eliminated Infosys's involvement in its DCM maintenance and customization work.

18.    As of May 1, 2013, Infosys employees are no longer working with the DCM software at Ameriprise.  Infosys employees' login credentials have been revoked by Ameriprise so that they no longer have any access to Versata software code.

19.    Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Deposition and Subpoena Duces Tecum served by Versata on McCamish Systems.

20.    Attached hereto as Exhibit "B" is a true and correct copy of excerpts from the August 31,

AFFIDAVIT OF TOMMY JACKS                                                    Page 4

2011 deposition testimony of Chris Smith, Versata's CEO and corporate representative, given in the federal lawsuit.

21.     Attached hereto as Exhibit "C" is a true and correct copy of the First Amended Complaint filed by Versata in the federal lawsuit on July 22, 2011, the factual allegations in which were sworn and verified by Chris Smith.

22.     Attached hereto as Exhibit "D" is a true and correct copy of excerpts from the November 2, 2012 deposition testimony of Chris Smith.

23.     Attached hereto as Exhibit "E" is a true and correct copy of McCamish's public web page describing the features of its PMACS software, retrieved on June 4, 2013, as well as a true and correct copy of an archived version of the same web page, obtained from the Internet Archive or "Wayback Machine" at http://archive.org/web/web.php, showing the page as it appeared on October 15, 2006.

24.     Attached hereto as Exhibit "F" is a true and correct copy of McCamish's public web page describing the features of its VPAS Life software application, retrieved on June 4, 2013, as well as a true and correct copy of an archived version of the same web page, obtained from the Internet Archive or "Wayback Machine" at http://archive.org/web/web.php, showing the page as it appeared on February 6, 2007.

25.     I declare under penalty of perjury under the laws of Texas and of the United States of America that the foregoing is true and correct.


June 5, 2013


Tommy Jacks

VERIFICATION

BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, personally appeared

_Tommy Jacks_, who, after first being duly sworn by me, stated that he has personal

knowledge of the facts set forth above and that they are true and correct.

DEBORAH CRAIG SCHUMANN
Notary Public, State of Texas
My Commission Expires
February 26, 2017

_Deborah Craig Schumann_

NOTARY PUBLIC

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | |

## EXHIBIT 6 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

# FISH & RICHARDSON P.C.

ONE CONGRESS PLAZA
SUITE 810
111 CONGRESS AVENUE
AUSTIN, TX 78701

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
512 472-5070

Facsimile
512 320-8935

Web Site
www.fr.com

**Tommy Jacks**
512 226-8171

Email
Jacks@fr.com

October 25, 2012

**VIA FED EX**

Travis C. Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, TX 78701



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

Re: *Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. v. Infosys Technologies Ltd.;*
Cause No. 10-cv-00792, in the United States District Court, Western District, Austin Division

Dear Mr. Barton:

We are producing, as INF1509831 through INF1515217, a group of decompiled DCM files which our vendor found very recently.  The only Infosys employee who worked on any DCM project to whom this computer was assigned was Sumalatha V., who was first employed by Infosys in early 2010 and did some work in 2010 on DCM.  On the hard drive for this computer, our vendor found  a deleted directory containing 5,386 decompiled DCM files that had last been modified in 2008 (in most instances) and 2009 (on a very small number of occasions).  This  directory that was subsequently deleted in its entirety.  Our vendor has been unable to  ascertain when the directory was deleted.

Ms. Sumalatha received the computer to use when she started with Infosys in 2010 and thought that the disk had been wiped clean or "reformatted." In any case, she says that she knew nothing of the presence of the deleted directory on the hard drive and certainly didn't delete it herself.

During the entire period when the decompiled files were last modified, this computer was unassigned to any Infosys employee.   During the entire period when these decompiled files were created or last modified, this computer was not assigned to any Infosys employee.  Unassigned computers such as this one were sometimes used by outside contractors or consultants, such as Versata employees, when they visited the Infosys facility for onsite work.  Regular Infosys employees had computers specifically assigned to them.  Clearly Ms. Sumalatha had nothing to do with the decompiling, as she started her employment with Infosys well after the last date when any file in the directory had been modified.

FISH & RICHARDSON P.C.

**Travis** C. Barton
**October 25, 2012**
Page 2

We learned about the existence of this deleted directory only very recently and are continuing our investigation. We will provide further information as and when it becomes available.

Very truly yours,

Tommy Jacks

TZJ/plg

Enclosure

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | |

## EXHIBIT 7 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

STEVEN J. MITBY
DIRECT 713.600.4910
MAIN 713.655.1101
FAX 713.655.0062
SMITBY@AZALAW.COM

September 17, 2012

*Via Email: jporadek@faegre.com*
Mr. James W. Poradek
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Re:    Termination of October 4, 1999 Master License Agreement

Dear Jim:

    This letter shall serve as notice that Ameriprise has materially breached the confidentiality provisions of its October 4, 1999 Master License Agreement (the "Agreement") with Versata Software, Inc. (f.k.a., Trilogy Software, Inc.)  Unless Ameriprise cures these breaches within thirty (30) days or less, the Agreement will terminate effective October 17, 2012.  If the Agreement terminates, Ameriprise (and its affiliates and subsidiaries) must immediately stop using all Versata-developed software and immediately must return all of Versata's software and other confidential information by the October 17, 2012 deadline.  This notice is given pursuant to Section 12.2 of the Agreement and a copy is being provided to the office specified in Section 12.5 of the Agreement.

    As you know, the Agreement contains a number of specific provisions designed to protect Versata's software and other confidential information against unauthorized disclosure or misuse.  Among other things, the Agreement restricts access to Versata's software to "Permitted Contractors" that "do not compete with" Versata "in the development of enterprise compensation or configuration software" (Section 4.1); requires that any contractor having access to Versata's software or other confidential information execute a non-disclosure agreement that is at least as restrictive as the one signed by Ameriprise (Sections 4.1 and 10.1); and prohibits any disassembling, decompiling, or reverse-engineering of Versata's software by anyone working for Ameriprise (Section 10.1).

    These provisions are absolutely essential to protect Versata's intellectual property.  For this reason, the Agreement provides that Versata is entitled to seek injunctive relief to stop potential violations, along with a host of other remedies (Section 10.4).

Mr. James W. Poradek
September 17, 2012
Page 2

Versata is deeply concerned about Ameriprise's apparent failure to honor the confidentiality provisions of the Agreement. Ameriprise has known since at least 2010 that one of its contractors, Infosys, has been accused of decompiling and reverse-engineering Versata source code at Ameriprise. Indeed, when Versata first discovered these violations, Versata immediately notified Ameriprise. At the time, Ameriprise agreed to cooperate with the enforcement of Versata's rights and ensure compliance with the Agreement. Most importantly, Ameriprise agreed to remove Infosys from any roles where Infosys would act as a "Permitted Contractor" under the Agreement and ensure that Infosys would no longer have access to, or use, Versata's technology. Specifically we were told that Infosys would immediately be moved to a project manager role where they would have no access or use of our software.

It recently has come to Versata's attention that Ameriprise has never acted on its promises to prevent Infosys from using and accessing Versata's software. In a recent discussion, Ameriprise officials have stated that at least thirty Infosys employees continue to use, and have access to, Versata's software. This violates Infosys's previous commitments to Versata and is not permitted under the Agreement.

In recent court filings, Infosys has taken the position that Ameriprise is solely response for protecting Versata's software and other confidential information. While we disagree with Infosys's view that its separate agreements with Versata do not also prohibit this reverse-engineering of our software, Versata refuses to allow its intellectual property to be compromised while Ameriprise's agent engages in a tug-of-war of fault with Ameriprise. Therefore, we demand termination of all access of any kind that Infosys may have to Versata's software, source code, documentation, and other confidential information. We also require that Ameriprise produce any non-disclosure agreements signed by Infosys (referenced in Section 4.2 of the Agreement).

In addition, Versata is concerned that Ameriprise has not taken steps to prevent TCS from having access to Versata's software and other confidential information. TCS is not a "Permitted Contractor" and has not been authorized to do work by Versata. Moreover, TCS is a direct competitor of Versata in the enterprise compensation and configuration software markets. For these reasons, Ameriprise's use of TCS is an additional violation of the Agreement. Versata put Ameriprise on notice of this issue on August 17, 2011, yet Ameriprise continues to persist in this this activity with TCS. We also request that Ameriprise produce any non-disclosure agreements signed by TCS.

