# EXHIBIT A
# PART 12 OF 12

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., AND VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., | § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS | § § | |
| V. | § § | OF TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | 53RD JUDICIAL DISTRICT |
| DEFENDANTS | § | |

**NOTICE OF HEARING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO TATA CONSULTANCY SERVICES LTD.**

Please take notice that a hearing will be held on November 15, 2013, at 9:00 a.m. on

Plaintiffs' Motion to Compel Compliance With Subpoena to Tata Consultancy Services Ltd.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

*/s/ Benjamin F. Foster*
Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

McGinnis, Lochridge & Kilgore, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 495-6000
Facsimile:  (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via facsimile and/or certified mail, postage prepaid, return receipt requested and/or email on November 8, 2013:

Robert I. Steiner
Kelley, Drye & Warren LLP
101 Park Avenue
New York, New York 10178
(212) 808-7897 (Facsimile)
rsteiner@kelleydrye.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

/s/ Benjamin F. Foster
Benjamin F. Foster

4825-8394-2677, v. 1

2

No. D-1-GN-12-003588

| | |
|---|---|
| **VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.,** | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | **TRAVIS COUNTY, TEXAS** |
| **v.** | |
| **AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,** | **53rd JUDICIAL DISTRICT** |
| **Defendants.** | |

## NOTICE OF APPEARANCE

1.      Comes now, Timothy J. Herman, and makes an appearance in the above numbered and entitled cause on behalf of Tata Consultancy Services, Ltd. ("TCS"), a non-party to this action.

2.      TCS is interested in this matter as the result of having been subpoenaed by the Plaintiff in an effort to conduct third party discovery and has having been made a subject of Plaintiff's Motion to Compel.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.


/s/ Tim Herman
Timothy J. Herman
State Bar No. 09513700
Sean E. Breen
State Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 Fax
ATTORNEY FOR TATA CONSULTANCY
SERVICES, LTD., Non-Party

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via facsimile and/or e-service November 14, 2013.

Robert I. Steiner
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
Fax:  (212) 808-7897

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
Fax:  (612) 340-2868

Steve McConnico
Christopher D. Silco
Scott Douglas & McConnico
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Fax: (512) 474-0731

Travis Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Fax:  (512) 495-6093

Demetrios Anaipakos
Amir Alavi
Steven J. Mitby
Benjamin F. Foster
1221 McKinney Street, Suite 3460
Houston, Texas  77010
Fax:  (713) 655-1101

*/s/ Tim Herman*

No. D-1-GN-12-003588

| | |
|---|---|
| **VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.,** | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | |
| **v.** | **TRAVIS COUNTY, TEXAS** |
| **AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,** | **53rd JUDICIAL DISTRICT** |
| **Defendants.** | |

## MOTION FOR CONTINUANCE

1.      Comes now, Tata Consultancy Services, Ltd. ("TCS"), a non-party to this action.

2.      TCS is interested in this matter as the result of having been subpoenaed by the Plaintiff in an effort to conduct third party discovery and has having been made a subject of Plaintiff's Motion to Compel.

3.      Without consultation or conference, Plaintiff set its Motion to Compel on Friday, November 15, 2013 at 9:00 a.m.  Lead counsel for TCS, Mr. Robert Steiner was notified of the setting at his New York office by fax received at 5:49 p.m. on Friday, November 8, 2013.

4.      The issues involved in this hearing concern extremely complicated matters such as the confidentiality and proprietary nature of complex software systems and source code.  The hearing on this matter will consume far in excess of the fifteen minutes allowable for matters set

on Friday morning in Travis County. In fact, a hearing on the discoverability of much of the information sought from TCS, a third party, could consume an entire day and potentially *in camera* inspections of source code and other proprietary matters.

5.      Despite the complex nature of this motion, Plaintiff set it for Friday morning and announced for fifteen minutes. TCS attempted to announce "not ready" and inform the coordinator of the erroneous nature of Plaintiff's announcement. However, because Plaintiff had announced for fifteen minutes, TCS has been forced to appear to let the Court know that this hearing is not suitable for the setting.

6.      TCS has attempted to resolve this matter in a variety of ways in numerous conferences with Plaintiff's counsel but has been unable to do so.

7.      This continuance is sought, not for delay, but so that justice may be done.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.


*/s/ Tim Herman*
Timothy J. Herman
State Bar No. 09513700
Sean E. Breen
State Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 Fax
ATTORNEY FOR TATA CONSULTANCY
SERVICES, LTD., Non-Party

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via facsimile and/or e-service on November 14, 2013.

Robert I. Steiner
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
Fax:  (212) 808-7897

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402-1498
Fax:  (612) 340-2868

Steve McConnico
Christopher D. Silco
Scott Douglas & McConnico
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Fax: (512) 474-0731

Travis Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Fax:  (512) 495-6093

Demetrios Anaipakos
Amir Alavi
Steven J. Mitby
Benjamin F. Foster
1221 McKinney Street, Suite 3460
Houston, Texas  77010
Fax:  (713) 655-1101

*/s/ Tim Herman*

SAMUEL D. THOMAS   D·1·GN·12·003588

1        DEPOSITION OF SAMUEL D. THOMAS/LG

2    Page No.        Line No.        should read:

3       96            SEG            Leads Management

4    Page No.        Line No.        should read:

5       97            18             Boarding

Filed in The District Court
of Travis County, Texas

NOV 12 2013   JA

At _1:20_ p. __M.

Amalia Rodriguez-Mendoza, Clerk

6    Page No.        Line No.        should read:

7      116           23 & 24         Remote Access

8    Page No.        Line No.        should read:

9

10   Page No.        Line No.        should read:

11

12   Page No.        Line No.        should read:

13

14   If supplemental or additional pages are necessary,
     please furnish same in typewriting annexed to this
15   deposition.

16

17        SAMUEL D. THOMAS   _Samuel D Thomas_

18   Sworn to and subscribed before me,
     this the  7  day of  October  , 2013 .

19

20   Notary Public  _Ellen Jones_
     My commission expires:  Feb. 5, 2016

21

22

23

24

25

 **Deposition and Litigation Services**

www.hglitigation.com        1-888-656-DEPO (3376)

November 5, 2013

<u>**Via CMRRR**</u>
Amalia Rodriguez-Mendoza
Travis County District Clerk
PO Box 679003
Austin, TX  78767

Re:      Deposition of McCamish Systems, LLC
         Deposition Date: 09/18/2013
         Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
         Cause No.: D-1-GN-003588

Dear Ms. Rodriguez-Mendoza:

Enclosed for filing, please find the Court Reporter Certificate Page:

_  As of today's date our office has not received the witness errata & signature page.

**X**  Errata with changes (Copy/<u>Original</u>)
      <u>FedEx</u>/UPS/CMRRR/USPS/Email *For office use only*

_  Errata without changes
      FedEx/UPS/CMRRR/USPS/Email *For office use only*

**X**  Signature page with signature (Copy/<u>Original</u>)
      <u>FedEx</u>/UPS/CMRRR/USPS/Email *For office use only*

_  Signature page without signature
      FedEx/UPS/CMRRR/USPS/Email *For office use only*

Please do not hesitate to contact our office should you need further assistance.

                        Respectfully yours,


                        Amanda Reyes
                        HG Litigation Services


DH/ar
Enclosure
cc: All Counsel in Appearance (Via Electronic Mail)

# 888.656.DEPO
# www.hglitigation.com
2501 Oak Lawn Avenue, Suite 600 • Dallas, Texas 75219

SAMUEL D. THOMAS   D·1·GN·12·003588

Page 125

1                 C E R T I F I C A T E           Filed in The District Court
                                                   of Travis County, Texas
2    STATE OF GEORGIA:

3    COUNTY OF FULTON:                            NOV 1 2 2013   JA
                                                  At        :20 ρ        M.
4                                                 Amelia Rodriguez-Mendoza, Clerk

5              I hereby certify that the foregoing

6        transcript was taken down, as stated in the

7        caption, and the questions and answers

8        thereto were reduced to typewriting under

9        my direction; that the foregoing pages 1

10       through 124 represent a true, complete, and

11       correct transcript of the evidence given

12       upon said hearing, and I further certify

13       that I am not of kin or counsel to the

14       parties in the case; am not in the regular

15       employ of counsel for any of said parties;

16       nor am I in any way interested in the

17       result of said case.

18             This, the 20th day of September,

19       2013.

20

21

22       _Lamarra George_
         Lamarra George, CCR-2582
23       My commission expires on
         the 31st of March 2014.
24

25

SAMUEL D. THOMAS

Page 124

1                           DISCLOSURE

2    STATE OF GEORGIA         DEPONENT:  SAMUEL D. THOMAS

3    COUNTY OF FULTON

4         Pursuant to Article 10.B of the Rules and
     Regulations of the Board of Court Reporting of the
5    Judicial Council of Georgia, I make the following
     disclosure:

6

7         I am a Georgia Certified Court Reporter.  I
     am here as an independent contractor for HG
     Litigation, Incorporated.

8

9         HG Litigation, Incorporated was contacted by
     the offices of Ahmad Zavistsanos & Anaipakos, Alavi,
     Mensing, P.C., to provide court reporting services
10   for this deposition.

11        HG Litigation, Incorporated will not be
     taking this deposition under any contract that is
12   prohibited by O.C.G.A. 9-11-28(c).

13        HG Litigation, Incorporated has no
     contract/agreement to provide reporting services
14   with any party to the case, any counsel in the case,
     or any reporter or reporting agency from whom a
15   referral might have been made to cover this
     deposition.  HG Litigation, Incorporated will charge
16   its usual and customary rates to all parties
     in the case, and a financial discount will not be
17   given to any party to this litigation.

18

19

20   Lamarra George, CCR-2582
     Certified Court Reporter
21   September 18, 2012

22
                    Firm No. Dallas: 69 Houston: 373
23

24

25

 **Deposition and Litigation Services**

www.hglitigation.com          1-888-656-DEPO (3376)

September 24, 2013

Roger Borovoy
Fish & Richardson - Silicon Valley
500 Arguello Street, Suite 500
Redwood City, CA  94063

Re:     Deposition of McCamish Systems, LLC
        Deposition Date: 09/18/2013
        Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
        Cause No.: D-1-GN-003588

Dear Roger Borovoy:

        Please have your client read and sign the attached Oral Deposition, making any
necessary changes on the errata sheet that is provided.

