UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., <br><br>　　　Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.,<br><br>　　　Defendants.<br><br>AMERIPRISE FINANCIAL, INC.<br><br>　　　Counter-Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC.,<br><br>　　　Counter-Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>CAUSE NO. 1:14-CV-12-SS |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
PETITION AND APPLICATION FOR TEMPORARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 81(c)(2)(A), Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise") file this Answer to Plaintiffs' Second Amended Petition and Application for Temporary Injunction ("Second Amended Petition"), and, through

1063521

their counsel, deny each and every allegation contained in the Second Amended Petition except as hereinafter admitted, qualified, or otherwise answered as follows:

## ANSWER

1. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Petition. Ameriprise also states that Paragraph 1of the Second Amended Petition asserts legal conclusions, to which no response is required.

2. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Petition.

3. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Petition.

4. Ameriprise admits that Ameriprise Financial Inc. is a Delaware corporation with its principal place of business in Minnesota, and denies the remaining allegations.

5. Ameriprise admits the allegations in Paragraph 5 of the Second Amended Petition.

6. Ameriprise admits the allegations in Paragraph 6 of the Second Amended Petition.

7. Ameriprise admits that Ameriprise Financial regularly conducts business in the State of Texas. Ameriprise states that the remaining allegations in Paragraph 7 of the Second Amended Petition assert legal conclusions, to which no response is required.

8. Ameriprise admits that it has used the software to process compensation paid to advisors located in Texas. Ameriprise lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the contract at issue was wholly or partially negotiated in

Texas or the truth of the allegations and denies that the software at issue was developed in Texas. Ameriprise denies the allegation that the parties' relationship centers around Texas. Ameriprise states that the remaining allegations in Paragraph 8 of the Second Amended Petition assert legal conclusions, to which no response is required.

9. Ameriprise states that the allegations in Paragraph 9 of the Second Amended Petition assert legal conclusions to which no response is required.

10. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Versata's principal place of business. Ameriprise states that the remaining allegations in Paragraph 10 of the Second Amended Petition assert legal conclusions to which no response is required.

11. Ameriprise denies the allegations in Paragraph 11 of the Second Amended Petition.

12. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Petition.

13. Ameriprise denies the allegations in Paragraph 13 of the Second Amended Petition.

14. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Second Amended Petition.

15. Ameriprise lacks knowledge or information to sufficient to form a belief as to who or what entity developed DCM, and therefore denies the allegations in the first sentence of Paragraph 15. Ameriprise generally admits the allegations set forth in second sentence of Paragraph 15 of the Second Amended Petition. Ameriprise denies all remaining allegations in Paragraph 15 of the Second Amended Petition.

16. Ameriprise admits the allegations in Paragraph 16 of the Second Amended Petition.

17. Ameriprise denies the allegations in Paragraph 17 of the Second Amended Petition.

18. Ameriprise admits the allegations in Paragraph 18 of the Second Amended Petition, except states that the parties who entered into the Master License Agreement ("MLA") on October 4, 1999, were Trilogy Software, Inc. and Ameriprise's predecessor-in-interest, American Express Financial Corporation, and respectfully refer the Court to the MLA for its complete and accurate contents. Ameriprise denies any allegation in Paragraph 18 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

19. Ameriprise admits allegations in Paragraph 19 of the Second Amended Petition.

20. Ameriprise denies the allegations in Paragraph 20 of the Second Amended Petition. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 20 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

21. Ameriprise denies the allegations in Paragraph 21 of the Second Amended Petition. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 21 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

22. Ameriprise denies the allegations in Paragraph 22 of the Second Amended Petition. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 22 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

23. Ameriprise denies the allegations in Paragraph 23 of the Second Amended Petition. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 22 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

24. Ameriprise denies the allegations in Paragraph 24 of the Second Amended Petition. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 22 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the terms and conditions of the MLA.

25. Ameriprise admits only that Ameriprise has used third-party contractors, including Infosys Ltd. (f/k/a Infosys Technologies Ltd.) and Versata, to provide software customization and consulting services as expressly permitted by the MLA. Ameriprise denies all remaining allegations in Paragraph 25 of the Second Amended Petition.

26. Ameriprise admits only that it has used Infosys Ltd. to perform work on DCM as expressly permitted by the MLA, and lacks information sufficient to form a belief as to who owns or what is encompassed by the term "Versata's proprietary software" as that term is used in

the Second Amended Petition. Ameriprise denies all remaining allegations in Paragraph 26 of the Second Amended Petition.

27. Ameriprise admits only that on or about December 15, 2009, a subsidiary of its contractor Infosys Ltd., Infosys BPO, completed an acquisition of an entity called McCamish Systems.  Ameriprise denies all remaining allegations in Paragraph 27 of the Second Amended Petition.

