IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 MAR 11  AM 10: 38

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

VERSATA SOFTWARE, INC., f/k/a Trilogy
Software, Inc.; and VERSATA DEVELOPMENT
GROUP, INC., f/k/a Trilogy Development Group,
Inc.,

                    Plaintiffs,

-vs-                                                              Case No.  A-14-CA-12-SS

AMERIPRISE FINANCIAL, INC.; AMERIPRISE
FINANCIAL SERVICES INC.; and AMERICAN
ENTERPRISE INVESTMENT SERVICES, INC.,
                    Defendants.

_____

## O R D E R

BE IT REMEMBERED on March 7, 2014, the Court called a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Plaintiff Versata Software, Inc. and Versata Development Group, Inc.'s Motion to Remand [#5], Defendants Ameriprise Financial, Inc., Ameriprise Financial Services Inc., and American Enterprise Investment Services, Inc.'s Response [#13], and Versata's Reply [#14]; Versata's Motion for Partial Summary Judgment [#9], and Ameriprise's Response [#17]; Ameriprise's Motion for Summary Judgment [#17], Versata's Response [#21], and Ameriprise's Reply [#26]; and Versata's Motion to Consolidate Cases [#20], and Ameriprise's Response [#25]. Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court now enters the following opinion and orders resolving the summary judgment motions and REMANDING the case to state court.

### Background

This lawsuit involves two contractual agreements between three different companies, only two of which are named as parties in the pleadings. The first agreement is the "Master License Agreement" between Versata and Ameriprise. Created and signed by the parties in 1999, the MLA governs Ameriprise's use of Versata's "Distribution Channel Management" software. The MLA grants Ameriprise a nonexclusive, nontransferable, perpetual license to use the DCM software, though Ameriprise's license is contingent upon its fulfillment of various obligations. Specifically, the MLA requires Ameriprise to limit access to the highly confidential DCM software to Ameriprise employees and certain "Permitted Contractors," which are non-competitors of Versata who have signed non-disclosure agreements regarding their work on the software. Versata sued Ameriprise in Texas state court alleging Ameriprise allowed non-permitted contractors to access and work on the DCM software in violation of the MLA. Versata then purported to terminate the MLA in response to Ameriprise's breach, and demanded Ameriprise stop using and return the DCM software to Versata.

The second agreement is the "GNU General Public License," a software license granted to Versata by non-party XimpleWare Corporation. The GPL governs Versata's use of XimpleWare's "VTD-XML" software, an open-source product. "Open source" software is software whose code is made freely available to all users, allowing the public to access and modify the code on the theory a crowd-sourced product will be superior to a privately developed one. In keeping with this open source ethos, the GPL allows for free use and redistribution of VTD-XML, including in other software (i.e., the creation of a derivative work), on the condition the original licensor continues the open source trend and makes the source code freely available. In other words, the GPL is a "viral"

license in the sense the incorporation of a GPL-covered software program into a new program "infects" the new program and requires it to become open source, too. Versata allegedly incorporated VTD-XML into its DCM software at some point. As a result, Ameriprise counterclaimed in this suit and alleges Versata was required by the GPL to make the DCM source code freely available to all users, including Ameriprise and its contractors.

The case proceeded in state court and was set for trial by agreement of the parties in February 2014. On January 7, 2014, Ameriprise removed the case to this Court. According to Ameriprise, Versata's late-December invocation of copyright preemption as an affirmative defense to Ameriprise's GPL counterclaim injected a federal issue into the case. Since removal, both sides have now sought summary judgment based on copyright preemption: Versata contends the breach-of-the-GPL claim is preempted, while Ameriprise contends the breach-of-the-MLA claim is preempted. Versata has also moved to remand. In the alternative, Versata has asked the Court—assuming the case is not remanded—to consolidate this case with Versata's separate lawsuit against Infosys Technologies (one of the allegedly non-permitted Ameriprise contractors), which was filed in 2010 and is set for trial in this Court on April 21, 2014.

## Analysis

### I.        Summary Judgment Motions

### A.        Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If

the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B.      Ameriprise's Summary Judgment Motion**

Ameriprise has moved for summary judgment on Versata's breach of contract claim based on the MLA, arguing that claim is preempted by copyright law.