Finally, we also have received information that Ameriprise may have allowed IBM Global Services to work on Versata's software. If this is true, it would constitute yet another violation of the Agreement. We request that Ameriprise advise us immediately whether IBM – or any other third parties – have had access to Versata's software.

Mr. James W. Poradek
September 17, 2012
Page 3

Versata values its relationship with Ameriprise and remains hopeful that a healthy relationship can emerge in which both parties honor their confidentiality obligations. However, Ameriprise's apparent indifference as to protecting Versata's intellectual property rights from competitor use (and misuse) is extremely disturbing and very dangerous to the business. This problem requires immediate correction if Ameriprise wishes to continue using any Versata software after October 17, 2012.

Without any firsthand knowledge yet as to Ameriprise's role in the Infosys matter, my client continues to take Ameriprise at its word and believe Ameriprise's promise that Ameriprise has had no role in the reverse-engineering and confidentiality breaches that are currently being litigated in Texas. However, my client also believes that Ameriprise's failure to remove Infosys, TCS and other competitors from having access and use of the software shows a level of indifference that is both disappointing and dangerous. Infosys's recent filing (mentioned above) is also a very complicating development. For these reasons we respectfully propose that the parties convene an immediate mediation (within the next 15 days) where we would engage a neutral third party to help the two companies resolve what is becoming a very tense situation.

If Ameriprise is interested in engaging in a mediated dispute resolution process, please contact me at your earliest convenience to discuss potential mediators and scheduling.

Sincerely,

Steven J. Mitby

Cc:   Ameriprise Financial, Inc.
      IDS Tower 10
      Minneapolis, Minnesota 55440

      Office of the General Counsel Technology Law Group
      World Financial Center
      American Express Tower
      200 Vesey Street, 49th Floor
      New York, New York 10285-4900

SJM/cb

4827-8425-2433, v. 1

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
|       Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
|       Defendants. | § | |

# EXHIBIT 8 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., and VERSATA | § | |
| DEVELOPMENT GROUP, INC., f/k/a | § | |
| TRILOGY DEVELOPMENT GROUP, INC., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, INC., | § | |
| AMERICAN ENTERPRISE INVESTMENT | § | |
| SERVICES, INC., | § | |
| *Defendants*. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' AMENDED RESPONSE TO REQUEST FOR DISCLOSURE

To:  Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc., by and through their attorneys of record, Travis Barton, McGinnis, Lochridge & Kilgore, LLP, 600 Congress Ave., Suite 2100, Austin, TX 78701 and Steven J. Mitby & Megan Bibb, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC, 1221 McKinney Street, Suite 3460, Houston, TX 77010.

Pursuant to the Texas Rules of Civil Procedure, Defendants Ameriprise Financial, Inc.,

Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc.

(collectively "Defendants") serve their Amended Response to Plaintiffs' Request for Disclosure.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: _____
Stephen E. McConnico
State Bar No. 13450300
Christopher D. Sileo
State Bar No. 2402977
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3234
(512) 495-6300 – Telephone
(512) 474-0731 – Facsimile

1001108

Peter M. Lancaster (SBN 0159840)
Heather D. Redmond (SBN 0313233)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone: (612) 340-2600
E-Mail:  Lancaster.peter@dorsey.com
E-Mail: Redmond.heather@dorsey.com

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record by the methods stated below on the 13th day of June, 2013:

**Via Email: tcbarton@mcginnislaw.com**
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX  78701
*Attorneys for Plaintiffs*

**Via Email:  smitby@azalaw.com / bfoster@azalaw.com**
Steven J. Mitby
Benjamin F. Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX  77010
*Attorneys for Plaintiffs*

_____
Christopher D. Sileo

2

1001108

a.     **The correct names of the parties to the lawsuit.**

<u>RESPONSE</u>:

> Ameriprise Financial, Inc.
> Ameriprise Financial Services, Inc.
> American Enterprise Investment Services, Inc.

b.     **The name, address, and telephone number of any potential parties.**

<u>RESPONSE</u>:

> Ameriprise is not aware of additional potential parties as of this time.

c.     **The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).**

<u>RESPONSE</u>:

> <u>Ameriprise's Defenses</u>
>
> Ameriprise has not breached any term of the parties' Master License Agreement ("Agreement"). Specifically, Ameriprise denies that the Agreement prohibits decompiling of Versata's code in all circumstances and, in fact, contemplates that decompiling may occur under certain confidentiality restrictions. *See* Agreement § 10.1. The parties' e-mail communications establish that, since at least as early as 2008, Versata has known about and participated in decompiling to resolve issues with Versata's code.
>
> Versata has not established that Infosys, TCS or IBM competed with Versata in the development of enterprise compensation or configuration software as contemplated by the Agreement § 4.8. Even if Infosys, TCS or IBM were considered to be such competitors, Ameriprise denies that it knew or should have known at the relevant times that Infosys, TCS or IBM were Versata's competitors, as contemplated by Agreement § 4.8. Versata knew of Ameriprise's use of Infosys, TCS and IBM, and in fact worked with all contractors to upgrade and customize the software for substantial periods before informing Ameriprise that it objected to their involvement.
>
> To the extent Infosys obtained Versata's confidential information through its work with Ameriprise, Ameriprise lacks any knowledge that Infosys used any such confidential information for the benefit of any entity that was not a customer of Versata.
>
> Ameriprise has not misappropriated any of Versata's trade secrets. Versata has not taken reasonable measures to protect the confidentiality of its source code.

3

Ameriprise has paid Versata many millions of dollars for its use of the software, and Ameriprise denies that it has been unjustly enriched by its continued use of the software.

Ameriprise denies that it has unlawfully appropriated or unlawfully used any of Versata's property or trade secrets.

Versata has not been damaged by any actions of Ameriprise.

Ameriprise has committed no malicious acts toward Versata that would justify the imposition of punitive damages.

There is no risk that Versata could be irreparably harmed by any actions of Ameriprise.

<u>Ameriprise's Counterclaims</u>

 Pursuant to the express terms of the Agreement, Versata granted to Ameriprise a "nonexclusive, nontransferable... perpetual, worldwide license to use" and to "modify and otherwise create derivative works" from an enterprise compensation software product called "Distribution Channel Management" or "DCM."   The Agreement also gives Ameriprise the right to engage third parties to perform work on DCM. Specifically, section 4.4 of the Agreement grants Ameriprise the right to "maintain (directly or through a third party pursuant to the provisions of this Agreement) the Products."   The sole constraints on the right to use such third-party contractors, contained within section 4.8, are that such contractors subject themselves to confidentiality obligations and "do not, to the best of [Ameriprise's] knowledge, compete with [Versata] in the development of enterprise compensation or configuration software."   Throughout the thus-far-thirteen year life of the Agreement, Ameriprise has relied upon such third-party contractors to host, customize, and extend DCM, as explicitly authorized by section 4.4 of the Agreement.   Throughout that same period, Versata has been fully aware of Ameriprise's use of third-party contractors, including its use of Infosys. Indeed, Versata has worked with such third-party contractors, including Infosys, to upgrade and customize Ameriprise's version of the DCM code, pursuant to Ameriprise's rights under the Agreement.

Beginning around May 2012, Versata sought to sell Ameriprise a new, unproven, and substantially more expensive replacement for DCM. Versata called its sales proposal the "DCM Enterprise Cloud." Ameriprise expressed skepticism about and reluctance to accept Versata's DCM Enterprise Cloud proposal due to security concerns associated with Ameriprise's highly confidential information and dependence on a fully functioning DCM, dissatisfaction with Versata's personnel, and greatly increased costs.   On September 17, 2012, two business days after receiving Ameriprise's initial reaction to Versata's sales pitch, Versata sent Ameriprise's outside counsel a letter claiming an alleged "material breach" of the Agreement and demanding that Ameriprise cure such alleged breach within thirty days. The "breach" letter did not comply with contractual notice requirements.