        Please return the original errata and witness signature page to the office listed
below within thirty (30) days or before October 24, 2013 for filing, as agreed by the
parties.

        If we can be further assistance to you, please do not hesitate to contact our office.


                        Respectfully yours,

                        Amanda Reyes
                        HG Litigation Services
                        1-888-656-DEPO


DH/ar
Enclosure


# 888.656.DEPO
# www.hglitigation.com
2501 Oak Lawn Avenue, Suite 600 • Dallas, Texas 75219

No. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA  SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT OF |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | TRAVIS COUNTRY, TEXAS |
| GROUP, INC., | § | |
| | § | |
| V. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | |

## NON-PARTY TATA CONSULTANCY SERVICES, LTD.'S OBJECTIONS AND MOTION FOR PROTECTION REGARDING THE SUBPOENA DEPOSITION TO TESTIFY AND/OR PRODUCE DOCUMENTS OR THINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Non-Party Tata Consultancy Services, Ltd. ("TCS") in the above-styled and numbered cause, and files this Objection and Motion for Protection regarding the subpoena, dated September 11, 2013, seeking a deposition and production of documents from TCS and will show as follows:

I.

On September 11, 2013, TCS was served with a Subpoena Deposition to Testify and/or Product Documents or Things.  TCS objects on all the grounds set out herein, including under Texas Rules of Civil Procedure.

II.

TCS objects to the subpoena seeking a deposition of a corporate representative of TCS and the request for production of documents on all the grounds set out herein and requests that the Court enter a protective order in favor of TCS, if necessary.

The requested deposition of a corporate representative of TCS will, for the reasons set out herein, cause TCS undue burden and expense and result in the disclosure of privileged trade

1

secret information and information irrelevant to this lawsuit and not likely to lead to the discovery of admissible evidence. The deposition topics propounded are over broad, vague, and harassing.

III.

TCS objects to the requests for production of documents because the requests seek information that is protected by the attorney-client, work product, and trade secret privileges, seek information that is irrelevant and not likely to lead to the discovery of admissible evidence, and seek information that is private and confidential. TCS also objects because the requests are harassing, over broad, unduly burdensome, vague, not reasonably limited in scope or time, and duplicative and cumulative of previously produced and publicly available documents. TCS also objects because the requests are an improper fishing expedition into TCS's files. If necessary, a protective order should be entered. More specifically, TCS objects to each request as follows:

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify the types of enterprise configuration and/or compensation software or any software that assists a corporation in structuring and classifying its different contractors, employees, or agents that TCS develops and markets.

**RESPONSE: TCS objects to this Request for Production because it is over broad, unduly burdensome, harassing, and not limited in time or scope – it seeks information about a wide range of TCS products, both those in development and on the market. It is also vague in its description of the documents being sought, in that the phrase "enterprise configuration and/or compensation software" is undefined preventing TCS from ascertaining exactly what documents are requested. It also seeks documents that are irrelevant to the lawsuit and not likely to lead to the discovery of admissible evidence. It is also duplicative and cumulative of information already in Plaintiffs' possession or which can be more conveniently obtained from public sources, such as the TCS website. It is also improper because it requests production of privileged TCS trade secret information and information subject to attorney-client and work product privilege. Subject to the foregoing and without waiving the same, TCS directs Plaintiff to its website www.tcs.com for information responsive to this Request.**

2

**REQUEST FOR PRODUCTION NO. 2:**   Document sufficient to identify whether the following software programs that assist a corporation in structuring and classifying its different contractors, employees or agents and whether any of the following software programs perform any enterprise configuration and/or compensation functions:

      a.     TCS Human Capital Management Platform
      b.     TCS HRO Platform
      c.     TCS BPO Solutions
      d.     TCS Analytics Platform
      e.     TCS Automotive Retail Accelerator Solution
      f.     TCS Hosted OSS/BSS
      g.     TCS BaNCS and the Insurance, Property & Casualty, and Life & Pension Solutions from TCS BaNCS.

**RESPONSE:   TCS objects to this Request for Production because it is vague in its description of the documents being sought, in that the phrase "enterprise configuration and/or compensation functions" is undefined preventing TCS from ascertaining exactly what documents are requested. It also seeks documents that are irrelevant to the lawsuit and not likely to lead to the discovery of admissible evidence. It is also duplicative and cumulative of information already in Plaintiffs' possession or which can be more conveniently obtained from public sources, such as the TCS website. It is also improper because it requests production of privileged TCS trade secret information and information subject to attorney-client and work product privilege. Subject to the foregoing and without waiving the same, TCS directs Plaintiff to its website www.tcs.com for information responsive to this request.**

**REQUEST FOR PRODUCTION NO. 3:**   Documents sufficient to identify the features and functionality of any software programs that assist a corporation in structuring and classifying its different contractors, employees or agents.

**RESPONSE: TCS objects to this Request for Production because it is over broad, unduly burdensome, harassing, and not limited in time or scope – it seeks information about "any software programs" whether or not they are developed or sold by TCS or relate in any way to this litigation and seeks information about all of the "features and functionality" of all of those programs. It is also vague in its description of the documents being sought, in that the phrase "features and functionality" is undefined preventing TCS from ascertaining exactly what documents are requested. It also seeks documents that are irrelevant to the lawsuit and not likely to lead to the discovery of admissible evidence – indeed, the Request is not even limited to TCS programs. It is also improper because it requests production of privileged TCS trade secret information – the details of TCS's software programs are highly confidential, not available to the public, and are the proprietary information of TCS. To the extent the Request does not seek trade secret information, it is duplicative and cumulative of information already in Plaintiffs' possession or which can be more conveniently obtained from public sources, such as the TCS website. Subject to the foregoing and without waiving the same, TCS directs Plaintiff to its website www.tcs.com for information responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 4:**   Documents sufficient to identify the features and functionality of any enterprise configuration and/or compensation software programs that TCS develops and markets, including but not limited to the software programs listed above.

**RESPONSE: TCS objects to this Request for Production because it is over broad, unduly burdensome, harassing, and not limited in time or scope – it seeks information about "any enterprise configuration and/or compensation software programs that TCS develops and markets" and seeks information about all of the "features and functionality" of all of those software programs.  It is also vague in its description of the documents being sought, in that the phrases "enterprise configuration and/or compensation software programs" and "features and functionality" are undefined, preventing TCS from ascertaining exactly what documents are requested.  It also seeks documents that are irrelevant to the lawsuit and not likely to lead to the discovery of admissible evidence.  It is also improper because it requests production of privileged TCS trade secret information – the details of TCS's software programs are highly confidential, not available to the public, and are the proprietary information of TCS.  To the extent the Request does not seek trade secret information, it is duplicative and cumulative of information already in Plaintiffs' possession or which can be more conveniently obtained from public sources, such as the TCS website.  Subject to the foregoing and without waiving the same, TCS directs Plaintiff to its website www.tcs.com for information responsive to this request.**

WHEREFORE, for the reasons stated above and at any hearing on this matter, TCS respectfully request that this Court grant the objections, quash the notices of requests for documents if needed and enter a protective order if necessary and requests all further relief to which TCS may be entitled.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

/s/ Tim Herman

Timothy J. Herman
State Bar No. 09513700
Sean E. Breen
State Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 Fax

Of Counsel:

KELLEY DRYE & WARREN LLP
Robert I. Steiner
Damon W. Suden
101 Park Avenue
New York, New York 10178
(212) 808-7800
(212) 808-7897

**Attorneys for Tata Consultancy
Services, Ltd., Non-Party**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of November, 2013, I sent a true and complete copy of this pleading via electronic filing and/or facsimile to the following persons in accordance with the Texas Rules of Civil Procedure.

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Fax: (612) 340-2868

5

Steve McConnico
Christopher D. Silco
Scott Douglas & McConnico
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Fax: (512) 474-0731

Travis Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Fax:  (512) 495-6093

Demetrios Anaipakos
Amir Alavi
Steven J. Mitby
Benjamin F. Foster
1221 McKinney Street, Suite 3460
Houston, Texas  77010
Fax:  (713) 655-0062

/s/  Tim Herman
_____

Tim Herman

 **Deposition and Litigation Services**

www.hglitigation.com        1-888-656-DEPO (3376)

November 8, 2013

Filed in The District Court
of Travis County, Texas

NOV 1 5 2013 **MR**

At____1:06____M.
Amalia Rodriguez-Mendoza, Clerk

**Via CMRRR**
Amalia Rodriguez-Mendoza
Travis County District Clerk
PO Box 679003
Austin, TX 78767

Re:    Deposition of Praveen Ramachandra
       Deposition Date: 10/07/2013
       Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
       Cause No.: D-1-GN-003588

Dear Ms. Rodriguez-Mendoza:

Enclosed for filing, please find the Court Reporter Certificate Page:

_  As of today's date our office has not received the witness errata & signature page.

**X**  Errata with changes (Copy/Original)
FedEx/UPS/CMRRR/USPS/Email *For office use only*

_  Errata without changes
FedEx/UPS/CMRRR/USPS/Email *For office use only*

**X**  Signature page with signature (Copy/Original)
FedEx/UPS/CMRRR/USPS/Email *For office use only*

_  Signature page without signature
FedEx/UPS/CMRRR/USPS/Email *For office use only*

Please do not hesitate to contact our office should you need further assistance.

Respectfully yours,


Amanda Reyes
HG Litigation Services


DH/ar
Enclosure
cc: All Counsel in Appearance (Via Electronic Mail)

## 888.656.DEPO
## www.hglitigation.com
2501 Oak Lawn Avenue, Suite 600 • Dallas, Texas 75219

1          SIGNATURE PAGE

2       I, PRAVEEN RANGANATHAN, the deponent, do hereby
   certify that I have read the foregoing transcript of my
3  testimony and believe the same to be true and correct,
   except as follows, noting the page and line number of
4  the change or addition desired and the reason why:

5  PAGE   LINE   CORRECTION AND REASON FOR CHANGE

6  Page - 34  -  Management advised not to
7        Line 10                      decompile

8  Page - 58  -  cse Building
9        Line 1

10  Page - 60
11  P - 139  -  'CCD' and not 'CVS'
12        Line 18

13

14

15

16

17

18

19          Deponent's Signature        Date

20                                      6-Nov-2013

21

22  Witness my hand and seal this      day of        2013.

23

24          Notary Public
            My Commission Expires:              TAYLOR MARIE HARP
                                                NOTARY PUBLIC-MINNESOTA
25                                              My Commission Expires Jan 31, 201

 **Deposition and Litigation Services**

www.hglitigation.com          1-888-656-DEPO (3376)

October 17, 2013

Roger Borovoy
Fish & Richardson - Silicon Valley
500 Arguello Street, Suite 500
Redwood City, CA  94063

Re:      Deposition of Praveen Ramachandra
         Deposition Date: 10/07/2013
         Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
         Cause No.: D-1-GN-003588

Dear Roger Borovoy:

        Please have your client read and sign the attached Oral Deposition, making any necessary changes on the errata sheet that is provided.