28. Ameriprise admits only that Ken Bridgeman and Ryan Macomb had knowledge that an entity in the Infosys Ltd. family of companies had acquired McCamish, that there are e-mails exchanged between Ken Bridgeman and Ryan Macomb discussing the acquisition, and that the documents and those e-mails speak for themselves.  Ameriprise denies all remaining allegations in Paragraph 28 of the Second Amended Petition.

29. Ameriprise denies the allegations in Paragraph 29 of the Second Amended Petition.

30. Ameriprise admits only that in the summer of 2010, Versata raised the issue of Infosys' decompiling to Ameriprise.  Ameriprise denies all remaining allegations in Paragraph 30 of the Second Amended Petition.

31. Ameriprise admits that it communicated with Versata about removing Infosys Ltd. contractors from work on DCM.  Ameriprise denies all remaining allegations in Paragraph 31 of the Second Amended Petition.

32. Ameriprise admits only that it discussed the cost of removing Infosys with Versata as one of several concerns.  Ameriprise denies all remaining allegations in Paragraph 32 of the Second Amended Petition.

33. Ameriprise admits that Ameriprise employees discussed with Versata personnel replacing some Infosys contractors who were working on DCM with contractors from TCS. Ameriprise denies all remaining allegations in Paragraph 33 of the Second Amended Petition.

34. Ameriprise admits that it received a letter dated August 11, 2011 from Versata relating to TCS, respectfully refers the Court to the August 11, 2011 letter for its complete and accurate contents and denies any allegation in Paragraph 34 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the written letter. Ameriprise denies all remaining allegations in Paragraph 34 of the Second Amended Petition.

35. Ameriprise admits the allegations set forth in Paragraph 35 of the Second Amended Petition.

36. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Petition.

37. Ameriprise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Second Amended Petition.

38. Ameriprise denies the allegations set forth in Paragraph 38 of the Second Amended Petition.

39. Ameriprise admits that Versata sent a letter to Ameriprise purporting to provide notice of termination dated September 17, 2012. Ameriprise denies all remaining allegations set forth in Paragraph 39 of the Second Amended Petition.

40. Ameriprise respectfully refers the Court to the September 17, 2012 letter for its complete and accurate contents and denies any allegation in Paragraph 40 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the language in the September 17, 2012.

41. Ameriprise denies the allegations in Paragraph 41 of the Second Amended Petition.

42. Ameriprise denies the allegations in Paragraph 42 of the Second Amended Petition.

43. Ameriprise denies the rest of the allegations in Paragraph 43 of the Second Amended Petition.

44. Ameriprise denies the allegations in Paragraph 44 of the Second Amended Petition.

### **RESPONSE TO BREACH OF CONTRACT (NON-PERMITTED CONTRACTOR) (COUNT A)**

45. Ameriprise restates and re-alleges the responses set forth in Paragraphs 1-44 above and incorporates them by reference as if fully set forth herein.

46. Ameriprise admits that American Express Financial Corporation and Trilogy Software, Inc. entered into a MLA effective October 4, 1999. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 46 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the language in the MLA

47. Ameriprise respectfully refers the Court to the MLA for its complete and accurate contents and denies any allegation in Paragraph 47 of the Second Amended Petition that misquotes, mischaracterizes, omits in any way, or deviates from the language in the MLA. Ameriprise states that the allegations in Paragraph 47 of the Second Amended Petition assert legal conclusions to which no response is required. To the extent a response is required, Ameriprise denies the allegations in Paragraph 47 of the Second Amended Petition.

48. Ameriprise denies the allegations in Paragraph 48 of the Second Amended Petition.

49. Ameriprise denies the allegations in Paragraph 49 of the Second Amended Petition.

50. Ameriprise denies the allegations in Paragraph 50 of the Second Amended Petition.

51. Ameriprise denies the allegations in Paragraph 51 of the Second Amended Petition.

### RESPONSE TO SPECIFIC PERFORMANCE (COUNT B)

52. Ameriprise restates and re-alleges the responses set forth in Paragraphs 1-51 above and incorporates them by reference as if fully set forth herein.

53. Ameriprise denies the allegations set forth in Paragraph 53 of the Second Amended Petition.

54. Ameriprise admits only that it continues to use the DCM software and denies the allegations set forth in Paragraph 54 of the Second Amended Petition.

55. Ameriprise denies the allegations in Paragraph 55 of the Second Amended Petition to the extent that such allegations require a response.

### RESPONSE TO DECLARATORY JUDGMENT (COUNT C)

56. Ameriprise restates and re-alleges the responses set forth in Paragraphs 1-55 above and incorporates them by reference as if fully set forth herein.