The Fifth Circuit employs a two-prong test "to determine whether a state-law claim is preempted by federal copyright law." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003). "First, the claim is examined to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102." *Id.* (internal quotation marks omitted). Second, "the cause of action is examined to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id.* (internal quotation marks omitted). This second prong "is commonly referred to as the 'extra element' test," because it asks whether the asserted cause of action requires proof of "one or more qualitatively different elements" than a copyright infringement claim. *Id.* (quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999)).[1]

Before turning to the two-part preemption analysis, the Court must determine what Versata's breach of contract claim actually is. Ameriprise initially interpreted the claim as relating to up to three potential breaches: (1) breach of anti-decompiling obligations; (2) breach of non-disclosure

---

[1] Stated slightly differently, "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution[,] or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992).

obligations regarding non-permitted contractors; and (3) breach of post-termination, software-return obligations. Versata has clarified it has not pleaded decompiling as a basis for its breach of contract claim. *See* Versata's Resp. [#21], at 12 ("Versata does not assert in its live pleading here that Ameriprise breached any contractual provision by decompiling its software or allowing another party to do so."). Similarly, Versata has disclaimed any breach of contract action based on disclosure to non-permitted contractors, even though Versata titled its cause of action "Breach of Contract (Non-Permitted Contractor)." *Id.* at 13 ("Versata has not sued for this breach."). Instead, Versata clarifies its claim is limited solely to the third theory: based on Ameriprise's predicate breach by disclosing DCM code to non-permitted contractors, Versata terminated the MLA; Ameriprise's alleged breach is therefore its failure to honor the MLA's requirement Ameriprise cease using and return to Versata all DCM software once the MLA is terminated. *Id.* Though perhaps inartfully pled, the Court accepts Versata's characterization of its own cause of action as consistent with the state court petition. The Court further notes Versata ought to be estopped, both legally and as a matter of professional courtesy, from taking a different position should the issue arise again before the state court (unless Versata amends its petition to specifically assert a different breach).[2]

Turning to the *Carson* two-factor test, the Court finds the first factor is met because the breach of contract claim plainly concerns rights to the DCM software under the MLA, and the DCM

---

[2] The Court recognizes, as Ameriprise suggests in its Motion for Summary Judgment, any breach based on a failure to return software will require Versata to prove a predicate breach in order to justify its termination of the MLA. But proving that predicate breach in order to recover for a distinct breach is not the same as suing to recover based on the predicate breach alone. Were Versata's claim one seeking to enforce the non-permitted contractor provision, it would rightfully be preempted, as that provision merely obligates Ameriprise not to commit copyright infringement by distributing the copyright-protected software code to others without permission. But Versata's decision *not to sue* for that predicate breach means any preemption analysis of that claim is irrelevant.

software falls within the scope of copyright law.[3] As to the second factor, the "extra element" test, Ameriprise argues there is no extra element here, and likens Versata's breach of contract claim to Versata's breach of contract claims in its lawsuit against Infosys, which this Court previously found to be preempted by copyright law. *See Versata Software, Inc. v. Infosys Techs. Ltd.*, No. 1:10-CV-792-SS, slip op. at 6–8 (W.D. Tex. Sept. 9, 2013) (order granting in part motion for summary judgment) (finding Versata's breach of contract claim against Infosys preempted, as the contract was merely a promise to not commit copyright infringement by decompiling the DCM source code). Versata disagrees, likening its claim to the conversion of tangible property claim found not to be preempted by the Fifth Circuit in *Carson*. 344 F.3d at 456–57.

Though the call is a close one, the Court concludes Versata's breach of contract claim is preempted. The rights protected by Ameriprise's promise to return the DCM software are the same rights protected by the Copyright Act: Versata's rights to prevent others from copying and distributing its protected work without permission. Because of the nature of the DCM software and Ameriprise's business, Ameriprise's ongoing use of the software is likely to result in frequent copying, reproduction, and distribution of the DCM source code to Ameriprise employees and other contractors. It is Versata's right to prevent this conduct which it seeks to enforce through its contractual return-to-sender provision. Unlike the conversion claim at issue in *Carson*, Versata's claim does not hinge on the return of specific tangible items. *See id.* at 457 (conversion claim turned on unlawful possession of physical form embodying copyright-protected work); *see also Pritikin v. Liberation Publ'ns, Inc.*, 83 F. Supp. 2d 920, 923 n.1 (N.D. Ill. 1999) (cited by the Fifth Circuit in *Carson* for the proposition "§ 301(a) [of the Copyright Act] will preempt a conversion claim where

---

[3] Versata does not contest the first prong in its Response.

the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work" (internal quotation marks omitted)). Importantly, Versata has not sued for conversion, and has not alleged a right to some physical media such as a hard drive or optical disc. Versata's rights are in the code itself, and it is Ameriprise's "unlawful retention of [Versata's] intellectual property rights" Versata finds offensive. *See Pritikin*, 83 F. Supp. 2d at 923 n.1. Versata's breach of contract claim therefore seeks to "protect[] rights that are 'equivalent' to" those granted by copyright, and its claim is therefore preempted. *See Carson*, 344 F.3d at 456.

## C.     Versata's Partial Summary Judgment Motion

In a similar vein, Versata contends Amerprise's breach of contract counterclaim based on Versata's alleged violations of the GPL are also preempted by copyright law. Versata argues the GPL amounts to nothing more than a promise to not commit copyright infringement, and Ameriprise's claim is therefore preempted. Ameriprise contends its claim is to enforce "entirely distinct, essentially opposite rights" from those created by copyright, and its claim is therefore not preempted.