4

When this demand was made, Versata was fully aware that Ameriprise depends upon DCM and the contractors who customize and maintain it and was fully aware that the "breaches" it alleged were impossible to "cure" within 30 days. Versata nonetheless threatened to terminate the Agreement at the end of the 30-day period and demanded that Ameriprise "immediately stop using all Versata-developed software and immediately must return all of Versata's software and other confidential information" by October 17, 2012. Versata's letter culminated in a demand for an immediate mediation to discuss the issues Versata raised.

Ameriprise agreed to Versata's mediation demand to continue negotiations regarding the resolution of Versata's concerns.   On November 12, 2012, despite Ameriprise's acquiescence to Versata's request for a prompt mediation, and in the midst of the parties' discussions with a third-party mediator, Versata filed this suit against Ameriprise.

Pursuant to the express terms of the Agreement, as well as the parties' course of dealing for the past thirteen years, Ameriprise is entitled to engage third-party contractors to provide software services for DCM who do not compete with Versata in the development of enterprise compensation or configuration software. Ameriprise is entitled to continue to use DCM.  Versata's attempt to terminate Ameriprise's use of DCM based on conduct expressly contemplated and permitted by the Agreement and Versata itself for more than a decade constitutes a willful and malicious breach of the Agreement, a breach of the covenant of good faith and fair dealing and threatens to cause irreparable harm to Ameriprise.   Without the ability to use DCM as contemplated in the Agreement, Ameriprise and its advisors, franchisees and their employees will suffer irreparable injury.

Versata's conduct in wrongfully threatening to terminate the Agreement constitutes wrongful termination and a breach of the Agreement.  The conduct is a willful and malicious act within the meaning of Article 11 of the Agreement.  With respect to the DCM version 3.9, Versata has also breached specific warranties and escrow provisions of the Agreement, as fully set forth in Ameriprise's Counterclaim.  As a result of Versata's material breach of the Agreement, Ameriprise is or will be entitled to several express contractual remedies including but not limited to (1) a "perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement; (2) delivery and use of all escrowed versions of DCM and all related documentation; (3) to obtain from the escrow agent and/or Versata, all "source code . . ., all necessary and available information, proprietary information, and technical documentation which will enable [Ameriprise] to create, maintain and/or enhance the licensed material without the aid of [Versata] or any other person ..."; (4) to decompile, disassemble, or reverse engineer the escrowed code and documentation; and (5) to obtain from the escrow agent and/or Versata, and to use without constraint, all versions of DCM and all related documentation that have been escrowed or that Versata had a duty to place in escrow.

Ameriprise also incorporates by reference its Answer and Counterclaim, as each may be amended from time to time.

**d.      The amount and any method of calculating economic damages.**

<u>RESPONSE</u>:

      Ameriprise cannot be fully compensated by an award of economic damages in this matter. Thus, Ameriprise is seeking declaratory, temporary, and permanent injunctive relief to enforce and preserve its rights pursuant to the Agreement. In addition to injunctive relief, Ameriprise also seeks enforcement of the contractual remedies above noted including but not limited to a perpetual license and access to the source code. Ameriprise also seeks direct damages resulting from Versata's willful and malicious material breach of the Agreement, including but not limited to the increased costs associated with maintenance, extension and modification of DCM. The amount of damages will be proven at trial. Ameriprise also seeks its attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.09 and § 38.01, *et seq.*, and other applicable law.

**e.      The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.**

<u>RESPONSE</u>:

      Bryan P. Doherty – Vice President at Ameriprise Financial, Inc. (responsible for management of the system at Ameriprise that uses the DCM software ("DMU") from July 21, 2012 to present). Contact through Ameriprise counsel at Dorsey & Whitney.

      Ken Bridgeman – Vice President at Ameriprise Financial, Inc. (responsible for management of DMU from December 2008 through July 21, 2012). Contact through Ameriprise counsel at Dorsey & Whitney.

      Ryan Macomb – Senior Director at Ameriprise Financial, Inc. (involved in working on DMU since approximately 2000). Contact through Ameriprise counsel at Dorsey & Whitney.

      Deep Kulshreshtha – Tech Lead at Infosys Technologies, Ltd. (responsible for understanding business requirements and helping the team code per the requirements)

      Shashank Sagar – Infosys Technologies, Ltd.

      Noumit Pathak – software engineer / program analyst at Infosys Technologies, Ltd.

      Sunil Kadumata – Technology Lead at Infosys Technologies, Ltd.

      Leela Kaza – financial services at Versata Software, Inc.

      Tushar Jasrotia – Versata Software, Inc.

6

Christopher Brandon Smith – former COO of Trilogy Development Group

Abhinesh Sikka – Software Developer at Versata Software, Inc.

Chris Strayhorn – former Vice President of Products – Versata Software, Inc.

Hemant Shah – Senior Program Director in the Financial Services Business Unit at Versata Software, Inc.

Scott Brighton – CEO of Versata Software, Inc.

**f.    For any testifying expert:**
**(1) the expert's name, address, and telephone number;**
**(2) the subject matter on which the expert will testify;**
**(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;**
**(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:**
**(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and**
**(B) the expert's current resume and bibliography.**

<u>RESPONSE</u>:

Ameriprise expects to provide testimony from Dr. John Collins and will provide further disclosures at the appropriate time.

**g.    Any indemnity and insuring agreements described in Rule 192.3(f).**

<u>RESPONSE</u>:

There is an indemnification agreement between Ameriprise and Infosys.

**h.    Any settlement agreements described in Rule 192.3(g).**

7

RESPONSE:

    None.

**i.**    **Any witness statements described in Rule 192.3(h).**

RESPONSE:

    None.

**j.**    **In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.**

RESPONSE:

    Not applicable.

**k.**    **In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.**

RESPONSE:

    Not applicable.

**l.**    **The name, address, and telephone number of any person who may be designated as a responsible third party.**

RESPONSE:

    None at this time.

1001108

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | |

# EXHIBIT 9 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

NO. D-1-GN-12-003588

| | |
|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § § § IN THE DISTRICT COURT |
| Plaintiffs, | § |
| v | § TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § |
| Defendants. | § 53rd JUDICIAL DISTRICT |

## AFFIDAVIT OF RICHARD RYAN MACOMB

| | |
|---|---|
| STATE OF MINNESOTA | § |
| | § |
| COUNTY OF HENNEPIN | § |

Before me, the undersigned notary, on this day personally appeared Richard Ryan

Macomb, who, being by me first duly sworn, stated upon his oath as follows:

1. My name is Richard Ryan Macomb. I am over 21 years of age. I am competent to make this Affidavit. I have personal knowledge of the facts set forth in this Affidavit and they are true and correct.

2. I am employed by Ameriprise Financial Inc. ("Ameriprise").

3. I joined Ameriprise in 1999 as a software engineer. At that time, Ameriprise was known as American Express Financial Advisors. Since 1999, I have worked continually at Ameriprise serving in various software related roles.

4. My current job title is Senior Director - Application Development, Advice & Wealth Management Solutions - DMU. Since late 2007, I have led Ameriprise's team that manages, develops, and supports Versata's software products, which are integrated

1000243

Exhibit
B

into an overall software program called Distribution Management Utility or DMU.[1]

5.  From early 2008, I have been the primary day-to-day point of contact for Ameriprise pertaining to the management of Versata's software. As a result of my work, I am familiar with the software provided by Versata to Ameriprise, including the most recent updates provided to Ameriprise and the dates on which Versata has delivered software updates to Ameriprise. Since early 2008, I have been personally involved in the receipt of all of Versata's software updates.

6.  Currently, Ameriprise is using version 3.9 of Versata's "DCM" software.

7.  Version 3.9 of DCM was a significant update to the software Ameriprise was running prior to that update, which was version 3.3.

8.  Ameriprise downloaded DCM version 3.9 from Versata on August 26, 2011. Version 3.9 was a new software product with significant changes from version 3.3 and prior versions.

9.  Attached to this Affidavit as Exhibit 1, is a true and correct copy of Versata's DCM 3.9 Product Executive Summary, which was provided to Ameriprise by Versata. This document provides Versata's overview of some of the differences between DCM 3.9 and prior versions.

10. The way I explain the difference in software versions is to compare those versions to cars. Each version is like a car, in that each version has four wheels, an engine, a steering wheel, and other basic attributes. Some versions may share components (like cars from the same manufacturer). However, like cars, each version is a different make and model. Thus, version 3.9 might be a 2011 Ford Taurus while version 3.3 might be a 2008 Ford Explorer. They are that dissimilar.

11. Due to the differences in software versions, when Ameriprise received the 2011 version 3.9 update from Versata, Ameriprise invested thousands of personnel hours over the course of some nine months or more of time, at a cost of a million dollars or more to implement the new software update into Ameriprise's systems. In other words, it was a large, complicated undertaking to implement Versata's delivery of DCM version 3.9.

12. Once installation of version 3.9 was completed, version 3.3 is completely eliminated from our active user environment. In other words, version 3.9 completely replaced version 3.3.

---

[1] DMU is Ameriprise's central system for managing compensation and credentials for our large network of financial and other advisors. Paying some 10,000 commissioned employees is complicated. DMU allows us to do this. Versata's software is a key component of DMU.

2

13.   In addition, prior to approximately 2005, Versata did not even name or identify its software "car" DCM. Originally, in 1999, when I worked on the implementation of Versata's software at Ameriprise, Versata's software was called "SC Commission." A few years later, Versata further changed its software and released a program called "DMS." Again, all of these software packages can be analogized to cars, but over the course of many years, it is fair to think of them as not even being the same make of car, much less the same model.

14.   Ameriprise and Versata are parties to a Master License Agreement that contains certain terms regarding software maintenance. Ameriprise pays Versata substantial amounts of money each and every year so that Ameriprise will have the right to receive over time updated versions of Versata's software. The precise annual figures are set forth in the Master License Agreement and its schedules. In addition, when Ameriprise receives a new software update from Versata, Ameriprise pays Versata significant additional sums for consulting services associated with implementing that update.

15.   A true and correct copy of the Master License Agreement with its Schedules is attached hereto as Exhibit 2.

FURTHER AFFIANT SAYETH NOT.

_R. Ryan Macomb_
R. RYAN MACOMB

     SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this 19 day of June 2013.

Notary Public

NICOLE MAE - PETERSEN LINDBERG
Notary Public
Minnesota
My Commission Expires Jan. 31, 2016

3

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

## EXHIBIT 10 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

**(Redacted pursuant to Agreed Protective Order)**

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

# EXHIBIT 11 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

# \<XimpleWare/\>

XimpleWare is a provider of next-generation XML processing solutions for Service Oriented Enterprises. Our mission is to help businesses and enterprises world-wide accelerate the adoption of SOA (Service Oriented Architecture), one XML message at a time. We are  privately held and located in Silicon Valley.

Our product/technology is protected by US patents 7133857 , 7260652, and 7761459.

Is your ESB running too slow? Want to turbo-charge XML gateways/appliances? How about cutting your application latency by 100x? With VTD-XML, you will look no further!

As discovered by Fortune 2000 companies around the world, VTD-XML vastly and reliably improves the performance of your SOA applications. It takes 10 minutes to verify the performance claim.

VTD-XML is also portable to custom hardware to achieve multi-Giga bit performance.

Interested in licensing VTD-XML?. Please email us for more details.

## A little about our technology

**A Demo** (Java Applet)    Introduce VTD (Virtual Token Descriptor)

To download our Java API (licensed under GPL), please go to http://vtd-xml.sf.net/

API Document (We are continuously making improvements)

XML on a Chip?

Some preliminary benchmark results: 1 2 3 4 (Some info is subject to change)

Our position paper (for W3C workshop on binary XML 09/2003)

We would like to know your thoughts.

We will re-launch our website soon!

Ximpleware

# Contact Us

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
|      Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
|     Defendants. | § | |

<u>EXHIBIT 12 TO</u>
<u>PLAINTIFFS' RESPONSE TO DEFENDANTS'</u>
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>
<u>AND</u>
<u>SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL</u>
<u>SUMMARY JUDGMENT</u>

8/22/13                                                    Ximpleware

# \<XimpleWare/\>

XimpleWare is a provider of XML processing solutions targeting both XML–aware network equipment vendors and enterprise software application vendors. Our company mission is to help businesses and enterprises world–wide accelerate the adoption of SOA (Service Oriented Architecture), one XML message at a time. We are privately held and located in Silicon Valley.

VTD–XML, XimpleWare's flagship product, is the next generation XML parser/indexer that goes beyond DOM, SAX and Pull in performance, memory usage, and ease of use. It is also highly reliable and widely used in Fortune 2000 companies around the globe. Available in C, C# and Java, the open–source version of VTD–XML can be downloaded here. A proprietary version is available under commercial licenses.

For a limited time only,  discounts are now available to qualified companies looking to embed VTD–XML into software products. Please email us for more details.

## A little about our technology

**A Demo** (Java Applet)    Introduce VTD (Virtual Token Descriptor)

To download our Java API (licensed under GPL), please go to http://vtd-xml.sf.net/

API Document (We are continuously making improvements)

Some preliminary benchmark results: 1 2 3 4 (Some info is subject to change)

Our position paper (for W3C workshop on binary XML 09/2003)

We would like to know your thoughts.

We will re-launch our website soon!

# Contact Us

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

**EXHIBIT 13 TO**
**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND**
**SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL**
**SUMMARY JUDGMENT**



http://www.ximpleware.com/    [Go]         FEB  MAY  JUN

70 captures                                              ◀  2  ▶
29 Aug 03 - 19 Jul 13                              2006  2007  2008

# \<XimpleWare/\>

XimpleWare is a provider of XML processing solutions targeting both XML-aware network equipment vendors and enterprise software application vendors. Our company mission is to help businesses and enterprises world-wide accelerate the adoption of SOA (Service Oriented Architecture), one XML message at a time.

Our core technology is a patented (US 7,133,857) XML parsing algorithm called Virtual Token Descriptor (VTD), which can be mapped into both software and hardware. An open-sourced implementation in Java, C and C#(licensed under GPL) delivers 400Mb~500Mb per second sustained throughput on a 3GHz Pentium IV processor, easily making it the fastest XML processor in the world. An ASIC-based implementation running at 250MHz inspects XML content at 2Gb/second. We have more patents pending.

We are  privately held and located in Silicon Valley. Interested in licensing our technology? Please email us.

## A little about our technology

**A Demo** (Java Applet)   Introduce VTD (Virtual Token Descriptor)

To download our Java API (licensed under GPL), please go to http://vtd-xml.sf.net/

API Document (We are continuously making improvements)

Some preliminary benchmark results: 1 2 3 4 (Some info is subject to change)

Our position paper (for W3C workshop on binary XML 09/2003)

We would like to know your thoughts.

We will re-launch our website soon!

Contact Us

Ximpleware

Contact Us

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

# EXHIBIT 14 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

8/22/13                                                    Ximpleware

INTERNET ARCHIVE   http://www.ximpleware.com/                [Go]              DEC    MAY
WaybackMachine                                                              ◄  24  ►
70 captures                                                                 2006  2007  2008
29 Aug 03 - 19 Jul 13

# XimpleWare

XimpleWare is a provider of XML processing solutions targeting both XML-aware network equipment vendors and enterprise software application vendors.

Our core technology is a patented (US 7,133,857) XML parsing algorithm called Virtual Token Descriptor (VTD), which can be mapped into both software and hardware. An open-sourced implementation in Java, C and C#(licensed under GPL) delivers 400Mb~500Mb per second sustained throughput on a 3GHz Pentium IV processor, easily making it the fastest XML processor in the world. An ASIC-based implementation running at 250MHz inspects XML content at 2Gb/second. We have more patents pending.

We are privately held and located in Silicon Valley. Interested in licensing our technology? Please email us.

## A little about our technology

**A Demo** (Java Applet)   Introduce VTD (Virtual Token Descriptor)

To download our Java API (licensed under GPL), please go to http://vtd-xml.sf.net/

API Document (We are continuously making improvements)

Some preliminary benchmark results: 1 2 3 (Some info is subject to change)

Our position paper (for W3C workshop on binary XML 09/2003)

We would like to know your thoughts.

We will re-launch our website soon!

## Contact Us

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | |

# EXHIBIT 15 TO
## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND
## SPECIAL EXCEPTIONS TO DEFENDANTS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

## Benjamin Foster

| | |
|---|---|
| **From:** | Benjamin Foster |
| **Sent:** | Wednesday, June 05, 2013 10:42 AM |
| **To:** | Redmond.Heather@dorsey.com |
| **Cc:** | Amir Alavi; Lancaster.Peter@dorsey.com; csileo@scottdoug.com; tcbarton@mcginnislaw.com |
| **Subject:** | Ameriprise's Disclosure deficiancies |
| **Attachments:** | 2013-05-07 BFF to Opposing Counsel RE Def's Counterclaims.pdf |

Heather,

I sent you a letter a while back about deficiencies in your disclosures. I've reattached it here. I never got a response. That was nearly a month ago now. Since that time another major deficiency has emerged. You have designated John Collins as an expert on your witness list. However, your disclosure of him there does not comply with Tex. R. Civ. P. 194.2(f). Nor do you disclose him at all in your disclosures. Please provide us with his expert designation. Unless we have a commitment by you that you will update your disclosures as outlined in the letter and in this email we will have no choice but to file a motion to compel and set it for hearing as quickly as practicable.

Therefore please let me know before noon on Friday that you will commit to amending or supplementing your disclosures by Wednesday of next week. Otherwise we will file a motion to compel on this topic this Friday.

-Ben

**Benjamin F. Foster**
Attorney-at-Law

AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING **AZA**

1221 MCKINNEY, SUITE 3460 | HOUSTON, TEXAS 77010
713.600.4914 (direct) | 713.655.1101 (main)
832.799.9842 (cell) | 713.655.0062 (fax)
AZALAW.COM

1

AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING      **AZA**

BENJAMIN F. FOSTER
DIRECT 713.600.4914
MAIN 713.655.1101
FAX 713.655.0062
BFOSTER@AZALAW.COM

May 7, 2013

Steve McConnico          *Via Email:* **smcconnico@scottdoug.com**
Christopher Silco         *Via Email:* **csilco@scottdoug.com**
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701

Peter M. Lancaster        *Via Email:* **lancaster.peter@dorsey.com**
Heather D. Redmond        *Via Email:* **redmond.heather@dorsey.com**
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498

     Re:    Cause No. D-1-GN-12-003588; *Versata Software, Inc., f/k/a Trilogy Software, Inc., et al v. Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Ameriprise Investment Services, Inc.;* In the 53rd Judicial District Court of Travis County, Texas.

Dear Counsel:

On April 16, 2013 you asserted a variety of counterclaims in this case. You have indicated that you view some of these counterclaims as potential defenses to our Temporary Injunction. On February 2, 2013 you served initial disclosures in this case which do not disclose the legal and factual theories underlying your counterclaims.

In light of the fact that you intend to put your counterclaims at issue at the Temporary Injunction hearing, please amend your request for disclosures by Friday, May 10, 2013. The need for Amerprise to supplement its initial disclosures is acute since Versata has absolutely no idea what the factual basis is for Amcriprise's breach of warranty claim.

Sincerely,

*[signature]*

Benjamin F. Foster

BFF/nm

NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC. | § § § § § | 53rd JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF FILING RULE 11 AGREEMENT

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") files this, their Rule 11 Agreement pursuant to Texas Rule of Civil Procedure 11. *See* correspondence, attached hereto as Exhibit 1.

1

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via facsimile on September 10, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

McCamish Systems, LLC
c/o Tommy Jacks
Fish & Richardson
One Congress Plaza, Suite 810
111 Congress Avenue, Austin, Texas 78701
(512) 226-8171 (Telephone)
(512) 320-8935 (Facsimile)

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4843-4910-3893, v. 1

3

# EXHIBIT 1

SEP-10-2013 14:26   From:7136550062            ID: SCOTT DOUGLASS       Page:005  R=97%

AZA Law          Fax: 7136550062          Sep 10 2013 02:21pm   P006/008



AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING

BENJAMIN F. FOSTER
DIRECT 713.600.4914
MAIN 713.655.1101
FAX 713.655.0062
BFOSTER@AZALAW.COM

September 9, 2013

*Via Email*
Heather Redmond
DORSEY & WHITNEY, LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498

Re:   Cause No. D-1-GN-12-003588; *Versata Software, Inc., f/k/a Trilogy Software, Inc., et al v. Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Ameriprise Investment Services, Inc.*; In the 53rd Judicial District Court of Travis County, Texas.

Dear Heather:

This letter is to memorialize, pursuant to Texas Rule of Civil Procedure 11, the parties' agreement regarding native file DCM_v3.9. My understanding is that we have agreed to the following:

- On September 9, 2013 Versata will produce a native file entitled DCM_v3.9 to Ameriprise;

- The parties agree that the file DCM_v3.9 all the files contained within it, and all pieces and parts and pages of those files are being designated Attorney's Eyes Only – Parties Only by Versata pursuant to the protective order in this case.

- Notwithstanding any language in the protective order that might be read to imply that this designation is insufficient, the parties agree that DCM_v3.9 all the files contained within it, and all pieces and parts and pages of those files shall be treated as Attorneys' Eyes Only – Parties Only pursuant to the Protective Order, and that the Protective Order's provisions regarding methods of designation have been followed.

- Therefore, all the restrictions in the protective order, including but not limited to restrictions on the use and disclosure of Attorney's Eyes Only – Parties Only documents apply to DCM_v3.9 and are enforceable under that order.

ATTORNEYS AT LAW  |  1221 McKINNEY, SUITE 3460  |  HOUSTON, TEXAS 77010  |  AZALAW.COM



Heather Redmond
September 9, 2013
Page 2


      If this accurately reflects our agreement, please sign below and return the signed copy to me for filing with the Court.

                 Sincerely,

                 Benjamin F. Foster


AGREED:


_/s/ Heather Redmond_ 
Heather Redmond

cc:    Christopher Sileo
       (via email: csileo@scottdoug.com)

4852-3730-8693, v. 1

**From:** Benjamin Foster
**To:** Stephanie Liuskos
**Subject:** FW: Rule 11 for Source Code
**Date:** Tuesday, September 10, 2013 1:57:22 PM
**Attachments:** image001.png

---

**From:** Redmond.Heather@dorsey.com [mailto:Redmond.Heather@dorsey.com]
**Sent:** Monday, September 09, 2013 9:31 AM
**To:** Benjamin Foster
**Cc:** csileo@scottdoug.com; Lancaster.Peter@dorsey.com; Amir Alavi; wiltrout.andrea@dorsey.com
**Subject:** RE: Rule 11 for Source Code

We are in agreement. I will be out of the office much of the day today. Please copy Peter and Andrea Wiltrout on any instructions for downloading the source code. Thanks.

**From:** Benjamin Foster [mailto:bfoster@AZALAW.COM]
**Sent:** Monday, September 09, 2013 9:05 AM
**To:** Redmond, Heather
**Cc:** Chris Sileo <csileo@scottdoug.com> (csileo@scottdoug.com); Lancaster, Peter; Amir Alavi
**Subject:** Rule 11 for Source Code

Heather,

Because our technical difficulties on Friday I've attached the rule 11 agreement again. Please respond to this email indicating our agreement and I will file it with the court. Then we can get you the information you need to download the source code.

-Ben

**Benjamin F. Foster**
Attorney-at-Law



AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING

1221 MCKINNEY, SUITE 3460  |  HOUSTON, TEXAS 77010
713.600.4914 (direct)  |  713.655.1101 (main)
832.799.9842 (cell)  |  713.655.0062 (fax)
AZALAW.COM

Filed
13 September 19 P4:59
Amalia Rodriguez-Mendoza
District Clerk
Travis District
12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' MOTION TO COMPEL DOCUMENT PRODUCTION AND TO QUASH DEPOSITION NOTICES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (together "Ameriprise") move to compel Plaintiffs Versata Software, Inc. f/k/a Trilogy Software, Inc. and Versata Development Group, Inc. f/k/a Trilogy Development Group, Inc. (together "Versata") to produce documents in response to Ameriprise's long-standing document requests and to quash deposition notices served by Versata as follows:

### I.    SUMMARY

#### A.    Case Background

Ameriprise is a financial planning and services company. This case arises from a 1999 Master License Agreement ("MLA") between Ameriprise and Versata. The MLA granted Ameriprise a perpetual license to Versata's Distribution Channel Management software, or

1028260

"DCM", that forms the core of Ameriprise's enterprise compensation and license-tracking system, referred to as Distribution Management Utility, or "DMU." The DMU system is central to Ameriprise's business, because it manages Ameriprise personnel's licenses and registrations, calculates compensation, and manages payments to the Ameriprise field force throughout the country. Although Ameriprise paid a substantial fee for the license in 1999, and continues to pay Versata for services relating to maintenance and upgrades to DMU, Versata claims that Ameriprise breached the MLA and seeks to terminate the MLA. Ameriprise brought counterclaims against Versata, alleging: (i) that Versata's wrongful purported termination of the MLA is a material breach of its own contractual obligations, (ii) that Versata breached contractual warranties contained in the MLA, and (iii) that Versata breached its escrow obligations under the MLA.

Versata moved for temporary injunctive relief, and the hearing was set for July 1, 2013. On the eve of the hearing, the parties entered into a consent agreement related to the temporary relief sought, and removed the hearing from the Court's calendar. Under the Court's procedural rules, discovery currently closes on October 8, 2013, and the case is presently set for trial on November 18, 2013.[1]

### B.    Ameriprise's Response to Versata's Discovery Efforts

Versata has issued five separate sets of document requests to Ameriprise in this breach of contract case – on January 30, February 6, February 18, May 14 and September 6, 2013. In response to Versata's requests, Ameriprise collected and reviewed hundreds of thousands of

---

[1] Ameriprise believes that the entire trial in this case should be continued. Because Ameriprise has not had a meaningful opportunity to confer with Versata on the issue, it has not moved for a continuance in connection with this motion.

2

potentially responsive documents over the course of approximately three months. Ameriprise

produced documents on a rolling basis on June 7, June 19, August 14, and September 13, 2013.

In total, Ameriprise has produced more than 58,000 documents and substantially completed its

document production nearly a month prior to the close of discovery. *See* Redmond Decl. ¶ 2.[2]

On August 29, 2013, Versata indicated its intention to depose five Ameriprise employees,

a former Ameriprise employee, and Ameriprise's computer software expert. Ameriprise

provided available dates for four of the five Ameriprise employees and was working to

determine the availability of the remaining employee and its expert. However, on September 13,

2013, Versata served deposition notices for all of the Ameriprise witnesses (Macomb, Doherty,

Kupper, Strauss, and Newman) and Ameriprise's expert (Collins), and on September 16, 2013,

Versata served a deposition notice for the former Ameriprise employee (Bridgeman).[3] *See*

Redmond Decl. at Exhibit 2; Redmond Decl. ¶ 7. The first depositions are noticed for Tuesday,

September 24.

### C. **Versata's Document Productions**

Ameriprise served document requests on March 8 and May 15, 2013. After the Court

granted most of a previous motion to compel filed by Ameriprise (necessitated by an impending

hearing on Versata's temporary injunction motion), on May 23, 2013, Versata reproduced to

Ameriprise 186,484 documents that Versata had produced in a different federal court action

between Versata and Infosys (the "Infosys Documents") and approximately 50 additional

documents. On June 26, 2013, Versata produced an additional 23 documents, 20 of which were

---

[2] The Declaration of Heather Redmond ("Redmond Decl.") is attached hereto as Exhibit A.

[3] It does not appear that Versata served Mr. Bridgeman with a subpoena for his testimony.

3

copies of pleadings. *See* Redmond Decl. ¶ 3. Thus, as of September 18, Versata had produced only 73 documents in response to Ameriprise's requests in this litigation beyond copies of the Infosys Documents.

In a telephone call regarding discovery issues on August 23, 2013, Versata's counsel indicated for the first time that Versata had yet to make a "substantial" production of approximately 75,000 documents responsive to Ameriprise's document requests. Versata's counsel represented that most of Versata's production would be forthcoming in approximately one week, with the remaining documents following within days thereafter. Ameriprise's counsel requested that Versata immediately begin rolling productions (as Ameriprise has done), providing to Ameriprise whatever documents had been reviewed and were ready for production. Approximately one week later, Versata's counsel stated that he anticipated the production would be closer to 100,000 documents, and that Versata would need a few more days before it would be in a position to produce them. *See* Redmond Decl. ¶ 4. Several weeks passed without Versata producing any documents, and on September 12, 2013, Ameriprise's counsel sent an email stating that Ameriprise could not confirm depositions of Versata's witnesses until Versata makes its "substantial" production of documents and requesting a date certain by which Versata's production would be completed. *See* Redmond Decl. at Exhibit 1.

Ameriprise received no response to its request until late in the day on September 18. That communication promised a production of approximately 33,000 documents on September 19, and another anticipated production of approximately the same number of documents on September 23rd. *See* Exhibit 1. Ameriprise received the first production on September 19th. *See* Redmond Decl. ¶ 6.

4

## II.   ARGUMENT

Given the pendency of the discovery cut-off date of October 8, and the 18 or more depositions that ostensibly need to occur over the next few weeks, Ameriprise cannot reasonably be expected to continue to wait and confer and further delay its much needed discovery into Versata's claims and Versata's defenses to Ameriprise's counterclaims.

### A.   Versata Should Be Compelled to Produce Its Responsive Documents Immediately

Over the past month, Versata has represented several times its intention to complete its document production within a certain period of time.  Each time, Versata has failed to follow through on its commitment.  Versata does not dispute that the documents Ameriprise seeks are responsive to Ameriprise's document requests, nor does it contend that it is withholding the documents based on a timely objection.  Versata has had more than six months to respond to Ameriprise's requests.  Ameriprise therefore seeks an order compelling Versata to produce its remaining responsive documents immediately.

### B.   Ameriprise Objects to Time and Place of the Depositions; the Court Should Quash Versata's Deposition Notices

Ameriprise also requests an order quashing Versata's deposition notices and barring Versata from taking depositions any earlier than two weeks after its document production is complete.[4]  While Versata refuses to cooperate in Ameriprise's discovery efforts, Versata is

---

[4] Ameriprise therefore objects to the time and place of the following depositions noticed by Versata: Ryan Macomb, Steve Strauss, Bryan Doherty, Randy Kupper, Michael Newman, and Ken Bridgeman. Tex. R. Civ. P. 199.4. *See* Redmond Decl. at Exhibit 2. Ameriprise will make its witnesses available for deposition at a reasonable time and place that is two weeks after Versata completes its document production. Because this motion is filed within three business days plus three additional days based upon the facsimile service of Versata's deposition notices, the depositions are automatically stayed pending a ruling on this motion. Tex. R. Civ. P. 199.4; Tex. R. Civ. P. 21a ("Whenever a party has the

5

aggressively moving forward with its own discovery efforts. Without documents and sufficient time to review them, Ameriprise cannot adequately prepare its witnesses for the depositions, prepare to depose Versata's witnesses, or prepare for trial. Versata's documents should have been produced long ago.

### III.   CONCLUSION AND PRAYER

Ameriprise respectfully requests that the Court grant this Motion and enter an Order:

1.     Compelling Versata to produce all documents responsive to Ameriprise's outstanding document requests immediately;

2.     Quashing the Notices of Deposition for Ryan Macomb, Steve Strauss, Bryan Doherty, Randy Kupper, Michael Newman, and Ken Bridgeman;

3.     Barring Versata from taking depositions until at least two weeks after its document production is complete;

4.     Extending the discovery period, but only for the purposes of taking depositions in this case, until 6 weeks after Versata's document production is complete; and

5.     Granting any additional relief to which Ameriprise is entitled.

---

right . . . to do some act within a prescribed period after service of a notice . . . and the notice or other paper is served by mail or telephonic document transfer, three days shall be added to the prescribed period.").

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP


By: /s/ Christopher D. Sileo
    Steve McConnico
    Texas Bar No. 13450300
    smcconnico@scottdoug.com
    Christopher D. Sileo
    Texas Bar No. 24027977
    csileo@scottdoug.com
    600 Congress Avenue, Suite 1500
    Austin, Texas 78701
    (512) 495-6300
    (512) 474-0731 FAX

**Of Counsel:**

Peter M. Lancaster (SBN 0159840)
Heather D. Redmond (SBN 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Phone: (612) 340-2600
Lancaster.peter@dorsey.com
Redmond.heather@dorsey.com


***ATTORNEYS FOR DEFENDANTS***




## CERTIFICATE OF CONFERENCE

I hereby certify that on multiple occasions during the months of August and September, 2013, Ameriprise conferred with Benjamin Foster, one of Versata's attorneys, by telephone and in writing, regarding Versata's deficient responses to document requests and the scheduling of depositions. The final written communication attempting to resolve the issues presented in this motion was sent on September 19, 2013. The parties have not yet been able to reach agreement on this issue.


                /s/ Heather D. Redmond
                Heather D. Redmond

1028260

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of records, as listed below on September 19, 2013.

Travis Barton, Esq.                                    **EMAIL AND HAND DELIVERY**
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas  77010

Amir Alavi                                             **EMAIL AND FACSIMILE**
Ben Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, Texas  77010

/s/ Christopher D. Sileo
Christopher D. Sileo

8

1028260

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | |
| Defendants. | § § | 53rd JUDICIAL DISTRICT |

## DECLARATION OF HEATHER D. REDMOND IN SUPPORT OF AMERIPRISE'S MOTION TO COMPEL DOCUMENT PRODUCTION AND TO QUASH DEPOSITION NOTICES

I, Heather D. Redmond, state and declare as follows:

1.     I am over the age of 21 and competent to make this Declaration.  I have personal knowledge of the facts set forth herein and I offer this declaration in connection with Defendants' Motion to Compel Document Production and to Quash Deposition Notices.  I am a partner in the law firm of Dorsey & Whitney LLP and one of the outside counsel representing Defendants in this case.

2.     Versata issued document requests to Ameriprise on January 30, February 6, February 18, May 14 and September 6, 2013.  Ameriprise collected and reviewed hundreds of thousands of potentially responsive documents over the course of approximately three months. Ameriprise produced documents on a rolling basis on June 7, June 19, August 14, and September 13, 2013.  In total, Ameriprise produced more than 58,000 documents.

**Exhibit ___A___**

3.     Ameriprise served document requests on March 8 and May 15, 2013.  On May 23, 2013, Versata reproduced to Ameriprise 186,484 documents that Versata had already produced in a different federal court action between Versata and Infosys (the "Infosys Documents") and 50 other documents.   On June 26, 2013, Versata produced an additional 23 documents, 20 of which were copies of pleadings.

4.     In a telephone call on August 23, 2013, Versata's counsel, Benjamin Foster, informed me that Versata had yet to make a "substantial" production of approximately 75,000 documents responsive to Ameriprise document requests and that the production would be forthcoming within about a week.  I requested that Versata immediately begin rolling productions as Ameriprise has done throughout the course of the litigation.  In a follow-up call the following week, Mr. Foster told me that the production would be closer to 100,000 documents, and that Versata would need a few more days to complete its production.

5.     Attached as Exhibit 1 is a true and correct copy of an e-mail exchange between Mr. Foster and me.

6.     I received a production from Versata on September 19; however, I understand from Mr. Foster's email that Versata still intends to produce another large volume of documents.

7.     On August 29, 2013, Versata indicated its intention to depose five Ameriprise employees, a former Ameriprise employee, and Ameriprise's computer software expert. Ameriprise provided available dates for four of the five Ameriprise employees and was working to determine the availability of the remaining Ameriprise employee and its expert; however, on September 13, 2013, Versata served deposition notices for all of the Ameriprise witnesses (Macomb, Doherty, Kupper, Strauss, and Newman) and Ameriprise's expert (Collins), and on

September 16, 2013, Versata served a deposition notice for the former Ameriprise employee (Bridgeman).  True and correct copies of the notices are attached as Exhibit 2.

    8.        Over the course of the past month, I have had several communications with Mr. Foster, both by telephone and by email, in an attempt to resolve these issues.  Most recently, Mr. Foster and I have exchanged emails and telephone messages on September 18 and 19.  We have thus far been unable to resolve these issues.

    My name is Heather Dawn Redmond, my date of birth is July 26, 1975, and my business address is Dorsey & Whitney, Suite 1500, 50 South Sixth Street, Minneapolis, Minnesota, 55402.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed in Hennepin County, State of Minnesota, on the 19th day of September, 2013.

    Heather D. Redmond

3

# Exhibit 1

## Redmond, Heather

| | |
|---|---|
| **From:** | Redmond, Heather |
| **Sent:** | Thursday, September 19, 2013 11:46 AM |
| **To:** | Benjamin Foster (bfoster@AZALAW.COM) |
| **Cc:** | Barton, Travis (tcbarton@mcginnislaw.com); Amir Alavi (aalavi@AZALAW.COM); csileo@scottdoug.com; Lancaster, Peter |
| **Subject:** | RE: Document Production Status |

Ben,

I understand now that Versata is saying that it will have completed its document production by Monday. We have been hearing for a month that a complete production is imminent. We very much hope the latest prediction is correct. But not having the documents yet, with less than three weeks remaining in the discovery period, we cannot wait any longer. We intend to file a motion to compel today, with the continuing hope that it will not need to be argued.

Both you and Amir have asked for confirmation of the Ameriprise depositions. The noticed depositions are scheduled to begin next week. In light of Versata's failure to produce documents sufficiently in advance of the depositions, we plan to move to quash the notices you sent last Friday. Alternatively, if Versata will agree that it will not use any document with any Ameriprise witness that was not produced at least two weeks prior to the deposition, or specifically identified by Versata as a deposition exhibit at least one week prior to the deposition, then we can go forward.

In addition, we cannot confirm dates for Versata witnesses until we have received Versata's documents and had time to review them. I understand from talking to Amir and Travis that Versata will not object to Ameriprise taking depositions after the close of the discovery period. Please confirm that in writing today. We do not see how the parties can possibly complete all the contemplated discovery and motion practice before a November trial date, but we need not resolve that issue today.

I am in the office all day today if there is something we should discuss.

Heather

**Heather Redmond**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
www.dorsey.com
P: 612.340.6343   F: 612.340.8856   C: 612.741.4420
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.

**From:** Benjamin Foster [mailto:bfoster@AZALAW.COM]
**Sent:** Wednesday, September 18, 2013 4:34 PM
**To:** Redmond, Heather
**Subject:** RE: Document Production Status

1

Heather,

Tonight, or perhaps early tomorrow morning you will get an FTP link to a production it should be bates ranges Trilogy-E-000186485 - Trilogy-E-000219617 although there will be a transmittal letter with the exact numbers. That is approximately 33k documents. You can expect another production of similar size from us by the end of this week or early next week. That will conclude our production. I know I'd previously suggested numbers a bit higher I think I'd said 75k on one occasion and 100k on another, however, after QC those numbers have fallen somewhat. You ask below for a firm date, my firm date is Monday September 23.

Contrary to your email below we have not been holding these documents. Instead we have been dealing with technical and quality control issues with this large and technically complicated production. Also your statements about rolling production are somewhat misleading. You produced 250k pages to us five days ago on September 13, 2013. Prior to that your last production was on August 14, 2013 producing about 120k pages. In other words, more than half your total production has been made to us in the last 30-45 days.

I assumed based on your email below, and the fact that I have not received any deposition notices from you that you are not intending to travel to Austin this week to take the depositions of Scott Brighten and Hemant Shah. I've told the witnesses as much since we never reached agreements on dates and I was never noticed.

Thanks

-Ben

**From:** Redmond.Heather@dorsey.com [mailto:Redmond.Heather@dorsey.com]
**Sent:** Thursday, September 12, 2013 11:47 AM
**To:** Benjamin Foster
**Subject:** Document Production Status

Ben,

I talked to my tech staff, and have been told that our final production (roughly 25,000 documents) will likely be out the door tomorrow, Monday at the latest. We are still resolving a small number of tech issue documents, so a handful may come after that, but my guess is that most of those will turn out to be nonresponsive if we can ever get them to open.

You have indicated a few times in the past couple of weeks that Versata has another production to make, of approximately 100,000 documents. Each time we have talked, you have indicated that the production would be sent within a week, within a few days, or soon. Unlike Ameriprise, Versata has been holding on to its responsive documents for months, rather than producing them on a rolling basis. You have asked us to confirm deposition dates for next week, and we don't even know if we will have Versata's documents by then, much less be able to review them. I need a firm date on which Versata will produce its remaining responsive documents, so that we can decide if we need to engage in motion practice over the issue.

Heather

**Heather Redmond**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
www.dorsey.com
P: 612.340.6343   F: 612.340.8856   C: 612.741.4420
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2

# Exhibit 2

09/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com    → Fax Central    ☑009/020
                              AZA Law          Fax:7136550062    Sep 13 2013 04:24pm P009/020

NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | IN THE DISTRICT COURT OF |
| | § | TRAVIS COUNTY, TEXAS |
| **Plaintiffs,** | § § | |
| v. | § § | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC. | § § § § | |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE CONTINUED ORAL AND VIDEOTAPED DEPOSITION OF RYAN MACOMB

TO:    Defendants, by and through their attorneys of record, Peter M. Lancaster and Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D. Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") will take the continued oral and videotaped deposition of Ryan Macomb beginning at 9:00 a.m. on Tuesday, September 24, 2013, at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be videotaped. The deposition will continue from day to day until completed.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING,
P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 495-6000
Facsimile:  (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 13, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Sileo
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4824-0208-7957, v. 1

## NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT OF |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | |
| | § | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE CONTINUED ORAL AND VIDEOTAPED DEPOSITION OF STEVE STRAUSS

TO:   Defendants, by and through their attorneys of record, Peter M. Lancaster and Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D. Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") will take the continued oral and videotaped deposition of Steve Strauss beginning at 1:30 p.m. on Tuesday, September 24, 2013, at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be videotaped. The deposition will continue from day to day until completed.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING,
P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 495-6000
Facsimile:  (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

08/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com   → Fax Central   ☑005/020
AZA Law                    Fax:7136550082   Sep 13 2013 04:24pm P005/020

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 13, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4826-2065-0517, v. 1

NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT OF |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE CONTINUED ORAL AND VIDEOTAPED DEPOSITION OF BRYAN DOHERTY

TO:   Defendants, by and through their attorneys of record, Peter M. Lancaster and Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D. Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") will take the continued oral and videotaped deposition of Bryan Doherty beginning at 1:30 p.m. on Monday, September 30, 2013, at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be videotaped. The deposition will continue from day to day until completed.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

09/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com        → Fax Central      ☐008/020
                                     AZA Law              Fax:7136550062      Sep 13 2013 04:24pm  P008/020

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 13, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csilco@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4844-9858-4597, v. 1

## NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC.,  F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | IN THE DISTRICT COURT OF <br><br> TRAVIS COUNTY, TEXAS |
| **Plaintiffs,** <br> **v.** | § § § § | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC. | § § § § | |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF RANDY KUPPER

TO:   Defendants, by and through their attorneys of record, Peter M. Lancaster and Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D. Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") will take the oral and videotaped deposition of Randy Kupper beginning at 9:00 a.m. on Tuesday, October 1, 2013, at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be videotaped. The deposition will continue from day to day until completed.

09/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com          → Fax Central          ☒013/020
                              AZA Law          Fax:7138550062          Sep 13 2013 04:24pm  P013/020

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING,
P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 495-6000
Facsimile:  (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

08/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com
AZA Law                          Fax:7138550082         + Fax Central        ☒014/020
                                                        Sep 13 2013 04:25pm  P014/020

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 13, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4818-1639-2725, v. 1

NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC.,  F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | TRAVIS COUNTY, TEXAS |
| v. | § § | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC. | § § § § § | 53rd JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF KEN BRIDGMAN

TO:   Defendants, by and through their attorneys of record, Peter M. Lancaster and Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D. Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500, Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development, Inc. (collectively, "Versata") will take the oral and videotaped deposition of Ken Bridgman beginning at 9:00 a.m. on Monday, October 7, 2013, at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be videotaped. The deposition will continue from day to day until completed.

09/16/2013 14:40 IFAX faxcenter.mp1@dorsey.com   → Fax Central   ☑004/005
                              AZA Law          Fax:7136550062   Sep 16 2013 02:36pm P004/005

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING,
P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 16, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4835-7813-1477, v. 1

NO. D-1-GN-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT OF |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | TRAVIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE
## ORAL AND VIDEOTAPED DEPOSITION OF MICHAEL NEWMAN

TO:    Defendants, by and through their attorneys of record, Peter M. Lancaster and
Heather D. Redmond, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500,
Minneapolis, Minnesota 55402-1498; and Steve McConnico and Christopher D.
Silco, Scott, Douglass & McConnico, LLP, 600 Congress Avenue, Suite 1500,
Austin, Texas 78701.

Please take notice that, under Texas Rule of Civil Procedure 199, Plaintiffs Versata

Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy

Development, Inc. (collectively, "Versata") will take the oral and videotaped deposition of

Michael Newman beginning at 9:00 a.m. on Tuesday, October 8, 2013, at the offices of Dorsey

& Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402.

Henjum Goucher will stenographically record the deposition, which will also be

videotaped. The deposition will continue from day to day until completed.

09/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com        Fax:7136550062        → Fax Central        ☑019/020
AZA Law                                                                      Sep 13 2013 04:25pm  P019/020

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

09/13/2013 16:30 IFAX faxcenter.mp1@dorsey.com        → Fax Central      ☑020/020
                                 AZA Law              Fax:7136550062    Sep 13 2013 04:25pm  P020/020

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via hand-delivery and/or via facsimile and/or via regular U.S. Mail and/or via electronic mail on September 13, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

4850-7911-3493, v. 1

Filed
13 September 25 P2:44
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a | § | |
| TRILOGY SOFTWARE INC., and | § | IN THE DISTRICT COURT |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., f/k/a TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANICAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## DEFENDANTS' NOTICE OF FILING RULE 11 AGREEMENT

NOW COME Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. and hereby file this fully enforceable Rule 11 Agreement which is attached as Exhibit 1.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: _____
Steve McConnico
Texas Bar No. 13450300
Christopher D. Sileo
Texas Bar No. 24027977
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 495-6300 (Telephone)
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

1029471

Of Counsel:

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-3868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

## ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record by the methods indicated below on this the 25th day of September, 2013.

*VIA FACSIMILE: 512-495-6093*
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
*Attorneys for Plaintiffs*

*VIA FACSIMILE: 713-655-0062*
Amir Alavi
Ben Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mesing, PC
1221 McKinney Street, Suite 3460
Houston, Texas 77010
*Attorneys for Plaintiffs*

Christopher D. Sileo

2

1029471



**HEATHER D. REDMOND**
(612) 340-6343
FAX (612) 340-8856
redmond.heather@dorsey.com

September 25, 2013

**VIA ELECTRONIC MAIL**

Benjamin Foster, Esq.
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing
3460 One Houston Center
1221 McKinney Street
Houston, TX 77010-2009

Re: **Versata Software v. Ameriprise Financial**

Dear Ben:

This letter confirms, pursuant to Texas Rule of Civil Procedure 11, the parties agreement regarding several discovery issues. I understand we have agreed to the following:

1. No party may use any document during a deposition unless the document either *of the other partys witness* (a) has been produced to the other party at least two weeks prior to the deposition, or (b) is specifically identified as a planned exhibit to be used with a particular deponent at least three business days prior to the deponent's deposition, *or (c) was provided by the other party.*

2. Fact and expert depositions may occur after the discovery cut-off of October 8, 2013.

If this accurately reflects our agreement, please sign below and return it to me for filing with the Court.

Sincerely,

*Heather D. Redmond*

Heather D. Redmond

HDR:dbr

Agreed: _____
Benjamin F. Foster
Counsel for Plaintiffs

DORSEY & WHITNEY LLP · WWW.DORSEY.COM · T 612.340.2600 · F 612.340.2868
SUITE 1500 · 50 SOUTH SIXTH STREET · MINNEAPOLIS, MINNESOTA 55402-1498

USA CANADA EUROPE ASIA

**Exhibit** _1_