        Please return the original errata and witness signature page to the office listed below within twenty (20) days or before <u>November 6, 2013</u> for filing, as agreed by the parties.

        If we can be further assistance to you, please do not hesitate to contact our office.


                        Respectfully yours,

                        Amanda Reyes
                        HG Litigation Services
                        1-888-656-DEPO


DH/ar
Enclosure


# 888.656.DEPO
# www.hglitigation.com
### 2501 Oak Lawn Avenue, Suite 600 • Dallas, Texas 75219

193420

PRAVEEN RANGANATHAN - CONFIDENTIAL - AEO

Page 161

1                    REPORTER'S CERTIFICATE

2        Be it known that I, Hartman L. Erickson, took

3    the foregoing videotaped deposition of PRAVEEN

4    RANGANATHAN;

5        That the witness, before testifying, was first

6    duly sworn as to the whole truth and nothing but the

7    truth relative to said cause;

8        That the testimony of said witness was recorded

9    in shorthand by me and transcribed by me and that the

10   foregoing deposition is a true record of the

11   testimony given by said witness, and that the reading

12   and signing of the foregoing deposition by said

13   witness was not waived by the witness and respective

14   counsel;

15       That I am not related to any of the parties

16   hereto, nor an employee of them, nor interested in

17   the outcome of the action, and that the cost of the

18   original has been charged to the party who noticed

19   the deposition, and all parties who ordered copies

20   have been charged at the same rate for such copies.

21       WITNESS MY HAND AND SEAL this 13th day of

22   October 2013.

23

24   *Hartman L. Erickson*
     Hartman L. Erickson, Notary Public
     Dakota County, Minnesota
25   My Commission Expires January 31, 2015

                              Firm No. Dallas: 69 Houston: 373

                    HG LITIGATION SERVICES
                    HGLITIGATION.COM

No. D-1-GN-003588

| | |
|---|---|
| **VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,**<br><br>**Defendants.** | **IN THE DISTRICT COURT OF**<br><br>**TRAVIS COUNTY, TEXAS**<br><br>**53rd JUDICIAL DISTRICT** |

### NON-PARTY TATA CONSULTANCY SERVICES, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Non-party Tata Consultancy Services, Ltd. ("TCS") submits this Memorandum of Law in opposition to Plaintiff Versata Software, Inc. and Versata Development Group, Inc.'s ("Versta") Motion to Compel compliance with its September 11, 2013 Subpoena.

Versata's motion to compel TCS – a non-party to this action – to produce a wide array of highly confidential and proprietary information and to provide a witness to testify on a broad range of topics should be denied. Versata ignores and does not disclose to the Court that TCS has already produced documents in this action in response to Versata's prior subpoena which sought information related to TCS's relationship with Defendants. Those documents provided Versata with all of the information it claims to need to prosecute its case. Thus, Versta's claim that TCS "has been unwilling to produce any documents" and that TCS "is stonewalling" is wrong.

1

Other than its boilerplate pronouncements that the information sought is "highly relevant" and discoverable under the Texas Rules of Civil Procedure, Versata provides no substantive reason why TCS should be compelled to produce its highly confidential trade secrets. Versata's argument that the "subpoenas are designed to verify whether TCS develops enterprise software code that competes with Versta" actually counsels in favor of quashing the subpoena. Versata claims to already know that TCS is a competitor of Versata. Moreover, the TCS website contains sufficient publicly available information for Versata to use to attempt to establish a competitor relationship, if indeed there is one. And, in connection with this opposition, TCS has submitted an affidavit attesting to its business and product offerings. Thus, based on Versata's stated purpose for seeking additional discovery from TCS, the subpoena is cumulative, duplicative, overly broad, unduly burdensome, and amounts to nothing more than a fishing expedition.

The subpoena is also improper because it seeks to fish through TCS's proprietary technical and trade secret information of the same type that Versata itself complains was compromised by Ameriprise. Under the circumstances of this case, there is no necessity for TCS to produce its trade secret information – even subject to a protective order. Accordingly, Versata's Motion to Compel should be denied.

### STATEMENT OF FACTS

#### Background

Versata alleges that Ameriprise breached the parties' Master License Agreement ("MLA") and committed various business torts by, *inter alia*, hiring TCS to "perform maintenance and customization work on Versata's software" (Complaint ¶ 40)[1] and allowing

---

[1] The Complaint is attached as part of Exhibit C to Versata's Motion.

2

TCS to have access to Versata's "software, product documentation, and related materials"
(Complaint ¶ 23). Versata alleges that the MLA prohibits TCS from having such access because
TCS is not a "Permitted Contractor" by virtue of being a competitor with Versata "in the
development of enterprise compensation or configuration software." (Complaint ¶ 23, 41.)

On or about February 1, 2013, Versata served TCS with a subpoena duces tecum
in this action which contained eleven requests for documents ("the February Subpoena"). TCS
responded to that request for documents by producing various Statements of Work which
described, in detail, the services that TCS was contracted to provide to Ameriprise, including the
major and minor enhancements that it made to Ameriprise's distribution channel management
platform. In total, TCS produced approximately 120 pages of documents. Other than request
No. 9 of the February Subpoena which sought, among other things, invoices unrelated to TCS's
services, TCS did not object to any other request for documents. Versata made no complaint
about TCS's production in response to the February Subpoena.

### The September Subpoena Seeking Irrelevant, Cumulative, And Trade Secret Information

On or about September 11, 2013, TCS received another subpoena for the
production of documents and, this time, of a witness to be deposed on September 30 (with
subsequent revisions, the "September Subpoena"). This subpoena went far beyond the scope of
the February Subpoena and sought documents and testimony concerning TCS's trade secret
information. For example, the September Subpoena (attached as Exhibit E to Versata's Motion)
sought production of documents related to seven software programs developed and owned by
TCS as well as documents which showed the "features and functionality of *any* enterprise
configuration and or compensation software programs that TCS develops and markets, including
but not limited to the [seven] software programs listed." The subpoena also called for production

3

of a witness or witnesses to testify on all of the topics set forth in the subpoena duces tecum.  On

September 27, 2013, Versata sent TCS a revised list of document demands and deposition topics.

(The revised topics and requests are attached hereto as Exhibit 1.)

In its motion to compel, Versata claims that the September Subpoena is necessary

because it "needs to conduct a limited amount of deposition and document discovery concerning

the functionality of TCS's enterprise compensation software products" (Motion at 2) in order to

"show whether TCS develops enterprise compensation software that competes with Versata"

(Motion at 3, 5).  Versata, however, claims to already know that TCS is a competitor.  Versata

asserts that "TCS's website indicates that it develops enterprise compensation software that

competes with Versata, and TCS has not denied that it competes with Versata in this industry

niche." (Motion at 2.)  Versata's counsel has also stated: "Our review of publically [sic]

available information relating to TCS's product offerings indicates that TCS does, in fact,

develop its own enterprise compensation software." (*See* Exhibit 2, attached hereto.)

The September Subpoena, nevertheless, goes far beyond the stated purpose of

attempting to prove that Versata and TCS are competitors.  Instead, the information Versata

seeks from TCS relates to the "features and functionality" of all compensation and configuration

software that TCS develops or markets.  (Exhibit 1.)  This is proprietary trade secret information

which should not be disclosed – especially because it is totally unrelated to the stated purpose of

the September Subpoena.

## The TCS Business And Its Proprietary Information

TCS is engaged in the business of providing consulting, development, system

integration, applications maintenance, infrastructure support and other professional services and

technology solutions in information technology, engineering, and IT enabled business process

4

services to customers around the globe. TCS service offerings include end-to-end outsourcing of IT, Engineering, IS and BPO services to customers. (Saxena Aff. ¶ 2.)

The details of services and products offered by TCS are available on the TCS website located at http://www.tcs.com. In addition to offering professional services, TCS also offers its proprietary software products, tools and solutions through licensing, implementation and maintenance services. TCS's website provides the information about the capabilities of proprietary products commercially offered by TCS. These products are grouped into three main categories: TCS BaNCS brand of products; TCS Mastercraft product; and TCS Technology products. (Saxena Aff. ¶ 3.)

In connection with the provision of its outsourcing services to customers TCS utilizes its own proprietary technology platform solutions such as TCS Human Capital Management Platform, TCS HRO Platform, TCS BPO Solutions, TCS Analytics Platform, and TCS Automotive Retail Accelerator Solution. These platform solutions are for internal use of TCS in its provision of outsourcing services and are not commercially offered to TCS customers. (Saxena Aff. ¶ 4.)

All TCS software, including the products listed above, and their features and functionality are proprietary and highly valuable to TCS. They have been developed through years of effort, varying from product to product, and indeed enhancements upgrades and refinement and development of these products is an on-going process. These products have been created at considerable expense to TCS. TCS has invested many millions of dollars into creating, modifying and further developing its offerings. (Saxena Aff. ¶ 10.)

The TCS software products listed above are invaluable to TCS as they represent a large part of TCS's business and the value that TCS delivers to the clients who hire it. (Saxena

5

Aff. ¶ 11.)  The software code, design, architecture and other source material or documentation of TCS products are not disclosed or known to the public.  Pursuant to license agreements with its clients, TCS may permit those clients to have access and use rights to TCS software.  Also, typically, when a customer licenses a product, the license is for the object code version of the product and unless a customer has obtained a source material license, TCS does not provide its customers with any source material or related information.  (Saxena Aff. ¶ 12.)

Access to the proprietary and confidential materials described above is only available to TCS employees on a strictly need-to-know basis and no employee is authorized to disclose proprietary information to third parties.  (Saxena Aff. ¶ 13.)  Disclosure of any non-public information about its proprietary software products as sought by Versata would cause irreparable harm to TCS.  (Saxena Aff. ¶ 14.)

TCS has not and does not offer any software products in North America that has as its primary function to perform commission and compensation calculations.  (Saxena Aff. ¶ 7.)  TCS has never offered its products to a customer to replace Versata software.  Nor has TCS has found itself competing with Versata for any opportunities with a prospective or existing customer in promoting TCS' product offerings.  Other than this litigation, TCS is not familiar with Versata and does not consider Versata its competitor in any segment of marketplace. (Saxena Aff. ¶ 9.)

**Counsel For TCS And Versata Agree That Objections To The September Subpoena Could Be Filed On November 22, 2012**

At the time Versata filed its motion to compel, it argued that TCS had waived any objections to its discovery requests because TCS allegedly did not timely raise any objections. Versata made that argument despite communications between the parties that showed that Versata had extended TCS's deadline to respond and subsequently provided a letter response

6

which detailed its objections to producing documents and a witness. In any event, Versata has since abandoned its waiver argument, agreeing in open Court on November 15, 2013 that TCS could formally provide its objections, if any, to the September Subpoena by November 22, 2013. TCS has done so and the waiver argument is now moot.[2]

## ARGUMENT

I.    The September Subpoena Should Be Quashed

A.    The September Subpoena Seeks Cumulative And Duplicative Evidence

Versata claims to need the information sought in the September Subpoena in order to "show whether TCS develops enterprise compensation software that competes with Versata." (Mot. at 3, 5.) Pursuant to Rule 192.4 of the Texas Rules of Civil Procedure, the September Subpoena should be quashed, however, because "the discovery sought is unreasonably cumulative or duplicative" and "is obtainable from some other source that is more convenient, less burdensome, [and] less expensive." *See also In re Commitment of Hinchey*, 2012 Tex. App. Lexis 7582, 4, 2012 WL 3853186 (Tex. App. Beaumont Sept. 6, 2012) ("Even if the discovery Hinchey sought is within the scope of discovery authorized by the Texas Rules of Civil Procedure, the hearing reflects that the trial court could have reasonably decided that Hinchey had the information, if relevant, from other sources already available to him....")

Here, Versata claims to already know that TCS "develops enterprise compensation software that competes with Versata." Information regarding TCS products is also publicly available on the TCS website. Thus, there is no need to demand production of documents and a witness from TCS concerning its proprietary information, including the features

---

[2]    TCS continues to maintain that there was no waiver but given the agreement of the parties, a more detailed discussion of the facts as they concern the waiver argument is unnecessary. Should the Court require additional information on the communications between the parties which demonstrate there was no waiver, TCS will provide it.

7

and functionality of TCS products, simply to establish facts that Versata already claims it knows and can attempt to prove with publicly available information.

Moreover, TCS has submitted herewith an affidavit which discloses TCS's business and product offers, and confirms that TCS does not consider Versata a competitor. Thus, nothing more would be gained from compelling production of TCS's proprietary information or requiring a TCS representative to sit for a deposition.

**B.      The September Subpoena Is Overly Broad and Unduly Burdensome**

Discovery should be limited where, as here, "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Tex. R. Civ. P. 192.4; *see also In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (original proceeding). Moreover, discovery should be denied where the request "could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003).

Unlike the requests in the February Subpoena which were narrowly tailored to the issues in the case, the September Subpoena goes far afield   seeking documents relating to the entire suite of TCS products and seeking technical trade secret information which is wholly unnecessary and completely unrelated to Versata's stated purpose for serving the subpoena which was to establish whether TCS and Versata were competitors. Moreover, the accompanying affidavit from TCS establishes that the documents and information which Versata seeks simply do not exist   TCS does not compete with Versata. Thus, in light of these facts,

8

requiring TCS to comply with the September Subpoena, even as modified by Versata, would be unduly burdensome and result in a production that is overly broad.

### C.    The September Subpoena Is An Impermissible Fishing Expedition

The Texas Supreme Court has "repeatedly emphasized that discovery may not be used as a fishing expedition. Rather, requests must be reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (citations omitted). "Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible 'fishing expeditions.'" *In re Lowe's Companies, Inc.*, 134 S.W.3d 876, 879 (Tex. App. 2004). A "fishing expedition is one aimed not at supporting existing claims but at finding new ones." *In re Sears, Roebuck & Co.*, 123 S.W.3d 573, 578 (Tex. App. 2003); *see also* 31 Tex. Jur. 3d Discovery and Depositions § 20 ("[D]iscovery requests must be reasonably tailored to the case, and requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible 'fishing expeditions.'").

Here, it is apparent that Versata's discovery requests and deposition are not reasonably tailored to include only matters relevant to its claims against Ameriprise. The requests seek proprietary information about all of TCS's products. Versata should not be permitted to "fish" for information from a non-party that it could use to drum up new claims.

### D.    The September Subpoena Seeks Privileged Trade Secret Information

The September Subpoena should also be quashed because it seeks trade secret information from TCS. *See* Tex. R. Evid. 507. "Rule 507 requires the party resisting discovery to first establish that the information sought constitutes a trade secret. The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its

claim or defense. A trial court abuses its discretion if it orders disclosure of trade secrets when the requesting party has not carried its burden to show the information is necessary for a fair adjudication of its claim." *In re Goodyear Tire & Rubber Co.*, 392 S.W.3d 687, 693 (Tex. App. 2010) (citations omitted). Courts weight six factors to determine whether a trade secret exists: "(1) the extent to which the information is known outside of the business; (2) the extent to which the information is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *In re Goodyear Tire & Rubber Co.*, 392 S.W.3d at 693.

Here, TCS has established that the information sought in the September Subpoena are TCS trade secrets. TCS does not allow the public access to information concerning the specific features or functionality of its software products and does not disclose such information to any competitors. Only paying customers are entitled access to TCS software products pursuant to the specific terms of their license agreement. Even TCS employees only have access to the software on a need-to-know basis. TCS spent many years and millions of dollars to develop its software products and this information could not be easily developed by others. TCS's software, and details about its features and functionality, is incredibly valuable to TCS and its disclosure would be severely detrimental to TCS's business. (*See* Saxena Affidavit.)

## II. TCS Has Not Waived Its Objections To The September Subpoena

Counsel for Versata and TCS agreed on the record that TCS could file its objections to the September Subpoena by November 22, 2013. TCS has done so and its objections are, therefore, preserved and any argument otherwise is moot.

10

## CONCLUSION

For the reasons set forth above, TCS requests that this Court deny Versata's motion to compel in its entirety and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

/s/ Timothy J. Herman

Timothy J. Herman
State Bar No. 09513700
Sean E. Breen
State Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 Fax

Of Counsel:

KELLEY DRYE & WARREN LLP
Robert I. Steiner
Damon W. Suden
101 Park Avenue
New York, New York 10178
(212) 808-7800
(212) 808-7897

**Attorneys for Tata Consultancy Services, Ltd., Non-Party**

11

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of December, 2013, I sent a true and complete copy of this pleading via electronic filing and/or facsimile to the following persons in accordance with the Texas Rules of Civil Procedure.

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Fax: (612) 340-2868

Steve McConnico
Christopher D. Sileo
Scott Douglas & McConnico
600 Congress Avenue, Suite 1500
Austin, Texas 78701
Fax: (512) 474-0731

Travis Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Fax: (512) 495-6093

Demetrios Anaipakos
Amir Alavi
Steven J. Mitby
Benjamin F. Foster
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Fax: (713) 655-0062

/s/ Tim Herman
_____
Tim Herman

12

# EXHIBIT 1

**Steiner, Robert**

| | |
|---|---|
| **From:** | Steve Mitby <smitby@AZALAW.COM> |
| **Sent:** | Friday, September 27, 2013 4:04 PM |
| **To:** | Steiner, Robert |
| **Subject:** | Versata/TCS subpoena |

Rob,

Further to my email of yesterday, here is a narrower list of deposition topics and document requests that we will be able to agree on if we can depose TCS's corporate representative relatively soon.  Please look at these topics/requests and tell me if you have any questions.  Have a safe trip to India.

Thanks,

Steve


1. Testimony identifying the names of the software programs that TCS develops and markets that perform enterprise compensation and/or configuration functions.

2. Testimony concerning the features and functionality of any enterprise compensation and/or configuration software that TCS develops and markets.

3. Production of technical documents sufficient to identify the features and functionality of any enterprise compensation and/or configuration software that TCS develops and markets.

4. Production of advertising, marketing, white paper, and website documents that refer to the features and functionality of any enterprise compensation and/or configuration software that TCS develops and markets.

5. For purposes of the foregoing, enterprise compensation software includes, but is not limited to, the following software products: TCS Human Capital Management Platform, TCS HRO Platform, TCS BPO Solutions, TCS Analytics platform, TCS Automotive Retail Accelerator Solution, TCS Hosted OSS/BSS, TCS BaNCS and the Insurance, Property & Casualty, and Life & Pension Solutions from TCS BaNCS.

1

Steven J. Mitby
Partner
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
713-600-4910

2

# EXHIBIT 2



AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING

STEVEN MITBY
DIRECT 713.600.4910
MAIN 713.655.1101
FAX 713.655.0062
SMITBY@ATALAW.COM

October 23, 2013

*Via Email:* rsteiner@kelleydrye.com
Robert I. Steiner
Kelley, Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Re:     Cause No. D-1-GN-12-003588; *Versata Software, Inc., f/k/a Trilogy
        Software, Inc., et al v. Ameriprise Financial, Inc., Ameriprise Financial
        Services, Inc., and Ameriprise Investment Services, Inc.;* In the 53rd
        Judicial District Court of Travis County, Texas

Dear Rob:

        Your letter appears to reflect a complete reversal of TCS's position that you
expressed during our telephone conversations on September 24, 2013 and September 27,
2013. During those discussions, you said that TCS intended to produce documents and
present a corporate representative witness for deposition, while reserving TCS's
objections with respect to the scope of Versata's individual requests. You requested that
we narrow the subpoenas to make it easier to reach agreement on the subpoena, which
we did based on your assurances that TCS would cooperate with Versata. Now, it
appears that TCS is declining to comply with any part of the subpoenas. This is
inconsistent with our negotiations.

        Furthermore, your letter is based on a fundamental misunderstanding of the
purpose of the subpoena and TCS's relevance to the Ameriprise litigation. The 1999
Master License Agreement between ("MLA") Ameriprise and Versata limits users of
DCM to "Permitted contractors" a term which is defined as companies "who do not . . .
compete with [Versata] in the development of enterprise compensation or configuration
software." Our review of publically available information relating to TCS's product
offerings indicates that TCS does, in fact, develop its own enterprise compensation
software.

        Based on your responses to our February 1, 2013 subpoena, as well as testimony
developed in the Ameriprise case, it is evident that TCS was permitted to use DCM by
Ameriprise. For example, TCS assisted in the DCM upgrade at Ameriprise in 2011, a
project which would have required TCS to have access to Versata's DCM object code.

ATTORNEYS AT LAW  |  1221 McKINNEY, SUITE 3460  |  HOUSTON, TEXAS 77010  |  ATALAW.COM



Robert I. Steiner
October 23, 2013
Page 2

Therefore, Versata believes that TCS is not a permitted contractor under the MLA and that Ameriprise is in breach of the MLA for this reason.

While we are open to discussing a reasonable schedule for TCS to comply with Versata's subpoena, we are not willing to withdraw the subpoenas. In addition, TCS did not object to the subpoena duces tecum or the deposition notice, and therefore has waived any objection to the scope and content of the subpoena as issued. For this reason, we expect that a court will compel TCS to comply with the subpoena in its entirety if Versata is forced to file a motion. We request that TCS reconsider its position so that we may resolve this issue cooperatively.

Very truly yours,

Steven J. Mitby

SJM/nm

4846-7532-0598, v. 2

No. D-1-GN-003588

| | |
|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., | IN THE DISTRICT COURT OF |
| Plaintiffs, | TRAVIS COUNTY, TEXAS |
| -against- | 53rd JUDICIAL DISTRICT |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | |
| Defendants. | |

### AFFIDAVIT OF ASHVINI SAXENA

STATE OF NEW YORK    )
                                    ) ss.
COUNTY OF NEW YORK    )

1.    My name is ASHVINI SAXENA and I am the Head of TCS Financial Solutions for Americas of Tata Consultancy Services, Ltd. ("TCS"), a non-party to this action.

2.    TCS is engaged in the business of providing consulting, development, system integration, applications maintenance, infrastructure support and other professional services and technology solutions in information technology, engineering, and IT enabled business process services to customers around the globe.  TCS service offerings include end-to-end outsourcing of IT, Engineering, IS and BPO services to customers.

3.    The details of services and products offered by TCS are available on the TCS website located at http://www.tcs.com.  In addition to offering professional services, TCS also offers its proprietary software products, tools and solutions through licensing,

1

implementation and maintenance services.  TCS's website provides the information about the capabilities of proprietary products commercially offered by TCS.  These products are grouped into three main categories:  TCS BaNCS brand of products; TCS Mastercraft product; and TCS Technology products.

       4.    In connection with the provision of its outsourcing services to customers TCS utilizes its own proprietary technology platform solutions such as TCS Human Capital Management Platform, TCS HRO Platform, TCS BPO Solutions, TCS Analytics Platform, and TCS Automotive Retail Accelerator Solution.  These platform solutions are for internal use of TCS in its provision of outsourcing services and are not commercially offered to TCS customers.

       5.    Versata has asked for information about the following: TCS Human Capital Management Platform, TCS HRO Platform, TCS BPO Solutions, TCS Analytics platform, TCS Automotive Retail Accelerator Solution, TCS Hosted OSS/BSS, and TCS BaNCS and the Insurance, Property & Casualty, and Life & Pension Solutions from TCS BaNCS.  As stated in paragraph 4 above, TCS Human Capital Management Platform, TCS HRO Platform, TCS BPO Solutions, TCS Analytics platform, TCS Automotive Retail Accelerator Solution and other technology platforms are used by TCS in its provisions of services.  These platforms by themselves are not commercially offered products.

       6.    TCS's BaNCS range of products are mainly software products offered to banking, financial and insurance sector customers.  These are extremely large and complex software systems with multiple modules which perform a vast amount of functions.  Reasonably detailed information about the functions and features of these products is available on the TCS website.

2

7.      I am informed that Versata's objective in seeking documents and

information from TCS and obtaining a deposition of a TCS representative is to verify whether

TCS offers enterprise compensation software that competes with Versata. Based on my review

of TCS files and conversations with relevant TCS employees, I state that to the extent that

Versata's reference to enterprise compensation software is to software primarily performing

commission and compensation calculations for companies in the insurance and financial services

industry, or in other industries, I have determined that TCS has not and does not offer any

software products in North America that has as its primary function to perform commission and

compensation calculations.

8.      As I have stated in paragraph 6 above, some of the TCS BaNCS products

have multiple modules and functions. While it is possible that as part of that much larger

system, there could be some elements of these products which would be capable of performing

commission calculations, these products are not offered mainly or only for that purpose, and such

capabilities, if they exist, would be incidental at best.

9.      I am not aware of any instance in which TCS has offered its products to a

customer to replace Versata software. Nor am I aware of any instance in which TCS has found

itself competing with Versata for any opportunities with a prospective or existing customer in

promoting TCS' product offerings. Other than our understanding that Versata is engaged in

litigation with Ameriprise and with certain other companies, TCS is not familiar with Versata

and does not consider Versata its competitor in any segment of marketplace.

10.     All TCS software, including the products listed above, and their features

and functionality are proprietary and highly valuable to TCS. They have been developed

through years of effort, varying from product to product, and indeed enhancements upgrades and

refinement and development of these products is an on-going process. These products have been created at considerable expense to TCS. I would estimate that TCS has invested many millions of dollars into creating, modifying and further developing its offerings.

11.    The TCS software products listed above are invaluable to TCS as they represent a large part of TCS's business and the value that TCS delivers to the clients who hire it.

12.    The software code, design, architecture and other source material or documentation of TCS products are not disclosed or known to the public. Pursuant to license agreements with its clients, TCS may permit those clients to have access and use rights to TCS software. Also, typically, when a customer licenses a product, the license is for the object code version of the product and unless a customer has obtained a source material license, TCS does not provide its customers with any source material or related information.

13.    Access to the proprietary and confidential materials described above is only available to TCS employees on a strictly need-to-know basis and no employee is authorized to disclose proprietary information to third parties.

14.    Disclosure of any non-public information about its proprietary software products as sought by Versata would cause irreparable harm to TCS.

15.    If indeed Versata views itself as a competitor of TCS, this would be all the more reason why TCS should not be compelled to provide Versata with non-public TCS proprietary information.

ASHVINI SAXENA

Sworn to before me this
27th day of November, 2013

BRENDAN HUGHES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02HU6287828
Qualified in Nassau County
Commission Expires August 26, 2017

4



## Deposition and Litigation Services

www.hglitigation.com    1-888-656-DEPO (3376)

December 11, 2013

Filed in The District Court
of Travis County, Texas

DEC 16 2013   IS

At _____ 1:00 ...
Amalia Rodriguez-Mendoza, Cl...k

**_VIA CERTIFIED MAIL_**
Amalia Rodriguez-Mendoza
Travis County District Clerk
PO Box 679003
Austin, TX 78767

Re:    Deposition of Ryan Macomb Vol II
       Deposition Date: 10/08/2013
       Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
       Cause No.: D-1-GN-003588

Dear Amalia Rodriguez-Mendoza:

Enclosed for filing, please find the Court Reporter Certificate Page:

**_X_**   As of today's date our office has not received the witness errata & signature page.

_   Errata with changes (Copy/Original)
    FedEx/UPS/CMRRR/USPS/Email *For office use only*

_   Errata without changes
    FedEx/UPS/CMRRR/USPS/Email *For office use only*

_   Signature page with signature (Copy/Original)
    FedEx/UPS/CMRRR/USPS/Email *For office use only*

_   Signature page without signature
    FedEx/UPS/CMRRR/USPS/Email *For office use only*

Please do not hesitate to contact our office should you need further assistance.

Respectfully yours,

Amanda Reyes
HG Litigation Services

# 888.656.DEPO
# www.hglitigation.com
2501 Oak Lawn Avenue, Suite 600 • Dallas, Texas 75219



**Deposition and Litigation Services**

www.hglitigation.com          1-888-656-DEPO (3376)

DH/ar
Enclosure
Amir Alavi
Travis Barton
Heather Redmond

 **Deposition and Litigation Services**

www.hglitigation.com        1-888-656-DEPO (3376)

October 17, 2013

Heather Redmond
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498

Re:    Deposition of Ryan Macomb Vol II
       Deposition Date: 10/08/2013
       Versata Software, Inc., et al v Ameriprise Financial, Inc. et al
       Cause No.: D-1-GN-003588

Dear Heather Redmond:

    Please have your client read and sign the attached Oral Deposition, making any necessary changes on the errata sheet that is provided.

    Please return the original errata and witness signature page to the office listed below within twenty (20) days or before November 6, 2013 for filing, as agreed by the parties.

    If we can be further assistance to you, please do not hesitate to contact our office.

                        Respectfully yours,

                        Amanda Reyes
                        HG Litigation Services
                        1-888-656-DEPO

DH/ar
Enclosure

RICHARD RYAN MACOMB VOLUME 2 - CONFIDENTIAL - AEO

Page 220

1                    REPORTER'S CERTIFICATE

2        Be it known that I, Hartman L. Erickson, took

3    the foregoing videotaped deposition of RICHARD RYAN

4    MACOMB, Volume II;

5        That the witness, before testifying, was first

6    duly sworn as to the whole truth and nothing but the

7    truth relative to said cause;

8        That the testimony of said witness was recorded

9    in shorthand by me and transcribed by me and that the

10   foregoing deposition is a true record of the

11   testimony given by said witness, and that the reading

12   and signing of the foregoing deposition by said

13   witness was not waived by the witness and respective

14   counsel;

15       That I am not related to any of the parties

16   hereto, nor an employee of them, nor interested in

17   the outcome of the action, and that the cost of the

18   original has been charged to the party who noticed

19   the deposition, and all parties who ordered copies

20   have been charged at the same rate for such copies.

21       WITNESS MY HAND AND SEAL this 13th day of

22   October 2013.

23                  *Hartman L. Erickson*

24                  Hartman L. Erickson, Notary Public
                    Dakota County, Minnesota
25                  My Commission Expires January 31, 2015
                    Firm No. Dallas: 69 Houston: 373

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' SECOND AMENDED PETITION AND APPLICATION FOR TEMPORARY INJUNCTION

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development  Group, Inc. (collectively "Versata")  respectfully file this Second Amended Petition against Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise").

## DISCOVERY CONTROL PLAN

1.     Pursuant to Texas Rule of Civil Procedure 190.3, Versata intends to conduct discovery under Level 2.

## PARTIES

2.     Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3.     Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

4.     Defendant Ameriprise Financial, Inc. is a Delaware corporation with its principal place of business at 1099 Ameriprise Financial Center, Minneapolis, MN 55474.

5.     Defendant Ameriprise Financial Services, Inc. is a Delaware corporation with its principal place of business at 707 2nd Ave. South, Minneapolis, MN 55474.

6.     Defendant American Enterprise Investment Services, Inc. is a Minnesota corporation with its principal place of business at 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

## JURISDICTION AND VENUE

7.     This Court has general jurisdiction over Defendants because they have continuous and systematic contacts with Texas.  Among other things, Defendants have property and employees throughout Texas; Defendants handle millions of dollars in financial transactions each year in Texas; and Defendants regularly conduct business throughout the state.

8.     This Court has specific jurisdiction over Defendants because the contract at issue was wholly or partially negotiated in Texas; the software at issue was developed in Texas; the parties' relationship centers around Texas; and Defendants have used the software to process compensation paid to Texas.

9.    This Court has subject matter jurisdiction because the amount in controversy exceeds the jurisdictional requirements of this Court.

## VENUE

10.    In accordance with Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal office is in Travis County.

## FACTS

### Introduction

11.    This case is about Ameriprise's conscious decision to ignore its contractual obligations to Versata in order to save money by using low-cost consultants from Infosys and Tata Consultancy Services ("TCS").    Despite clear contractual language that prohibits Ameriprise from giving Versata's direct competitors access to Versata's proprietary software, Ameriprise did just that, and jeopardized Versata's intellectual property, in order to drive down its IT costs.  Versata's initial complaint about the use of unauthorized contractors was met with no action.  After Versata discovered that Infosys has decompiled its software, Versata escalated its complaints about the use of unauthorized contractors.

12.    Ameriprise feigned concern about Versata's concerns and asked for patience while it transitioned away from the unapproved contractors.  Believing that Ameriprise was sincere in its statements that it would honor its contract, Versata worked with Ameriprise for nearly two years to secure such a transition.  But late in 2012 Versata discovered that the scope of Infosys' theft was unprecedented: Versata discovered that Infosys had secreted 5,000 decompiled source code files on a laptop in India.  At the same time, after two years, Ameriprise claimed that that last remaining Infosys contractors, including those who had decompiled Versata's software, were

too valuable to eliminate. Faced with the unmistakable reality that Ameriprise had no intention of honoring its contract, Versata terminated Ameriprise's license to Versata's software.

13.     After termination of its license, Ameriprise again demonstrated its clear disregard for Versata's intellectual property rights.  Rather than return Versata's software, as required under its license, Ameriprise has continued to use Versata's software *without a license.*  To justify its conduct, Ameriprise has manufactured various theories as to why it should be allowed to use Versata's property, without a license and for free.  To make matters worse, Ameriprise continued to use Infosys to work on Versata's software, even after the termination of its license and the filing of this lawsuit.  In fact, Ameriprise uses the very Infosys employees who stole Versata's intellectual property, to work on Versata's software.  Enough is enough and Versata seeks a judicial determination that Ameriprise is not licensed to use Versata's software and must cease doing so.

### Ameriprise and Versata Enter into a License to Versata  Enterprise Software

14.     Versata is a leading provider of software to businesses throughout the United States.

15.     Versata has developed an enterprise software solution called Distribution Channel Management ("DCM") for financial service customers.  DCM simplifies and streamlines compensation administration to allow financial service customer employees to sell products, track transactions, ensure regulatory eligibility and be compensated for their efforts.  Versata owns all title and rights to this software.

16.     Ameriprise is one of the country's largest financial services companies and has $631 billion in assets under management.  With a network of approximately 10,000 advisors throughout the United States, Ameriprise provides a wide variety of investment, annuity, insurance, banking and other financial products to customers.

17.   Because of its large number of commission-based agents, Ameriprise sought to develop an enterprise software solution to assist it in managing its agents and their compensation.

18.   Versata and Ameriprise entered into a Master License Agreement ("MLA") dated October 4, 1999 to license Versata's DCM software to Ameriprise.   Because the specific terms of the MLA are confidential, a copy is not attached to this pleading.

19.   Versata has provided the DCM software to Ameriprise as well as maintenance and support services and consulting services to assist Ameriprise in implementing DCM.

20.   Under the MLA, Versata's software, product documentation, and related materials are strictly confidential (§ 10.2) and the property of Versata (§ 4.9).

21.   Under the MLA, Ameriprise agreed to limit access to the software, product documentation, and related materials to Ameriprise employees and "Permitted Contractors" - i.e., contractors that do not compete with Versata in the development of enterprise compensation or configuration software and that have signed a non-disclosure agreement (§ 4.8).

22.   The MLA strictly prohibits any kind of copying, decompiling, or reverse engineering of Versata's software by Ameriprise or its agents (§ 10.1).

23.   A breach of these confidentiality or anti-decompiling requirements is sufficient grounds for Versata to terminate the MLA and revoke Ameriprise's license to the software (§ 12.2).

24.   If Versata terminates the MLA for any breach by Ameriprise, Ameriprise's rights in the software shall cease, Ameriprise must return the software to Versata, and Ameriprise must certify in writing that it has destroyed or returned all copies (§ 12.2).

## Ameriprise's Use of Infosys

25.   In an effort to reduce costs, Ameriprise has used third-party contractors, including Infosys to perform maintenance and customization work in its IT department.  Despite the fact that such third-parties offer lower hourly rates both in the United States and offshore in countries such as India, Ameriprise continued to use Versata to provide customization and other consulting services.

26.   One of the third-party providers that Ameriprise has used is Infosys—an outsourcing services provider based in Bangalore, India—to perform maintenance and customization work on Versata's proprietary software.

27.   On or around November 2009, Infosys acquired McCamish Systems, a company that develops and sells enterprise compensation software called PMACS that competes with Versata's DCM product.  Following the acquisition, Infosys became a company that competes with Versata in the development of enterprise compensation and configuration software.

28.   In early 2010, Versata raised its concerns about Infosys and the McCamish acquisition to Ameriprise.  Ameriprise employees such as Ryan Macomb and Ken Bridgeman had actual knowledge that Infosys had acquired McCamish and that Versata believed that as a result of the acquisition Infosys was a competitor and therefore not a Permitted Contractor.

29.   Despite having knowledge of Versata's concerns, Ameriprise took no initial steps to remove Infosys from accessing DCM.

30.   In the summer of 2010, Versata learned that Infosys employees had decompiled several of Versata's DCM software files.  Given Versata's previous concerns about Infosys' role as a competitor, Versata raised the issue of decompiling and Infosys again to Ameriprise employees and escalated the issue of Ameriprise's use of Infosys on DCM.

31.   In response to Versata's concerns, Ameriprise assured Versata that they would take the Infosys issue seriously.  Over the next two years, Versata engaged in continued dialogue with Ameriprise about removing Infosys contractors from DCM.  Over that time, Ameriprise created the false impression that it would ultimately remove all Infosys personnel from DCM but that it needed time to do so because of the difficulty in finding replacement resources.  Based on those assurances, including actual efforts by Ameriprise to reduce the number of Infosys employees using DCM, Versata worked diligently with Ameriprise to assist them in eliminating Infosys' access to DCM.

32.   Throughout this process, Ameriprise raised concerns about the cost of removing Infosys because it was a low cost provider.  To address those concerns, Versata engaged in dialogue with Ameriprise about business solutions to its issues.

## Ameriprise's Use of TCS

33.   In mid to late 2011, Versata learned that Ameriprise was replacing Infosys contractors who were working on DCM with contractors from TCS.  Like Infosys, TCS is a company that competes with Versata in the development of enterprise compensation software.  As a result, TCS is not a Permitted Contractor under the MLA.

34.   On or around August 11, 21011, Versata informed Ameriprise that under the MLA Ameriprise could not replace Infosys with TCS because TCS was not a Permitted Contractor.

35.   In response, Ameriprise took the position that it could continue to use TCS and that TCS was not Versata's competitor in the development of enterprise compensation software.

## The Versata/Infosys Lawsuit

36.   In order to protect its intellectual property, Versata filed a lawsuit against Infosys over Infosys' decompilation of Versata software and misappropriation of trade secrets.  When

Versata first filed that lawsuit, it had no idea of how extensive Infosys' theft of its intellectual property actually was.

37.    Through the litigation, Versata began to learn the scope of Infosys' theft.   Versata learned that Infosys decompiled or copied more than 5,000 Versata source code files while working at Ameriprise, transported those files to India, and stored them on hard drives in Bangalore.

### Versata Sends Ameriprise a Notice of Breach

38.    The disclosure of the scale of Infosys' theft coincided with Ameriprise's notification to Versata that it would not be eliminating all of the Infosys contractors who were working on DCM.   In contrast to the discussions the prior two years about removing Infosys, Ameriprise informed Versata that it could not eliminate certain Infosys contractors because of their knowledge base was so great, they would be difficult to replace.   The irony of that decision is that these very employees had such an extensive knowledge base because they had engaged in the decompiling of Versata's software.

39.    Faced with the daunting reality that Ameriprise was not serious about protecting Versata's intellectual property, Versata sent a letter to Ameriprise providing the contractually mandated 30 day notice of breach of the MLA on September 17, 2012.

40.    The letter identified multiple breaches of the MLA by Ameriprise related to Infosys's and TCS's unauthorized access to Versata's software, including the fact that neither Infosys nor TCS were permitted contractors under the MLA. Versata further stated that if Ameriprise did not take steps to cure these breaches, the MLA would terminate automatically within thirty days.

41.    Because Ameriprise did not cure these violations, the MLA terminated on October 17, 2012.

42. Ameriprise has refused to return Versata's software and other confidential information to Versata as required by the MLA.

43. Today, Ameriprise is using Versata's software and other confidential information without authorization.

## Conditions Precedent

44. All conditions precedent have been met or observed.

## CAUSES OF ACTION

### A.     Breach of Contract (Non-Permitted Contractor)

45. Versata incorporates the foregoing paragraphs as if fully set forth here.

46. Versata and Ameriprise entered into a Master License Agreement effective October 4, 1999.

47. The MLA prohibits Ameriprise from using third-parties, which are not permitted contractors or third-parties that have not signed non-disclosure agreements.

48. Ameriprise has breached this provision of the MLA and consequently Versata terminated the MLA effective October 17, 2012.

49. The MLA requires Ameriprise to stop using Versata's software and confidential information, to return all of this software and other confidential information to Versata, and to certify that it has destroyed or returned any copies.

50. Ameriprise has unjustifiably refused to comply with this requirement and therefore is in breach of the MLA.

51. Ameriprise's breaches—coupled with its continued refusal to stop providing Infosys and TCS with access to Versata's software and other confidential information- create a high risk of irreparable harm to Versata.

**B.**    **Specific Performance**

52.   Versata incorporates the foregoing paragraphs as if fully set forth here.

53.   The MLA requires Ameriprise to stop using Versata's software and confidential information, to return all of this software and other confidential information to Versata, and to certify that it has destroyed or returned any copies. This obligation survives Versata's rightful termination of the contract.

54.   To date Ameriprise has refused to stop using Versata software and confidential information, has refused to return the software and other confidential information to Versata and has not certified that it has destroyed or returned any copies.

55.   Versata would therefore ask the court to order Ameriprise to specifically perform these obligations under the MLA.

**C.**    **Declaratory Judgment**

56.   Versata incorporates the foregoing paragraphs as if fully set forth here.

57.   For the reasons set forth above, Versata seeks a declaration as follows:

(a) that Versata terminated the MLA pursuant to the terms of the MLA and that Ameriprise's license terminated on October 17, 2012;

(b) TCS and Infosys are not a Permitted Contractors under the MLA (§ 4.8); and

(c) that Ameriprise has breached the MLA (§ 12.2) by failing to stop using Versata's software, by failing to return this software and other confidential information to Versata, and by failing to certify that it has destroyed or returned any copies.

**D.**    **Attorneys' Fees**

58.   Versata incorporates the foregoing paragraphs as if fully set forth here.

59.   As a result of Ameriprise's wrongful conduct, Versata has been required to retain counsel to prosecute this action.  Consequently, in accordance with Sections 37.009 and 38.001

of the Texas Civil Practice and Remedies Code, Versata is entitled to recover its costs and reasonable and necessary attorney's fees from Ameriprise.

## Application for Permanent Injunction

60.   Versata incorporates the foregoing paragraphs as if fully set forth here.

61.   Versata requests a permanent injunction ordering Ameriprise (a) to cease using Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials provided to Ameriprise by Versata; and (b) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software.

## Jury Demand

62.   Plaintiffs hereby demand a trial by jury and have tendered the appropriate fee.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that the Court:

a.   enter judgment in favor of Versata and against Ameriprise on all claims asserted by Versata;

b.   issue a judicial declaration that:

(i) that Versata terminated the MLA pursuant to the terms of the MLA and that Ameriprise's license terminated on October 17, 2012;

(ii) TCS and Infosys are not a Permitted Contractors under the MLA (§ 4.8); and

(iii) that Ameriprise has breached the MLA (§ 12.2) by failing to stop using Versata's software, by failing to return this software and other confidential information to Versata, and by failing to certify that it has destroyed or returned any copies.

c.    issue a permanent injunction ordering Ameriprise (i) to cease using Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (ii) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software;

d.    grant Versata specific performance;

e.    award Versata its reasonable and necessary attorney's fees and expenses;

f.    award Versata all costs of court; and

g.    grant all other relief, legal and equitable, to which Versata may show it is justly entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING,
P.C.

/s/ Amir H. Alavi
Demetrios Anaipakos
State Bar No. 00793258
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062


McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 495-6000
Facsimile:  (512) 495-6093
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via certified mail, return receipt requested on December 20, 2013:

Gregory S. Tamkin
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 440
Denver, CO 80202

Peter M. Lancaster
Heather D. Redmond
Theresa Bevilacqua
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Sileo
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

_/s/ Amir H. Alavi_____
Amir H. Alavi

4814-9036-6742, v. 2

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' SECOND AMENDED ANSWER, SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development  Group, Inc. (collectively "Versata")  respectfully file this First Amended Answer to the Second Amended Counterclaims raised by Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise").  Plaintiffs state and allege as follows:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Plaintiff generally denies the allegations raised in Defendant's First Amended Counterclaim.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Ameriprise's claims are barred, in whole or in part, because Plaintiffs performed their contractual obligations.

## SECOND DEFENSE

Ameriprise's claims are barred, in whole or in part, by Ameriprise's own breaches of the contract.

## THIRD DEFENSE

Ameriprise's claims are barred, in whole or in part, by the doctrines of estoppel and waiver, including but not limited to contractual estoppel.

## FOURTH DEFENSE

Ameriprise's claims are barred, in whole or in part, due to the applicable statutes of limitation.

## FIFTH DEFENSE

Ameriprise's claims are barred, in whole or in part, due to laches and unreasonable delay in seeking recovery.

## SIXTH DEFENSE

Ameriprise fails to state a claim, in whole or in part, upon which relief can be granted.

## SEVENTH DEFENSE

Ameriprise's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

Ameriprise's claims are barred, in whole or in part, because Plaintiffs have cured any alleged breaches.

## NINTH DEFENSE

Ameriprise's claims are barred in whole or in part because Ameriprise lacks standing to raise the claims.

## TENTH DEFENSE

Ameriprise's claims are barred in whole or in part because they are preempted by Copyright law.

### ELEVENTH DEFENSE

Ameriprise's claims are barred in whole or in part by the doctrine of election of remedies.

### TWELFTH DEFENSE

Ameriprise's claims based upon the GNU GPL are barred in whole or in part because the alleged contract is void.

### THIRTEENTH DEFENSE

Ameriprise's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### VERIFIED DENIALS

1.     Ameriprise does not have the legal capacity to raise claims asserting violations of the alleged GPL between Ximpleware and Versata because Ameriprise is not a party to the GPL.

2.     Ameriprise does not have the legal capacity to raise claims asserting violations of the alleged GPL between XimpleWare and Versata or to enforce the terms of the GPL because Ameriprise is not the owner of the copyright to the XimpleWare software.

3.     To the extent that Ameriprise claims that the terms of the GPL, as opposed to the MLA govern the rights and obligations of Ameriprise and Versata as to each other, Versata denies that the GPL is the contract between Versata and Ameriprise.

4.     Ameriprise has not satisfied all the conditions precedent required under the MLA to claim the relief it seeks.  Specifically, Ameriprise (1) has not signed the escrow agreement necessary to allow Versata to escrow source code for Ameriprise; (2) did not provide notice of any breaches of the MLA prior to termination of the MLA; (3) has not provided notice with the

requisite specificity or in the manner required under the terms of the MLA, of the alleged breaches of the maintenance provisions of the MLA; (4) has not provided Versata an opportunity to cure the alleged breaches of the maintenance provisions of the MLA; (5) has not provided notice with the requisite specificity or in the manner required under the terms of the MLA, of alleged breaches of warranty; and (6) has not provided Versata with an opportunity to cure the alleged breaches of warranty.

5.      Ameriprise's claims based upon the GNU GPL are barred because the alleged contract is without consideration.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

a.      enter judgment in favor of Versata and against Ameriprise on all claims asserted by Ameriprise;

b.      award Versata all costs of court; and

c.      grant all other relief to which Versata may show it is justly entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

/s/ Amir H. Alavi
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

McGinnis, Lochridge & Kilgore, L.L.P.

Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093
ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via certified mail, return receipt requested on December 20, 2013:

Gregory S. Tamkin
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 440
Denver, CO 80202

Peter M. Lancaster
Heather D. Redmond
Theresa Bevilacqua
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Sileo
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com


_/s/ Amir H. Alavi_
Amir H. Alavi

4824-6328-6295, v. 1

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC.,  F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

## DECLARATION OF SCOTT BRIGHTON

1.      "My name is Scott Brighton.  I am over the age of 18, have never been convicted of a felony, and am in all ways competent to make this Declaration.  I swear under penalty of perjury that the statements herein are true and correct and that they are based on my personal knowledge.

2.      I have read the Verified denials contained within Plaintiffs' Second Amended Answer, Specific Denials and Affirmative Defenses.  I have personal knowledge of the facts, if any, in the verified denials and that all such statements are true and correct.

I declare under penalty of perjury that the forgoing is true and correct.

_____
Scott Brighton


Executed on the 19th day of December, 2013.

12/26/2013 9:55:11 AM
**Amalia Rodriguez-Mendoza**
**District Clerk**
**Travis County**
**D-1-GN-12-003588**

**CAUSE NO. D-1-GN-12-003588**

| | | |
|---|---|---|
| VERSATA SOFTWARE, IN.C, ET AL, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE 53RD JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| AMERIPRISE FINANCIAL, INC., ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

**AFFIDAVIT OF SERVICE**

**ON Monday, December 23, 2013 AT 12:59 PM** - SUBPOENA, PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF IRON MOUNTAIN INCORPORATED, EXHIBIT A **CAME TO HAND.**

**ON Monday, December 23, 2013 AT 02:46 PM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:** IRON MOUNTAIN INCORPORATED, C/O REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, BY DELIVERING TO ITS DESIGNATED AGENT SUE VERTREES 211 E 7TH ST, STE 620, AUSTIN, TX, 78701 **BY PERSONAL SERVICE.**

My name is Barbara Stinnett.  My business address is 1201 Louisiana, Suite 210, Houston, Texas 77002.  I am a private process server authorized by and through the Supreme Court of Texas, SCH 1181, expires July 31, 2014, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas on December 24, 2013

/S/  Barbara Stinnett

DocID: 218986-1

12/23/2013 11:32:46 AM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-12-003588

## NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § § | |
| Defendants. | § § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' FIRST SUPPLEMENTAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Defendants Ameriprise Financial, Inc. ("Ameriprise"), Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively "Defendants") and file this First Supplemental Answer and state as follows.

## AFFIRMATIVE AND SPECIFIC DEFENSES

Defendants plead the following defenses to Plaintiffs' claims. Defendants reserve the right to plead with greater particularity and to delete, add, or amend their defenses as the case progresses. Defendants' assertion of any defense is not an admission or concession that Defendants bear the burden of proof on any asserted defense. The burden of proof on any defense shall be determined by applicable law.

1. Defendants assert that Plaintiffs claims are barred, in whole or in part, because Versata's DCM Version 3.9 software licensed to Ameriprise is subject to and governed by Version 2 of the GNU General Public License and therefore Ameriprise is entitled, pursuant to

the terms of Version 2 of the GNU General Public License, to obtain and freely use the source code for DCM Version 3.9 subject to the terms and conditions of the GPL. Additional details of this claim are set forth in Ameriprise's June 21, 2012 expert disclosures for Dr. John Collins, the June 26, 2013 Deposition of Dr. John Collins, the Motion for Partial Summary Judgment filed by Defendants on July 24, 2013, and Defendants' Amended Counterclaim.

2. Defendants assert that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the contract between Plaintiffs and Defendants.

3. Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel (including quasi-estoppel, promissory estoppel and equitable estoppel). Defendants allege that the Complaint and each purported cause of action therein is barred, in whole or in part, because by their conduct, representations, and omissions, Plaintiffs are estopped from asserting any claim for relief against these Defendants respecting the matters which are the subject of the Complaint.

4. Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver. Defendants allege that the Complaint and each purported cause of action therein is barred, in whole or in part, because by their conduct, representations, and omissions, Plaintiffs have voluntarily waived, relinquished, and/or abandoned all claims for relief against Defendants.

5. Defendants assert that Plaintiffs' claims are barred, in whole or in part, due to the applicable statutes of limitations.

6. Defendants assert that Plaintiffs' claims are barred, in whole or in part, due to laches and unreasonable delay.

7.  Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8.  Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

9.  Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

10. Pleading in the alternative, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment so as to lessen or defeat Plaintiffs' claims. Specifically, but without limiting this defense, Defendants assert that Plaintiffs breached their warranties to Defendant, that those warranties and Defendants' claim concerning those warranties arise from the same transaction as Plaintiffs' claims, and that the breach of warranty goes to the foundation of Plaintiffs' claims.

## SPECIFIC DENIALS

1.  Defendants deny that Plaintiffs have satisfied all conditions precedent to suit. Specifically, but without limitations, Defendants plead that Plaintiffs have failed to satisfy the condition precedent of providing notice to Defendants of any alleged breach of contract in the manner required by the contract and by applicable law.  Defendants plead, without limitation, that Versata failed to provide notice of any of its claims to the proper parties required by the Parties' contract and failed in any purported notice sent to provide notice of all of the grounds for its claims and failed to provide a meaningful or genuine opportunity to cure any alleged breach as to those grounds cited in the purported notice.  Further, Plaintiffs asked for a mediation in their purported notice letter, a mediation was commenced, and under applicable New York law a new notice must thereafter be sent.  No such notice, purported or otherwise, was sent at all.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by their suit, Defendants be awarded their costs of and Defendants have all other and further relief, at law or in equity, to which they be entitled.

SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Phone: (512) 495-6300
Fax:  (512) 474-0731

By      /s/ Christopher D. Sileo

Steve McConnico
Texas Bar No. 13450300
E-Mail:  smcconnico@scottdoug.com
Christopher D. Sileo
Texas Bar No. 24027977
E-Mail:  csileo@scottdoug.com

**Of Counsel:**
DORSEY & WHITNEY LLP
Greg S. Tamkin (CO ID # 027105)
Suite 400, 1400 Wewatta Street
Denver, Colorado 80202-5549
(303) 629-3400 (Telephone)
(303) 629-3450 (Facsimile)
tamkin.greg@dorsey.com

DORSEY & WHITNEY LLP
Theresa Bevilacqua (MN ID # 31500X)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
bevilacqua.theresa@dorsey.com

*ATTORNEYS FOR DEFENDANTS*

1054601

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on December 20, 2013.

Travis Barton                          *VIA FACSIMILE  512.495.6093*
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Steven Mitby                           *VIA FACSIMILE 713.655.0062*
Amir Alavi
Ben Foster
Ahmad, Zavitsanos, Anaipakos, Alvi &
Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010


                        /s/ Christopher D. Sileo
                        Christopher D. Sileo

1054601

12/26/2013 4:25:04 PM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-12-003588

NO. D-1-GN-12-003588

| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiffs, | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' OBJECTIONS TO WRITTEN QUESTIONS TO CORPORATE REPRESENTATIVE OF TATA CONSULTANCY SERVICES, LTD.

Pursuant to Texas Rule of Civil Procedure 200.3, Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc. and American Enterprise Investment Services, Inc. (collectively "Ameriprise") hereby provide their objections to the deposition on written questions of the Corporate Representative of Tata Consultancy Services, Ltd. as follows:

**Objections:**

6.      Objection, form (vague and ambiguous, incomplete, lacks foundation and calls for speculation).

7.      Objection, form (vague and ambiguous).

10.     Objection, form (vague).

11.     Objection, form (outside the scope).

1056048

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP

By /s/ Christopher D. Sileo
    Steve McConnico
    Texas Bar No. 13450300
    E-Mail: smcconnico@scottdoug.com
    Christopher D. Sileo
    Texas Bar No. 24027977
    E-Mail: csileo@scottdoug.com
    600 Congress Avenue, Suite 1500
    Austin, Texas  78701
    Phone: (512) 495-6300
    Fax:  (512) 474-0731

**Of Counsel:**

DORSEY & WHITNEY LLP
Greg Tamkin (CO ID # 27105)
Case Collard  (CO ID # 40692)
Suite 400, 1400 Wewatta Street
Denver, CO. 80202-5549
T: (303) 629-3400
E-Mail: tamin.greg@dorsey.com
E-Mail: collard.case@dorsey.com
*ATTORNEYS FOR COUNTERCLAIMANT*
*AND DEFENDANTS*

2

1056048

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on December 26, 2013.

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX 78701
Facsimile: (512) 495-6093
*Attorneys for Plaintiffs*

**Via Email (tcbarton@ mcginnislaw.com) and Facsimile**

Steven J. Mitby
Benjamin F. Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX 77010
Facsimile: (713) 655-0062
*Attorneys for Plaintiffs*

**Via Email (smitby@azalaw.com / bfoster@azalaw.com ) and Facsimile**

/s/ Christopher D. Sileo
Christopher D. Sileo

3

1056048

LEELA KAZA                                              9/27/2013
CONFIDENTIAL TRANSCRIPT

157

1              CAUSE NO. D-1-GN-12-003588

2  VERSATA SOFTWARE, INC.,      ) IN THE DISTRICT COURT
   f/k/a TRILOGY SOFTWARE,      )
3  INC., and VERSATA            )
   DEVELOPMENT GROUP, INC.,     )
4  f/k/a TRILOGY DEVELOPMENT     )
   GROUP, INC.,                 )
5       Plaintiffs,             )
                                )
6  VS.                          ) TRAVIS COUNTY, TEXAS
                                )
7  AMERIPRISE FINANCIAL,        )
   INC., AMERIPRISE             )
8  FINANCIAL SERVICES, INC.,    )      DEC 23 2013
   AMERICAN ENTERPRISE          )        1830 A.
9  INVESTMENT SERVICES,         )
   INC.,                        )
10      Defendants,             ) 53RD JUDICIAL DISTRICT

11

12              REPORTER'S CERTIFICATION
            VIDEOTAPED DEPOSITION OF LEELA KAZA
                 SEPTEMBER 27, 2013

13

14      I, STEVEN STOGEL, Certified Shorthand Reporter in

15  and for the State of Texas, hereby certify to the

16  following:

17      That the witness, LEELA KAZA, was duly sworn by the

18  officer and that the transcript of the oral deposition

19  is a true record of the testimony given by the witness;

20      That the deposition transcript was submitted on

21  10 . 3            to the witness or the attorney for

22  the witness for examination, signature, and return to me

23  by 11 . 3          , 2013;

24      That the amount of time used by each party at the

25  deposition is as follows:



LEELA KAZA                                                    9/27/2013
CONFIDENTIAL TRANSCRIPT

                                                                    158

1        Mr. Ben Foster -
         Mr. Peter M. Lancaster - 4 hrs. 18 min.
2

3        That pursuant to information given to the

4    deposition officer at the time said testimony was taken,

5    the following includes counsel for all parties of

6    record:

7        Mr. Ben Foster and Mr. Travis Barton, Attorneys for
     Plaintiffs
8        Mr. Peter M. Lancaster, Attorney for Defendants.

9        I further certify that I am neither counsel for,

10   related to, nor employed by any of the parties or

11   attorneys to the action in which this testimony was

12   taken, and further that I am not financially or

13   otherwise interested in the outcome of this action.

14       Further certification requirements pursuant to Rule

15   203 of TRCP will be certified to after they have

16   occurred.

17       Certified to by me this  11  day of

18   October            , 2013.

19

20       _____
         Steven Stogel, Texas CSR 6174
21       Expiration Date 12-31-2014
         U.S. Legal Support, Inc.
22       701 Brazos, Suite 380
         Austin, Texas  78701
23       Firm Registration 344
         Expiration Date 12-31-2014

24

25   Job No. 4-AUSTIN-150144 SS

                  U.S. LEGAL SUPPORT - AUSTIN, TEXAS
                            512-292-4249

LEELA KAZA                                                    9/27/2013
CONFIDENTIAL TRANSCRIPT

159

1        FURTHER CERTIFICATION UNDER RULE 203 TRCP

2        The original deposition was/(was not) returned to the

3   deposition officer on _November 3, 2013;

4        If returned, the attached Changes and Signature

5   page contains any changes and the reasons therefor;

6        If returned, the original deposition was delivered

7   to _Peter Lancaster_, Custodial Attorney;

8        That $ _860.00_ is the deposition officer's

9   charges to the Defendants for preparing the original

10  deposition transcript and any copies of exhibits;

11       That the deposition was delivered in accordance

12  with Rule 203.3, and that a copy of this certificate was

13  served on all parties shown herein on _12/16/13_ and

14  filed with the Clerk.

15       Certified to by me this the _13th_ day of

16  _December_, 2013.

17

18

19       _Steven Stogel_                    BPAe

20       Steven Stogel, Texas CSR 6174
         Expiration Date 12-31-2014
21       U.S. Legal Support, Inc.
         701 Brazos, Suite 380
22       Austin, Texas  78701
         Firm Registration 344
23       Expiration Date 12-31-2014

24  Job No. 4-AUSTIN-150144 SS

25