57. Ameriprise states that the allegations in Paragraph 57 of the Second Amended Petition assert legal conclusions to which no response is required. To the extent that such a

response is required, Ameriprise denies the allegations in Paragraph 57 of the Second Amended Petition.

### RESPONSE TO ATTORNEYS' FEES (COUNT D)

58. Ameriprise restates and re-alleges the responses set forth in Paragraphs 1-57 above and incorporates them by reference as if fully set forth herein.

59. Ameriprise denies the allegations set forth in Paragraph 59 of the Second Amended Petition.

### RESPONSE TO APPLICATION FOR PERMANENT INJUNCTION

60. Ameriprise restates and re-alleges the responses set forth in Paragraphs 1-59 above and incorporates them by reference as if fully set forth herein.

61. Ameriprise denies the allegations set forth in Paragraph 61 of the Second Amended Petition.

### RESPONSE TO JURY DEMAND

62. Ameriprise admits that a jury has been demanded by Versata on the face of its pleading, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning payment of the appropriate jury fee.

### RESPONSE TO PRAYER FOR RELIEF

63. To the extent that such a response is required, Ameriprise denies the allegations in the unnumbered paragraph entitled "Prayer for Relief" of the Second Amended Petition.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Petition fails to state a claim against Defendants, or any of them, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Ameriprise asserts that Plaintiffs claims are barred, in whole or in part, because Versata's DCM Version 3.9 software licensed to Ameriprise is subject to and governed by Version 2 of the GNU General Public License and, therefore, Ameriprise is entitled, pursuant to the terms of Version 2 of the GNU General Public License, to obtain and freely use the source and object code versions of DCM Version 3.9 subject to the terms and conditions of the GPL.  Additional details of this claim are set forth in Ameriprise's June 21, 2012 expert disclosures for Dr. John Collins, the June 26, 2013 Deposition of Dr. John Collins, the Motion for Partial Summary Judgment filed by Defendants on July 24, 2013, and Defendants' Amended Counterclaim.

**THIRD AFFIRMATIVE DEFENSE**

Ameriprise asserts that Plaintiffs' breach of contract claim and specific performance claim are barred in whole or in part because they are preempted by copyright law.  Specifically, Ameriprise asserts that the basis of Versata's breach of contract claim flows directly from Infosys Ltd.'s decompiling of more than 5,000 files, which this Court has already determined is preempted by federal copyright law in *Versata Software v. Infosys Tech. Ltd*, Case No. A-10-CA-792 Sept. 9, 2013 Order at 6-9. As pleaded in this most recent iteration of Versata's petition against Ameriprise, Versata alleges that "in late 2012 Versata discovered the scope of Infosys' theft . . . 5,000 decompiled source code files . . ."  Second Am. Pet. ¶12.  While Versata has attempted to artfully plead around this Court's September Order by removing most references to decompiling from the Second Amended Petition, Versata cannot hide the fact that at base, its breach of contract claim against Ameriprise is still premised on Infosys Ltd.'s decompiling. *Id*. at ¶¶ 12, 22, 23, 30, 36, 37.  Because Versata's breach of contract claim is fundamentally

premised on Infosys' decompiling, an act and basis this Court has already determined is preempted, Versata's breach of contract claim against Ameriprise is also preempted.

Whether Infosys or TCS were "permitted contractors" is also preempted for the same reason this Court found the contract claims against Infosys preempted in its Sept. 9, 2013 Order—whether Ameriprise is precluded from providing the software to a vendor (like Infosys or TCS) and whether that vendor is prohibited from accessing the software is a copyright claim, not a contract claim.

Versata's claim for specific performance is similarly preempted by copyright law.  In essence, Versata repeatedly pleads that Ameriprise has been using Versata's software *"**without a license.**"*  *Id.* at ¶¶13 (emphasis in original), 24, 42, 43, 53, 54.   Versata seeks to enforce a contract that requires Ameriprise to stop using software—a remedy for the alleged infringement. These are all claims under the Copyright Act and federal law.

### FOURTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of the contract between Plaintiffs and Ameriprise.

### FIFTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel (including quasi-estoppel, promissory estoppel and equitable estoppel).  Ameriprise alleges that the Second Amended Petition and each purported cause of action therein is barred, in whole or in part, because by their conduct, representations, and omissions, Plaintiffs are estopped from asserting any claim for relief against these Defendants respecting the matters which are the subject of the Second Amended Petition.

### SIXTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.  Ameriprise alleges that the Second Amended Petition and each purported cause of action therein is barred, in whole or in part, because by their conduct, representations, and omissions, Plaintiffs have voluntarily waived, relinquished, and/or abandoned all claims for relief against Ameriprise

### SEVENTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, due to the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, due to laches and unreasonable delay.

### NINETH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

Pleading in the alternative, Ameriprise asserts that Plaintiffs' claims are barred, in whole or in part, by the doctrine of recoupment so as to lessen or defeat Plaintiffs' claims.  Specifically,

but without limiting this defense, Ameriprise asserts that Plaintiffs breached their warranties to Ameriprise, that those warranties and Ameriprise's claim concerning those warranties arise from the same transaction as Plaintiffs' claims, and that the breach of warranty goes to the foundation of Plaintiffs' claims.

## DENIAL OF CONDITION PRECEDENT

Pursuant to Federal Rule of Civil Procedure 9(c), Ameriprise denies that Plaintiffs have satisfied all conditions precedent to suit. Specifically, but without limitations, Ameriprise pleads that Plaintiffs have failed to satisfy the condition precedent of providing notice to Ameriprise of any alleged breach of contract in the manner required by the contract and by applicable law. Ameriprise pleads, without limitation, that Plaintiffs failed to provide notice of any of their claims to the proper parties or to the proper notice address as required by the parties' contract and failed in any purported notice sent to provide notice of all of the grounds for its claims and failed to provide a meaningful or genuine opportunity to cure any alleged breach as to those grounds cited in the purported notice. Further, Plaintiffs requested in their purported notice letter that the parties mediate these issues, a mediation was commenced, and under applicable New York law a new notice must thereafter have been sent. No such notice purported or otherwise, was sent at all.

## PRAYER FOR RELIEF

WHEREFORE, Ameriprise requests that this Court enter a judgment and decree against Versata as follows:

(a) Temporarily and permanently enjoining Versata from taking any actions adverse to Ameriprise with respect to its purported termination of the Agreement as more specifically set forth above;

(b)  Ordering specific performance and a permanent injunction compelling Versata to escrow and/or deliver to Ameriprise materials that should have been escrowed as specifically set forth above;

(c)  Ordering specific performance and a permanent injunction compelling Versata to deliver to Ameriprise source code and related materials as specifically set forth above;

(d)  Declaring that as a result of Versata's breaches of contract, Ameriprise is entitled to a perpetual license to use the Product, Documentation and any other items provided hereunder without further charge or fee," pursuant to section 12.2 of the Agreement and is entitled to obtain and use, enhance, modify, and customize, all versions of DCM, including source code and all related documentation that were, or should have been, escrowed;

(e)  Declaring that Ameriprise is entitled to employ as contractors, to help enhance and maintain the DCM, at least the following companies:  Cognizant Technology Solutions; Syntel, Inc.; Infosys Technologies, Ltd.; and Tata Consultancy Services;

(f)  Declaring that that DCM 3.9 is a work based on Ximpleware's software within the meaning of the applicable GNU General Public License;

(g)  Declaring that Ameriprise is entitled, pursuant to the terms of the applicable GNU General Public License, to obtain and freely use the source code for DCM Version 3.9 subject to the terms and conditions of the GPL;

(h)  Imposing a constructive trust protecting Ameriprise's investment in DCM;

(i)  Awarding damages in an amount to be proven at trial, which damages sought are within the jurisdictional limits of the Court;

(j)  Attorneys' fees and costs to the extent recoverable pursuant to applicable law;

    (k)    Awarding Ameriprise its costs of court;

    (l)    Awarding Ameriprise pre and post judgment interest; and

    (m)    Awarding Ameriprise such other and further general relief, at law or in equity, to which Ameriprise may be entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Phone: (512) 495-6300
Fax:  (512) 474-0731

By    /s/ Christopher D. Sileo
       Steve McConnico
       Texas Bar No. 13450300
       E-Mail:  smcconnico@scottdoug.com
       Christopher D. Sileo
       Texas Bar No. 24027977
       E-Mail:  csileo@scottdoug.com

**Of Counsel:**
       DORSEY & WHITNEY LLP
       Greg S. Tamkin (CO ID # 027105)
       Suite 400, 1400 Wewatta Street
       Denver, Colorado 80202-5549
       (303) 629-3400 (Telephone)
       (303) 629-3450 (Facsimile)
       tamkin.greg@dorsey.com

DORSEY & WHITNEY LLP
Theresa Bevilacqua (MN ID # 31500X)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
bevilacqua.theresa@dorsey.com

*ATTORNEYS FOR DEFENDANTS*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on January 16, 2014.

Patton G. Lochridge                     *VIA EMAIL AND ECF*
Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, No. 2100
Austin, Texas

Amir Alavi                              *VIA EMAIL AND ECF*
Steve Mitby
Ben Foster
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC
1221 McKinney Street, No. 3460
Houston, Texas 77010


/s/ Christopher D. Sileo
Christopher D. Sileo

1063521