The Court agrees with Ameriprise, though not because the GPL's so-called "copyleft" scheme is entirely distinct from copyright law. The GPL imposes an affirmative obligation on any license holder to make the code of any derivative work freely available and open source. If the license holder fails to comply, as Versata is alleged to have done, the GPL purports to terminate, and the license holder is potentially liable for copyright infringement for distributing or copying the software without permission. Indeed, XimpleWare currently has two copyright infringement suits against Versata pending in California based on precisely this conduct.

The "viral" component of the GPL is separate and distinct from any copyright obligation. Copyright law imposes no open source obligations, and Ameriprise has not sued Versata for infringing XimpleWare's copyright by distributing VTD-XML without permission.[4] Instead, Ameriprise has sued based on Versata's breach of an additional obligation: an affirmative promise to make its derivative work open source because it incorporated an open source program into its software. Ameriprise's claim therefore requires an "extra element" in addition to reproduction or distribution: a failure to disclose the source code of the derivative software. *See Computer Assocs. Int'l*, 982 F.3d at 716.

The presence of an additional contractual promise separate and distinct from any rights provided by the copyright laws means Ameriprise's claim is not preempted. Having found no basis for federal jurisdiction over this claim, the Court need not determine whether Ameriprise has standing to enforce the GPL as a third-party beneficiary. That argument is better addressed to a court with jurisdiction over Ameriprise's state-law claim.

## II.    Versata's Motion to Remand

Versata provides two possible avenues for remand: (1) severing Ameriprise's GPL claim (if found to be preempted) and remanding the rest of the case; or (2) resolving the summary judgment motions and then remanding because all federal issues will have been decided.

The Court takes the second approach here. Having found Ameriprise's GPL claim is not preempted, this Court lacks jurisdiction over that claim and must remand this case absent some additional basis for federal jurisdiction. Versata's preempted copyright claim could plausibly provide

---

[4] Nor could it, as Ameriprise admits, because copyrights must be enforced by the copyright holder, not an interested third party.

such a basis. The Fifth Circuit recently held the Copyright Act completely preempts certain state law claims, and such preemption "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705–06 (5th Cir. 2012) (internal quotation marks omitted). Though the Fifth Circuit did not specifically address the issue in *GlobeRanger*, the operation of the legal fiction created by the complete preemption doctrine could plausibly be read to mean a preempted state law cause of action is converted into a federal law cause of action, therefore vesting the federal courts with jurisdiction over those claims and precluding remand. This result, though logical, "is incorrect." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 309 (2d Cir. 2004); *see also GlobeRanger*, 691 F.3d at 706 (citing *Briarpatch* favorably for its holding the Copyright Act completely preempts certain state-law causes of action). As the Second Circuit explained:

> Instead, once a district court determines that a state law claim has been completely preempted and thereby assumes jurisdiction over it, the court must then dismiss the claim for failing to state a cause of action. . . . In other words, the complete preemption doctrine ensures that a federal forum will be available to decide that a plaintiff's claim is preempted; but it does not allow a federal court to decide claims that have not actually been pleaded.

*Briarpatch*, 373 F.3d at 309 (internal citations omitted); *see also Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) (finding state law claim preempted by Copyright Act, but dismissing without prejudice because plaintiff had not registered the copyright, thus depriving the federal court of jurisdiction; "This appears paradoxical, but it is the only result that makes sense.").

Accordingly, the Court finds no basis for jurisdiction in this case, and remand is required. The Court fully recognizes Versata may seek to amend its state court petition after the case is remanded, assert copyright infringement, and thus trigger a new removal. Though procedurally

-10-

inefficient, this result is mandated because Versata has not currently pleaded copyright infringement, and therefore no federal claim currently exists in this lawsuit.

**III.    Versata's Motion to Consolidate**

Having already determined remand to be the required procedure in this case, the Court will simply dismiss the motion to consolidate as moot; the Court has no authority to consolidate a federal case with a state one. However, in the event this case eventually returns to this Court, the Court notes—as expressed at the hearing—consolidation of this case and the *Infosys* case for trial on April 21, 2014 is impossible. The cases are not sufficiently related, would present needlessly complex issues to the jury, and could not be fairly tried together in the limited time this Court allotted based on its busy trial schedule and the evidentiary expectations of Versata and Infosys in their case alone.

**Conclusion**

Accordingly,

IT IS ORDERED that Plaintiff Versata Software, Inc. and Versata Development Group, Inc.'s Motion to Remand [#5] is GRANTED, and this case is REMANDED to the 53rd Judicial District Court of Travis County, Texas;

IT IS FURTHER ORDERED that Versata's Motion for Partial Summary Judgment [#9] is DENIED;

IT IS FURTHER ORDERED that Ameriprise's Motion for Summary Judgment [#17] is GRANTED;

-11-

IT IS FINALLY ORDERED that Versata's Motion to Consolidate Cases [#20] is

DISMISSED AS MOOT.

SIGNED this the _10th_ day of March 2014.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE